Kyle W. Parker, ABA No. 9212124
David J. Mayberry, ABA No. 9611062
HOLLAND & HART LLP
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska 99501
Telephone: (907) 865-2600
Facsimile: (907) 865-2680
kwparker@hollandhart.com
djmayberry@hollandhart.com

*Attorneys for Alaska Industrial Development
and Export Authority*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALATNA VILLAGE COUNCIL, *et al*., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | |
| ) | Case No. 3:20-cv-00253-SLG |
| CHAD PADGETT *et al*., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## AIDEA'S ANSWER TO FIRST AMENDED COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, proposed intervenor-defendant Alaska Industrial Development and Export Authority ("AIDEA") hereby states the following for its Answer to Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief ("Complaint").

Any factual allegation admitted in AIDEA's Answer is admitted only as to the specific fact asserted and not as to any conclusions, characterizations or inferences drawn therefrom by Plaintiffs. The denial of any factual allegation may not be construed as an

admission of the negative of such allegation. AIDEA denies each and every assertion in the Complaint, except as specifically admitted, qualified or otherwise responded to herein. AIDEA follows the format of the Complaint for ease of reference only and denies any assertion contained in any heading or other formatting of Plaintiffs' Complaint or inference drawn therefrom.

## I.    NATURE OF THE CASE

1.    AIDEA admits the first sentence of this Paragraph 1. AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 and therefore denies them.

2.    AIDEA admits that the Ambler Road is intended to provide industrial access (mining) to the Ambler Mining District. AIDEA denies the remaining allegations of Paragraph 2.

3.    Denied.

4.    Denied.

5.    Denied.

6.    The allegations of Paragraph 6 characterize Plaintiffs' case and state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

7.     The allegations of Paragraph 7 characterize Plaintiffs' case and state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

8.     Denied.

9.     The allegations of Paragraph 9 characterize Plaintiffs' case and state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations and that Plaintiffs are entitled to any relief.

## II.     JURISDICTION AND VENUE

10.     The allegations of Paragraph 10 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

11.     The allegations of Paragraph 11 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

12.     The allegations of Paragraph 12 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA admits that Defendants maintain various offices within the District of Alaska and that the Ambler Road Project will occur within the District of Alaska. AIDEA lacks knowledge and information sufficient to form a belief as to the allegation that Plaintiffs reside within the

District of Alaska and therefore deny the same. AIDEA denies any remaining allegations.

13. The allegations of Paragraph 13 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

14. The allegations of Paragraph 14 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

## III. PARTIES

### A. Plaintiffs

15. AIDEA admits that Alatna Village is recognized by and eligible to receive services from the United States Bureau of Indian Affairs. AIDEA admits that Alatna Village participated in the review process relating to the proposed Ambler Road Project, submitted comments, and served as a consulting party in the federal Defendants' NHPA § 106 review. AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15, and the allegations are therefore denied.

16. AIDEA admits that Allaket Village is recognized by and eligible to receive services from the United States Bureau of Indian Affairs. AIDEA admits that Allakaket

Village participated in the review process relating to the proposed Ambler Road Project, submitted comments, and served as a consulting party in the federal Defendants' NHPA § 106 review. AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and the allegations are therefore denied.

17. AIDEA admits that Evansville Village is recognized by and eligible to receive services from the United States Bureau of Indian Affairs. AIDEA admits that Evansville Village participated in the review process relating to the proposed Ambler Road Project, submitted comments, and served as a consulting party in the federal Defendants' NHPA § 106 review. AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and the allegations are therefore denied.

18. AIDEA admits that Huslia Village is recognized by and eligible to receive services from the United States Bureau of Indian Affairs. AIDEA admits that Huslia Village participated in the review process relating to the proposed Ambler Road Project, submitted comments, and served as a consulting party in the federal Defendants' NHPA § 106 review. AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and the allegations are therefore denied.

19.     AIDEA admits that the Native Village of Tanana is recognized by and eligible to receive services from the United States Bureau of Indian Affairs.  AIDEA admits that Native Village of Tanana participated in the review process relating to the proposed Ambler Road Project, submitted comments, and served as a consulting party in the federal Defendants' NHPA § 106 review.  AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and the allegations are therefore denied.

20.     AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

21.     Regarding the first, second and third sentences of Paragraph 22, AIDEA admits that the geographic area of the TCC region is defined at 43 U.S.C. § 1606(a)(5) and that the Fairbanks North Star Borough lies within the TCC region.  AIDEA denies the remaining allegations in the first, second and third sentences of Paragraph 22. AIDEA admits the fourth and fifth sentences of Paragraph 22.

22.     AIDEA admits that TCC participated in the review process relating to the proposed Ambler Road Project, submitted comments, and served as a consulting party in Defendants' NHPA § 106 review.  The remaining allegations of Paragraph 23 purport to characterize comments made by TCC, which speak for themselves.  Any allegations inconsistent with their plain meaning are denied.

23. AIDEA admits the allegations of the first sentence of Paragraph 24. AIDEA admits the allegations of the second sentence of Paragraph 24 that Tribal members testified at the public hearings relating to the Ambler Road Project. To the extent the allegations of Paragraph 24 purport to characterize such testimony, the testimony speaks for itself. Any allegations inconsistent with its plain meaning are denied. AIDEA admits the allegations of the third sentence of Paragraph 24.

24. The allegations of Paragraph 25 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

25. The allegations of Paragraph 26 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations. AIDEA denies that federal Defendants' consultation and reviews were deficient in any way.

26. The allegations of Paragraph 27 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations. AIDEA denies that federal Defendants' decisions and reviews were deficient in any way.

27.     The allegations of Paragraph 28 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.  AIDEA denies that federal Defendants' decisions were deficient in any way.

**B.     Defendants**

28.     Admitted.

29.     AIDEA admits the allegations of the first sentence of Paragraph 30.  In response to the allegations of the second and third sentences of Paragraph 30, AIDEA admits that Casey Hammond is the Principal Deputy Assistant Secretary for Land and Minerals Management ("PDAS"); and that under both the DOI Departmental Manual (209 DM 7.3A) and DOI's succession order for the Assistant Secretary for Land and Minerals ("ASLM") position, the PDAS is authorized to exercise the non-exclusive delegated authority for the ASLM when there is a vacancy; that the ASLM exercises Secretarial direction and supervision over the Bureau of Land Management, Bureau of Ocean Energy Management, Bureau of Safety and Environmental Enforcement, and the Office of Surface Mining Reclamation and Enforcement; and aver the referenced entities are "bureaus" within the Department of the Interior.  AIDEA denies the remaining allegations in the second and third sentences.  In response to the allegations of the fourth sentence of Paragraph 30, AIDEA admits that Casey Hammond is an agency official who signed the referenced ROD.  Regarding the remaining allegations of the fourth sentence

of Paragraph 30, the term "contends" is ambiguous and AIDEA therefore denies the allegations.

30.     Admitted.

31.     Admitted.

32.     Admitted.

33.     Admitted.

34.     Admitted.

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     AIDEA admits the allegations of the first and second sentences of Paragraph 39. The remainder of this paragraph states legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

39.     Admitted.

## IV.     STATEMENT OF FACTS

40.     AIDEA admits the allegation of the first sentence of Paragraph 41 that Athabascan people have long occupied Interior Alaska. Regarding the remaining allegation of the first sentence of Paragraph 41, the term "thrived" is ambiguous and

AIDEA therefore denies the allegation. AIDEA admits the allegations of the remaining sentences of Paragraph 41.

41.     AIDEA admits the allegations of the first and second sentences of Paragraph 42. AIDEA admits the allegations of the third sentence of Paragraph 42 that Inupiat people have utilized the referenced resources for subsistence purposes. Regarding the remaining allegations of the third sentence of Paragraph 42, the terms "depend" and "where available" are ambiguous and AIDEA therefore denies the allegations. Regarding the allegations of the fifth sentence of Paragraph 42, the term "intimately" is ambiguous and AIDEA therefore denies the allegations. AIDEA admits the allegations of the sixth sentence of Paragraph 42.

42.     Regarding the allegations of Paragraph 43, the terms "stewardship[,]" "intact" and "vibrant" are ambiguous and AIDEA therefore denies the allegations in Paragraph 43.

43.     Regarding the allegations of the first sentence of Paragraph 44, AIDEA admits that a large herd(s) of caribou can be found within Interior Alaska, including the Western Arctic herd, and that hunting of these caribou occurs for subsistence and other uses. Regarding the second sentence of Paragraph 44, the term "key resource" is ambiguous and AIDEA therefore denies the allegations in the second sentence of Paragraph 44.

44.    AIDEA admits the allegations of the first sentence of Paragraph 45. Regarding the allegations of the second sentence of Paragraph 45, AIDEA admits that fish, including salmon and sheefish, have long been important resources for subsistence uses in Interior Alaska, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations that fish have provided the "greatest quantity" of such resources for "thousands of years" and on that basis denies them.    AIDEA admits the allegations of the third and fourth sentences of Paragraph 45.

45.    AIDEA admits the allegations of the first sentence of Paragraph 46 that the region of the Southern Brooks Range contains rivers, lakes, wetlands and forests and reflects rich biodiversity and cultural values.  Regarding the remaining allegations of the first sentence of Paragraph 46, the terms "[m]ore generally[,]" "world-renowned" and "extensive" are ambiguous and AIDEA therefore denies the allegations.  Regarding the allegations of the second sentence of Paragraph 46, AIDEA admits that the Kobuk Wild River, Alatna River, Selawik Wild River, Tinayguk Wild River, Yukon River, and Tanana River are located within the region of Interior Alaska south of the Brooks Range. Regarding the remaining allegations of the second sentence or Paragraph 46 the terms "majestic" and "mighty" are ambiguous and AIDEA therefore denies the allegations. Regarding the third sentence of Paragraph 46, AIDEA admits that the Kobuk Valley National Park, Kobuk National Preserve, Noatak National Preserve, Selawik National

Wildlife Refuge, Koyukuk National Wildlife Refuge, Kanuti National Wildlife Refuge, and Yukon Flats National Wildlife Refuge are located in the region. Regarding the remaining allegations of the third sentence of Paragraph 46 the terms "exceptional" and "abundant" are ambiguous and AIDEA therefore denies the allegations.

46. Admitted.

47. Admitted.

48. Admitted.

49. The allegations in the first sentence of Paragraph 50 purport to characterize statements made by AIDEA, which speak for themselves. Any allegations inconsistent with their plain language denied. The allegations in the second sentence of Paragraph 50 are admitted.

50. Paragraph 51 purports to characterize the Joint BLM-Corps ROD, which speaks for itself. Any allegations contrary to its plain meaning are denied.

51. Paragraph 52 purports to characterize the EIS, which speaks for itself. Any allegations contrary to its plain meaning are denied.

52. Paragraph 53 purports to characterize Appendix H to the EIS, which speaks for itself. Any allegations contrary to its plain meaning are denied.

53. AIDEA admits the allegation of the first sentence of Paragraph 54 that the Ambler Road Project would introduce an industrial road corridor into a project area that

is largely undeveloped. Regarding the remaining allegations of the first sentence of Paragraph 54, the terms "heart[,]" "depend" and "wild abundance" are ambiguous and AIDEA therefore denies the allegations. Regarding the allegations of the second sentence of Paragraph 54, the terms "pioneering[,]" "roadless area" and "disruptions" are ambiguous and AIDEA therefore denies the allegations. AIDEA admits the allegation of the third sentence of Paragraph 54 that the Project has the potential to cause impacts to the human environment. Regarding the remaining allegations of the second sentence of Paragraph 54, the terms "devastating" and "depend" are ambiguous and AIDEA therefore denies the allegations. AIDEA denies the allegations of the fourth sentence of Paragraph 54.

54. AIDEA admits the allegations of Paragraph 55 insofar as they describe potential impacts to caribou in the abstract, but denies any allegations that Defendants failed to consider such impacts or that the Ambler Road Project analysis and disclosure was deficient in any way.

55. AIDEA admits the allegations of Paragraph 56 that impacts to caribou habitat in the abstract can include habitat loss, degradation, contamination and fragmentation, but otherwise denies the allegations that Defendants failed to consider such impacts or that the Ambler Road project analysis and disclosure was deficient in any way.

56.     Regarding the allegations of Paragraph 57, the term "such impacts" is ambiguous and AIDEA therefore denies the allegations.

57.     Regarding the allegations of the first sentence of Paragraph 58, AIDEA admits that the construction of the Ambler Road may eventually facilitate hard rock mining, gravel extraction and development of secondary access roads where mining is conducted, and that the study area for the Ambler Road project with respect to fish contains several streams designated as "essential fish habitat" pursuant to the Magnuson-Stevens Fishery Conservation and Management Act for chinook, chum, coho, and sockeye salmon. The terms "large-scale[,]" "extensive[,]" "network of secondary access roads[,]" "essential[,]" and "close proximity" are ambiguous and AIDEA therefore denies the remainder of the allegations of the first sentence. Regarding the allegations of the second sentence of Paragraph 58, the terms "some[,]" "most important and vulnerable" and "proposed mining locations" are ambiguous and AIDEA therefore denies the allegations.

58.     AIDEA admits the allegations of the first sentence of Paragraph 59 that the Ambler Road Project contemplates dozens of bridges, thousands of culverts, about 44 material sites, vegetation clearing and soil compaction along the length of a 211 mile road, and otherwise denies the allegations. AIDEA admits the allegation of the second

sentence of Paragraph 59 that these Project elements may result in impacts to the human environment, and otherwise denies the allegations.

59. Regarding the allegations of Paragraph 60, AIDEA admits that hard rock mining typically involves soil and rock movement, pumping and dewatering, and transportation and utilization of diesel fuels and toxic chemicals, and that hard rock mining has the potential to cause dispersal of toxic fugitive dust and releases of acid mine drainage through drilling, leaching and potential tailings dam failures. The terms "mining facilitated by[,]" "massive[,]" "large quantities[,]" "large scale[,]" and "destructive" are ambiguous and AIDEA therefore denies the remainder of the allegations.

60. Regarding the allegation of the first sentence of Paragraph 61, AIDEA admits that the allegations of Paragraph 61 describe potential impacts to fish and fish habitat in the abstract, but denies any allegations that federal Defendants failed to consider potential impacts to fish and fish habitat or that the Ambler Road Project analysis and disclosure was deficient in any way. AIDEA denies the allegations of the second sentence of Paragraph 61. Regarding the allegations of the third sentence of Paragraph 61, the term "such impacts" is ambiguous and AIDEA therefore denies the allegations.

61.     Regarding the allegations of the first sentence of Paragraph 62, AIDEA admits that the allegations describe potential impacts to drinking water in the abstract, but denies any allegations that Defendants failed to consider such impacts or that the Ambler Road Project analysis and disclosure was deficient in any way.  The allegations of the second sentence of Paragraph 62 purport to characterize the Final EIS, which speaks for itself.  Any allegations contrary to its plain meaning are denied.

62.     Regarding the allegations of Paragraph 63, AIDEA admits that the allegations describe potential impacts to fish, surface waters and drinking water in the abstract, but denies any allegations that federal Defendants failed to consider such impacts or that the Ambler Road Project analysis and disclosure was deficient in any way.

63.     Regarding the allegations of Paragraph 64, the term "such impacts" is ambiguous and AIDEA therefore denies the allegations.

64.     Denied.

65.     Regarding the allegations of the first sentence of Paragraph 66, the phrase "some of the most widespread and long-lasting harm" is ambiguous and AIDEA therefore denies the allegations.  AIDEA admits the allegations of the second and third sentences of Paragraph 66 that fugitive dust impacts might occur but denies that such impacts were not considered and denies that the federal Defendants' analysis of the

Ambler Road Project was deficient in any way. Regarding the allegations of the fourth sentence of Paragraph 66, the terms "high-value" and "most at risk" are ambiguous and AIDEA therefore denies the allegations.

66. AIDEA admits that the allegations of the first sentence of Paragraph 67 describe potential impacts to wetlands and vegetation in the abstract but denies any allegations that federal Defendants failed to consider such impacts or that the Ambler Road Project analysis and disclosure was deficient in any way. AIDEA denies the allegations of the second sentence of Paragraph 67.

67. Regarding the allegations of Paragraph 68, the term "such impacts" is ambiguous and AIDEA therefore denies the allegations.

68. AIDEA denies the allegations of the first sentence of Paragraph 69. Regarding the second sentence of Paragraph 69, the phrase "these communities" is ambiguous and AIDEA therefore denies the allegations. AIDEA admits that despite challenges, many of the communities in the area studied for the Ambler Road Project have remained stable and resilient through a mixed economy which revolves around subsistence hunting and harvesting. AIDEA admits the allegation of the third sentence of Paragraph 69 that the Ambler Road Project contemplates eventual construction of an industrial road in a largely undeveloped area, and otherwise denies the allegations.

69.     AIDEA admits that the allegations of Paragraph 70 describe potential impacts to various social attributes and functions in the abstract but denies any allegations that federal Defendants failed to consider such impacts or that the Ambler Road Project analysis and disclosure was deficient in any way.

70.     Regarding the allegations of the first and second sentences of Paragraph 71, AIDEA is without sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies them. The phrase "short- or long-term declines in the subsistence way of life" is ambiguous and AIDEA therefore denies the remainder of the allegations of the second sentence. Regarding the allegations of the third sentence of Paragraph 71, the terms "[d]isruptions to subsistence[,]" and "high costs" are ambiguous and AIDEA therefore denies the allegations.

71.     Regarding the allegations of Paragraph 72, the term "such impacts" is ambiguous and AIDEA therefore denies the allegations.

72.     AIDEA denies the allegations of the first sentence of Paragraph 73. Regarding the allegations of the second sentence of Paragraph 73, the term "widely recognized" is ambiguous and AIDEA therefore denies the allegations.

73.     AIDEA admits that the allegations of Paragraph 74 describe potential impacts identified in the EIS and/or through public comment to health in the abstract, but

denies any allegations that federal Defendants failed to consider such impacts or that the Ambler Road Project analysis and disclosure was deficient in any way.

74. AIDEA admits that the allegations of Paragraph 75 describe potential impacts identified in the EIS and/or through public comment to health in the abstract, but denies any allegations that federal Defendants failed to consider such impacts or that the Ambler Road Project analysis and disclosure was deficient in any way.

75. AIDEA admits that the allegations of Paragraph 76 describe potential impacts identified in the EIS and/or through public comment to health in the abstract, but denies any allegations that federal Defendants failed to consider such impacts or that the Ambler Road Project analysis and disclosure was deficient in any way.

76. AIDEA admits that the allegations of the first, second and third sentences of Paragraph 77 describe potential impacts identified in the EIS and/or through public comment to health in the abstract, but denies any allegations that federal Defendants failed to consider such impacts or that the Ambler Road Project analysis and disclosure was deficient in any way. AIDEA denies the allegations of the fourth sentence of Paragraph 77.

77. Regarding the allegations of Paragraph 78, the term "such impacts" is ambiguous and AIDEA therefore denies the allegations.

78.     Regarding the allegations of Paragraph 79, the term "adversely affect" is ambiguous and AIDEA therefore denies the allegations.

79.     The allegations of Paragraph 80 purport to characterize a document, *The Secretary of Interior's Standards for the Treatment of Historic Properties with Guidelines for the Treatment of Cultural Landscapes*, which speaks for itself. Any allegations contrary to its plain meaning are denied.

80.     AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 81 and therefore they are denied.

81.     Regarding the allegations of Paragraph 82, the term "such impacts" is ambiguous and AIDEA therefore denies the allegations.

82.     Regarding the allegations of Paragraph 83, AIDEA admits that it submitted an application to Defendants in November 2015. To the extent the allegations of Paragraph 83 purport to characterize that application, it speaks for itself. Any allegations contrary to its plain meaning are denied.

83.     The allegations of Paragraph 84 purport to characterize statements by AIDEA and comments by the public, which speak for themselves. Any allegations contrary to their plain meaning are denied.

84.     Admitted.

85.     The allegations of Paragraph 86 purport to characterize determinations made by Defendants, which speak for themselves.  Any allegations contrary to their plain meaning are denied.

86.     Regarding the first and second sentence of Paragraph 87, AIDEA admits that it submitted a revised permit application in June 2016.  The remaining allegations of the first and second sentences of Paragraph 87 purport to characterize the revised permit application, which speaks for itself.  Any allegations contrary to its plain meaning are denied.  The third sentence of Paragraph 87 purports to characterize determinations by BLM, NPS, and the Corps, which speak for themselves.  Any allegations contrary to their plain meaning are denied.

87.     Admitted.

88.     Admitted.

89.     Admitted.

90.     Admitted.

91.     Admitted, with the qualification that NHPA consultation meetings did not stop in November 2019.

92.     Admitted with the qualification that public comments were also accepted from August 2019 through October 2019, and additional public meetings were held during September and October 2019.

93.     Admitted.

94.     Regarding the first and second sentences of Paragraph 95, AIDEA admits that it submitted a revised permit application to the Corps in February 2020. The remaining allegations of the first and second sentences of Paragraph 95 purport to characterize the revised permit application to the Corps and the application to the BLM, which applications speak for themselves. Any allegations contrary to their plain meaning are denied. AIDEA admits the allegations of the third sentence of Paragraph 95 that the Corps did not publish a new or revised public notice, seek additional public comment, or prepare a supplemental EIS, and otherwise denies the allegations. AIDEA admits the allegations of the fourth sentence of Paragraph 95.

95.     AIDEA admits the allegations of the first sentence of Paragraph 96. The remaining allegations of Paragraph 96 purport to characterize the Final EIS and its appendices, which speak for themselves. Any allegations contrary to their plain meaning are denied.

96.     The allegations of Paragraph 97 purport to characterize two documents, the NHPA § 106 Programmatic Agreement and the Cultural Resource Management Plan, which speak for themselves. Any allegations contrary to their plain meaning are denied.

97.     Regarding the allegations of Paragraph 98, AIDEA admits that BLM and the Corps issued the Joint BLM-Corps ROD for the Ambler Road Project on July 23,

2020. The allegations of the second sentence of Paragraph 98 purport to characterize the Joint BLM-Corps ROD, which speaks for itself. Any allegations contrary to its plain meaning are denied. AIDEA admits the allegation of the third sentence.

98. The allegations of Paragraph 99 purport to characterize a document, the Joint BLM-Corps ROD, which speaks for itself. Any allegations contrary to its plain meaning are denied.

99. The allegations of Paragraph 100 purport to characterize a document, the Joint BLM-Corps ROD, which speaks for itself. Any allegations contrary to its plain meaning are denied.

100. The allegations in Paragraph 101 purport to characterize a document, the Joint BLM-Corps ROD, which speaks for itself. Any allegations contrary to its plain meaning are denied.

101. Regarding the allegations of the first sentence of Paragraph 102, the term "very different" is ambiguous and AIDEA therefore denies the allegations. The remaining allegations of Paragraph 102 purport to characterize the Corps decision within the Joint BLM-Corps ROD, which speaks for itself. Any allegations contrary to its plain meaning are denied.

102.    The allegations of Paragraph 103 purport to characterize the Joint BLM-Corps ROD, which speaks for itself.  Any allegations contrary to its plain meaning are denied.

103.    The allegations of Paragraph 104 purport to characterize the Joint BLM-Corps ROD, which speaks for itself.  Any allegations contrary to its plain meaning are denied.

104.    Admitted.

105.    AIDEA admits the allegations of the first sentence of Paragraph 106 that at least some of Plaintiffs' members participated in the enumerated stages of the planning process, and otherwise denies the allegations.  AIDEA admits the allegations of the second sentence of Paragraph 106.

106.    Denied.

107.    AIDEA denies the allegations of the first sentence of Paragraph 108. The remaining allegations of Paragraph 108 purport to characterize statements made by AIDEA Board Chair Dana Pruhs at an AIDEA Board Meeting on April 15, 2020, which speak for themselves.  Any allegations contrary to their plain meaning are denied.

108.    Regarding the first sentence of Paragraph 109, AIDEA admits that the statements were made by  its representative.  AIDEA denies the remaining allegations of

the first sentence of Paragraph 109.  AIDEA denies the allegations of the second sentence of Paragraph 109.

109.    Denied.

110.    Regarding the allegations of the first sentence of Paragraph 111, AIDEA admits that the Ambler Road Project has not yet received authorization to traverse approximately 158 miles of State-owned and Native corporation-owned lands.  AIDEA denies the remaining allegations of the first sentence of Paragraph 111.  The allegations of the second sentence of Paragraph 111 purport to characterize a letter written by Doyon Limited, which speaks for itself.  Any allegations contrary to its plain meaning are denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    The allegations of Paragraph 116 purport to characterize the Joint BLM-Corps ROD, which speaks for itself.  Any allegations contrary to its plain meaning are denied.

116.    The allegations of Paragraph 117 purport to characterize the DOI Department Manual, which speaks for itself.  Any allegations contrary to its plain meaning are denied.

117.    The allegations of the first and second sentences of Paragraph 118 purport to characterize Secretarial Order 3345, which speaks for itself.  Any allegations contrary to its plain meaning are denied.  Regarding the third sentence of Paragraph 118, AIDEA admits that Secretarial Order 3345 was not extended and notes that the same delegated authority existed and was derived from another legally sufficient source, the Departmental Manual, at all relevant periods of time.  AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of the third sentence of Paragraph 118, and on that basis denies them.  The allegations of the fourth sentence of Paragraph 118 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

118.    The allegations of Paragraph 119 constitute legal conclusions to which no response is required, and to the extent a response is required, they are denied.

119.    The allegations of the first sentence of Paragraph 120 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.  AIDEA admits the allegations of the second sentence of paragraph 120, and further notes that 209 DM 7.3A expressly delegates the authority of

the Assistant Secretary to the Deputy Assistant Secretary in the absence of an Assistant Secretary. AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the third sentence of Paragraph 120, and on that basis denies them.

## V. LEGAL FRAMEWORK AND AGENCY PROCESS

120. The allegations of this paragraph state legal conclusions and purport to characterize the ANILCA, which speaks for itself. Any allegations inconsistent with ANILCA are denied.

121. The allegations of this paragraph state legal conclusions and purport to characterize the ANILCA, which speaks for itself. Any allegations inconsistent with ANILCA are denied.

122. The allegations of this paragraph state legal conclusions and purport to characterize the ANILCA, which speaks for itself. Any allegations inconsistent with ANILCA are denied.

123. The allegations of this paragraph state legal conclusions and purport to characterize the ANILCA, which speaks for itself. Any allegations inconsistent with ANILCA are denied.

124. The allegations of this paragraph state legal conclusions and purport to characterize the ANILCA, which speaks for itself. Any allegations inconsistent with ANILCA are denied.

125. The allegations of this paragraph state legal conclusions and purport to characterize the ANILCA, which speaks for itself. Any allegations inconsistent with ANILCA are denied.

126. The allegations of the first and second sentences of this paragraph state legal conclusions and purport to characterize the ANILCA, which speaks for itself. Any allegations inconsistent with ANILCA are denied. The allegations of the third sentence of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, they are denied.

127. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, they are denied.

128. The allegations of this paragraph state legal conclusions and purport to characterize ANILCA, which speaks for itself. Any allegations inconsistent with NEPA are denied.

129. The allegations of this paragraph state legal conclusions and purport to characterize ANILCA, which speaks for itself. Any allegations inconsistent with NEPA are denied.

130. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, they are denied.

131. The allegations of this paragraph state legal conclusions and purport to characterize ANILCA, which speaks for itself. Any allegations inconsistent with ANILCA are denied.

132. The allegations of this paragraph state legal conclusions and purport to characterize ANILCA, which speaks for itself. Any allegations inconsistent with ANILCA are denied.

133. The allegations of this paragraph state legal conclusions and purport to characterize ANILCA, which speaks for itself. Any allegations inconsistent with ANILCA are denied.

134. The allegations of this paragraph state legal conclusions and purport to characterize ANILCA, which speaks for itself. Any allegations inconsistent with ANILCA are denied.

135. Admitted.

136. The allegations of this paragraph state legal conclusions and purport to characterize National Park Service Organic Act ("NPSOA"), which speaks for itself. Any allegations inconsistent with NPSOA are denied.

137. The allegations of this paragraph state legal conclusions and purport to characterize the FLPMA, which speaks for itself. Any allegations inconsistent with the FLPMA are denied.

138. AIDEA admits that the Defendants compiled a Subsistence Technical Report ("STR"). The remaining allegations of this paragraph purport to characterize the STR, which speaks for itself. Any allegations inconsistent with the STR are denied.

139. The allegations of this paragraph purport to characterize the STR, which speaks for itself. Any allegations inconsistent with the STR are denied.

140. The allegations of this paragraph purport to characterize the STR, which speaks for itself. Any allegations inconsistent with the STR are denied.

141. The allegations of this paragraph purport to characterize the STR, which speaks for itself. Any allegations inconsistent with the STR are denied.

142. The allegations of this paragraph purport to characterize the STR, which speaks for itself. Any allegations inconsistent with the STR are denied.

143. The allegations of this paragraph purport to characterize the STR, which speaks for itself. Any allegations inconsistent with the STR are denied.

144. The allegations of the first and second sentences of Paragraph 145 purport to characterize the Tier 1 evaluation, which speaks for itself. Any allegations contrary to its plain meaning are denied. The allegations of the third, fourth, and fifth sentences of

Paragraph 145 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

145. Denied.

146. AIDEA denies the allegations of the first sentence of Paragraph 147. The allegations of the second and third sentences of Paragraph 147 purport to characterize the Tier 1 evaluation, which speaks for itself. Any allegations contrary to its plain meaning are denied. AIDEA denies the allegations of the fourth and fifth sentences of Paragraph 147.

147. Denied.

148. Denied.

149. Denied.

150. The allegations of this paragraph purport to characterize the Tier 1 evaluation, which speaks for itself. Any allegations inconsistent with Tier 1 evaluation are denied.

151. AIDEA denies the allegations in the first and second sentences of this paragraph. The remaining allegations of this paragraph purport to characterize the Tier 1 evaluation, which speaks for itself. Any allegations inconsistent with the Tier 1 evaluation are denied.

152. Denied.

153. Denied.

154. AIDEA denies the allegations of the first and third sentences of Paragraph 155. Regarding the allegations of the second sentence of Paragraph 155, the term "meaningful timeframe" is ambiguous and AIDEA therefore denies the allegations.

155. Denied.

156. Denied.

157. AIDEA denies the allegations in the first and second sentences of this paragraph. The remaining allegations of this paragraph purport to characterize the Tier 2 evaluation, which speaks for itself. Any allegations inconsistent with the Tier 2 evaluation are denied.

158. Admitted.

159. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations of this paragraph purport to characterize ANILCA, which speaks for itself. Any allegations inconsistent with ANILCA are denied.

160. The allegations of the first and second sentences of Paragraph 161 purport to characterize the Tier 2 determination, which speaks for itself. Any allegations contrary to its plain meaning are denied. AIDEA denies the allegations of the third sentence of Paragraph 161. The allegations of the fourth and fifth sentences of Paragraph 161

constitute legal conclusions, to which no response is required, and to the extent a response is required, the allegations are denied. The allegations of the sixth sentence of Paragraph 161 purport to characterize the Tier 2 determination, which speaks for itself. Any allegations contrary to its plain meaning are denied.

161.   AIDEA denies the allegations of the first sentence of Paragraph 162. The second and third sentences of Paragraph 162 purport to characterize Defendants' second Tier 2 determination, which speaks for itself. Any allegations contrary to its plain meaning are denied. AIDEA admits the allegations of the fourth sentence of Paragraph 162 purport to characterize a Final Finding and Decision issued by the State of Alaska dated January 2, 2020, which speaks for itself. AIDEA admits that the allegations of the fifth sentence of Paragraph 162 describe potential impacts identified in the EIS and/or through public comment, but denies any allegations that federal Defendants failed to consider such impacts or that the Ambler Road Project analysis and disclosure was deficient in any way. AIDEA denies the allegations of the sixth sentence of Paragraph 162.

162.   AIDEA denies the allegations of the first sentence of Paragraph 163. The allegations of the second and third sentences of Paragraph 163 purport to characterize the third Tier 2 determination, which speaks for itself. Any allegations contrary to its plain meaning are denied.

163. The allegations of Paragraph 164 constitute legal conclusions, to which no response is required, and to the extent a response is required, the allegations are denied. AIDEA denies any allegation that an ANILCA § 810 evaluation was not conducted for Gates of the Arctic National Park and Preserve.

164. The allegations of this paragraph purport to characterize the Joint NPS-FHWA ROD, which speaks for itself. Any allegations inconsistent with the Joint NPS-FHWA ROD are denied.

165. The allegations of Paragraph 166 state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

166. The allegations of Paragraph 167 purport to characterize the Joint NPS-FHWA ROD, which speaks for itself. Any allegations inconsistent with the Joint NPS-FHWA ROD are denied.

167. Denied.

168. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

169. The allegations of this paragraph purport to characterize the NHPA, which speaks for itself. Any allegations inconsistent with the NHPA are denied.

170. The allegations of this paragraph purport to characterize the NHPA, which speaks for itself. Any allegations inconsistent with the NHPA are denied.

171.     The allegations of this paragraph purport to characterize the NHPA, which speaks for itself.  Any allegations inconsistent with the NHPA are denied.

172.     The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.   Any allegations inconsistent with the NHPA and its implementing regulations are denied.

173.     The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.   Any allegations inconsistent with the NHPA and its implementing regulations are denied.

174.     The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.   Any allegations inconsistent with the NHPA and its implementing regulations are denied.

175.     The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.   Any allegations inconsistent with the NHPA and its implementing regulations are denied.

176.     The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.   Any allegations inconsistent with the NHPA and its implementing regulations are denied.

177.    The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.    Any allegations inconsistent with the NHPA and its implementing regulations are denied.

178.    The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.    Any allegations inconsistent with the NHPA and its implementing regulations are denied.

179.    The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.    Any allegations inconsistent with the NHPA and its implementing regulations are denied.

180.    The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.    Any allegations inconsistent with the NHPA and its implementing regulations are denied.

181.    The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.    Any allegations inconsistent with the NHPA and its implementing regulations are denied.

182.    The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.    Any allegations inconsistent with the NHPA and its implementing regulations are denied.

183.    The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.   Any allegations inconsistent with the NHPA and its implementing regulations are denied.

184.    The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.   Any allegations inconsistent with the NHPA and its implementing regulations are denied.

185.    The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.   Any allegations inconsistent with the NHPA and its implementing regulations are denied.

186.    The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.   Any allegations inconsistent with the NHPA and its implementing regulations are denied.

187.    The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.   Any allegations inconsistent with the NHPA and its implementing regulations are denied.

188.    The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.   Any allegations inconsistent with the NHPA and its implementing regulations are denied.

189.     The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.   Any allegations inconsistent with the NHPA and its implementing regulations are denied.

190.     The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.   Any allegations inconsistent with the NHPA and its implementing regulations are denied.

191.     The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.   Any allegations inconsistent with the NHPA and its implementing regulations are denied.

192.     The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.   Any allegations inconsistent with the NHPA and its implementing regulations are denied.

193.     The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.   Any allegations inconsistent with the NHPA and its implementing regulations are denied.

194.     The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.   Any allegations inconsistent with the NHPA and its implementing regulations are denied.

195.    The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves.  Any allegations inconsistent with the NHPA and its implementing regulations are denied.

196.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

197.    Denied.

198.    Denied.

199.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

200.    Regarding the allegations of Paragraph 201, the terms "key[,]" "important" and "crucial" are ambiguous and AIDEA therefore denies the allegations.

201.    AIDEA denies the allegations of the first sentence of Paragraph 202.  The allegations in the second and third sentences of Paragraphs 202 constitute legal conclusions, to which no response is required, and to the extent a response is required, the allegations are denied.

202.    The allegations of this paragraph purport to characterize Plaintiffs' claims or unspecified statements made by Plaintiffs and other tribes, which speak for themselves.  Any allegations contrary to the intended, unidentified statements are denied.

203.    The allegations of Paragraph 204 purport to characterize statements made at the January 2018 NHPA § 106 meeting, which speak for themselves.   Any allegations contrary to the statements' plain meaning are denied.

204.    Denied.

205.    Regarding the allegations of the first sentence of Paragraph 206, AIDEA admits that the APE defines the area where the agencies will study and consider impacts on historic properties during the post-ROD period.   The remaining allegations of the first sentence of Paragraph 206 are ambiguous and AIDEA therefore denies them.   AIDEA denies the allegations of the second and third sentence of Paragraph 206.

206.    AIDEA denies the allegations of the first sentence of Paragraph 207.   The allegations of the second sentence of Paragraph 207 constitute legal conclusions, to which no response is required, and to the extent a response is required, the allegations are denied.

207.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied. AIDEA denies that consultations were deficient in any way.

208.    AIDEA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

209. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

210. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

211. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

212. Denied.

213. AIDEA admits the allegations of the first sentence of Paragraph 214. AIDEA denies the allegations of the second sentence of Paragraph 214. The allegations of the third sentence of Paragraph 214 constitute legal conclusions, to which no response is required, and to the extent a response is required, the allegations are denied.

214. Denied.

215. Denied.

216. Denied.

217. The allegations of this paragraph purport to characterize NEPA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with NEPA and its implementing regulations are denied.

218. The allegations in the first sentence of Paragraph 219 purport to characterize a judicial decision, *Hammond v. Norton*, 370 F. Supp. 226, 244 (D.D.C.

2005), which speaks for itself. Any allegations inconsistent with the decision are denied. The allegations of this paragraph purport to characterize NEPA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with NEPA and its implementing regulations are denied.

219. The allegations of this paragraph purport to characterize a judicial decision, *Sierra Club v. BLM*, 786 F.3d 1219, 1226 (9th Cir. 2015), and other unspecified decisions, which speaks for themselves. Any allegations inconsistent with *Sierra Club* and other unspecified decisions are denied.

220. The allegations in the first sentence of Paragraph 221 purport to characterize a judicial decision, *Metcalf v. Daly*, 214 F.3d 1135, 1141 (9th Cir. 2000), which speaks for itself. Any allegations inconsistent with the decision are denied. The remaining allegations of this paragraph purport to characterize NEPA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with NEPA and its implementing regulations are denied.

221. The allegations of this paragraph purport to characterize NEPA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with NEPA and its implementing regulations are denied.

222. The allegations of the first and third sentences of Paragraph 223 purport to characterize NEPA and the referenced implementing regulations, which speak for

themselves. Any allegations inconsistent with their plain meaning are denied. The allegations of the second sentence of Paragraph 223 purports to characterize a judicial decision, *Half Moon Bay Fisherman's Mktg. Ass'n v. Carlucci*, 857 F.2d 505, 510 (9th Cir. 1988), which speaks for itself. Any allegations inconsistent with its plain meaning are denied.

223. The allegations of this paragraph purport to characterize NEPA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with NEPA and its implementing regulations are denied.

224. Denied.

225. Denied.

226. Denied.

227. The allegations of this paragraph purport to characterize the Final EIS, which speaks for itself. Any allegations inconsistent with the Final EIS are denied.

228. The allegations of this paragraph purport to characterize the Final EIS, which speaks for itself. Any allegations inconsistent with the Final EIS are denied.

229. The allegations of this paragraph purport to characterize the Final EIS, which speaks for itself. Any allegations inconsistent with the Final EIS are denied.

230. The allegations of this paragraph purport to characterize the Final EIS, which speaks for itself. Any allegations inconsistent with the Final EIS are denied.

231. Denied.

232. Denied.

233. The allegations of the first sentence of Paragraph 234 purport to characterize the Final EIS, which speaks for itself. Any allegations contrary to its plain meaning are denied. Regarding the second sentence of Paragraph 234, AIDEA admits that BLM has management authority over approximately 25 of the 211 miles of the roadway. The remainder of the allegations of the second sentence of Paragraph 234 constitute legal conclusions, to which no response is required, and to the extent a response is required, the allegations are denied. Regarding the third sentence of Paragraph 234, AIDEA notes that the portion of the roadway on lands managed by the NPS will not be open to the public. AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of the third sentence of Paragraph 234 and on that basis denies them.

234. The allegations of the first sentence of Paragraph 235 purport to characterize the Final EIS, which speaks for itself. Any allegations contrary to its plain meaning are denied. AIDEA denies the allegations of the second sentence of Paragraph 235.

235. The allegations of this paragraph purport to characterize the Final EIS, which speaks for itself. Any allegations inconsistent with the Final EIS are denied.

236. Denied.

237. Denied.

238. Denied.

239. AIDEA denies the allegations of the first and second sentences of Paragraph 240. Regarding the third sentence of Paragraph 240, the term "core features" is ambiguous and AIDEA therefore denies the allegations.

240. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

241. Denied.

242. Denied.

243. The allegations of this paragraph purport to characterize the CWA, which speaks for itself. Any allegations inconsistent with the CWA are denied.

244. The allegations of this paragraph purport to characterize CWA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with CWA and its implementing regulations are denied.

245. The allegations of this paragraph purport to characterize CWA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with CWA and its implementing regulations are denied.

246. The allegations of this paragraph purport to characterize CWA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with CWA and its implementing regulations are denied.

247. The allegations of this paragraph purport to characterize CWA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with CWA and its implementing regulations are denied.

248. The allegations of this paragraph purport to characterize CWA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with CWA and its implementing regulations are denied.

249. The allegations of this paragraph purport to characterize CWA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with CWA and its implementing regulations are denied.

250. The allegations of this paragraph purport to characterize CWA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with CWA and its implementing regulations are denied.

251. The allegations of this paragraph purport to characterize CWA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with CWA and its implementing regulations are denied.

252. The allegations of this paragraph purport to characterize CWA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with CWA and its implementing regulations are denied.

253. AIDEA admits that a public notice was issued relating to Clean Water Act § 404 permitting for the Ambler Road Project in September 2019 based on a permit application and supplementary materials AIDEA submitted in 2015 and 2016. The remaining allegations of Paragraph 254 are denied.

254. The allegations of this paragraph purport to characterize permit applications AIDEA submitted to the Corps and BLM, which speaks for themselves. Any allegations inconsistent with the permit applications are denied.

255. The allegations of this paragraph purport to characterize permit applications AIDEA submitted to the Corps and BLM, which speaks for themselves. Any allegations inconsistent with the permit applications are denied.

256. The allegations of this paragraph purport to characterize permit applications AIDEA submitted to the Corps and BLM and the Joint BLM-Corps ROD, which speaks for themselves. Any allegations inconsistent with the permit applications and the Joint BLM-Corps ROD are denied.

257. AIDEA admits the allegations of the first sentence of Paragraph 258 that the Corps did not publish a new or revised public notice, seek additional public comment,

or prepare a supplemental EIS, and otherwise denies the allegations. AIDEA admits the allegations of the second sentence of Paragraph 258. AIDEA denies the allegations of the third and fourth sentences of Paragraph 258.

258. AIDEA denies the allegations of the first sentence of Paragraph 259. The allegations of the second sentence of Paragraph 259 purport to characterize the Final EIS and the Joint BLM-Corps ROD, which speak for themselves. Any allegations contrary to their plain meaning are denied.

259. The allegations of this paragraph purport to characterize the Final EIS, which speaks for itself. Any allegations inconsistent with the Final EIS are denied.

260. The allegations of the first and second sentences of Paragraph 261 constitute legal conclusions, to which no response is required, and to the extent a response is required, the allegations are denied. AIDEA admits that the allegations of the third sentence of Paragraph 261 that describe potential impacts to health associated with gravel extraction identified in the EIS and/or through public comment in the abstract, but denies any allegations that federal Defendants failed to consider such impacts or that the Ambler Road Project analysis and disclosure was deficient in any way. The allegations of the fourth sentence of Paragraph 261 constitute legal conclusions, to which no response is required, and to the extent a response is required, the allegations are denied.

261.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

262.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

263.    The allegations of this paragraph purport to characterize the FLPMA, which speaks for itself.  Any allegations inconsistent with the FLPMA are denied.

264.    The allegations of this paragraph purport to characterize the FLPMA, which speaks for itself.  Any allegations inconsistent with the FLPMA are denied.

265.    The allegations of this paragraph purport to characterize the FLPMA, which speaks for itself.  Any allegations inconsistent with the FLPMA are denied.

266.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

267.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

268.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

269.    The allegations of this paragraph purport to characterize the APA, which speaks for itself.  Any allegations inconsistent with the APA are denied.

270.    The allegations of this paragraph purport to characterize a judicial decision, *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125 (2016), which speaks for itself.  Any allegations inconsistent with the *Encino Motorcars* are denied.

271.    The allegations of this paragraph purport to characterize a judicial decision, *Center for Biological Diversity v. Zinke*, 900 F.3d 1053, 1067 (9th Cir. 2018), which speaks for itself.  Any allegations inconsistent with *Zinke* are denied.

## VI.    FIRST CLAIM

272.    The allegations of this paragraph purport to characterize Plaintiffs case/claims, to which no response is required, and to the extent a response is required, the allegations are denied.

273.    AIDEA incorporates the responses to Paragraphs 1 through 273 here.

274.    The allegations of this paragraph purport to characterize ANILCA, which speaks for itself.  Any allegations inconsistent with ANILCA are denied.

275.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

276.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

277. The allegations of this paragraph purport to characterize unspecified statements made by Defendants, which speaks for themselves. Any allegations inconsistent with the intended, unidentified statements are denied.

278. Admitted.

279. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied. AIDEA denies that the ANILCA § 810 evaluation process was deficient in any way.

280. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

281. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

282. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

283. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

284. Denied.

285. AIDEA incorporates the responses to Paragraphs 1 through 285 here.

286.    The allegations of this paragraph state legal conclusions and purport to characterize ANILCA, which speaks for itself.    Any allegations inconsistent with ANILCA are denied.

287.    The allegations of this paragraph state legal conclusions and purport to characterize ANILCA, which speaks for itself.    Any allegations inconsistent with ANILCA are denied.

288.    The allegations of this paragraph state legal conclusions and purport to characterize ANILCA, which speaks for itself.    Any allegations inconsistent with ANILCA are denied.

289.    The allegations of this paragraph state legal conclusions and purport to characterize ANILCA, which speaks for itself.    Any allegations inconsistent with ANILCA are denied.

290.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

291.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

292.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

293. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

294. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

295. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

296. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

297. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

298. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

299. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

300. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

301. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

302.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

303.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

304.    Denied.

305.    AIDEA incorporates the responses to Paragraphs 1 through 305 here.

306.    The allegations of this paragraph purport to characterize ANILCA, which speaks for itself.  Any allegations inconsistent with ANILCA are denied.

307.    The allegations of this paragraph purport to characterize ANILCA, which speaks for itself.  Any allegations inconsistent with ANILCA are denied.

308.    Denied.

309.    Denied.

310.    Denied.

311.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

312.    Denied.

313.    AIDEA incorporates the responses to Paragraphs 1 through 313 here.

314.    The allegations of this paragraph purport to characterize ANILCA, which speaks for itself.  Any allegations inconsistent with ANILCA are denied.

315.     The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

316.     Denied.

317.     Denied.

318.     Denied.

319.     Denied.

320.     Denied.

321.     The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

322.     The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

323.     Denied.

## VII.    SECOND CLAIM

324.     AIDEA incorporates the responses to Paragraphs 1 through 324 here.

325.     The allegations of this paragraph purport to characterize ANILCA, which speaks for itself.  Any allegations inconsistent with ANILCA are denied.

326.     The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

327. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

328. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

329. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

330. Denied.

## VIII. THIRD CLAIM

331. AIDEA incorporates the responses to Paragraphs 1 through 331 here.

332. The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with the NHPA are denied.

333. The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with the NHPA are denied.

334. The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with the NHPA are denied.

335. The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with the NHPA are denied.

336. The allegations of this paragraph purport to characterize the NHPA and its implementing regulations, which speaks for themselves. Any allegations inconsistent with the NHPA are denied.

337. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

338. Denied.

339. Denied.

340. Denied.

341. Denied.

342. Denied.

343. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

344. Denied.

345. AIDEA incorporates the responses to Paragraphs 1 through 345 here.

346. The allegations of this paragraph purport to characterize the cited NHPA regulation, which speaks for itself. Any allegations inconsistent with the NHPA or its regulations are denied.

347. The allegations of this paragraph purport to characterize the cited NHPA regulation, which speaks for itself. Any allegations inconsistent with the NHPA or its regulations are denied.

348. The allegations of this paragraph purport to characterize the cited NHPA regulation, which speaks for itself. Any allegations inconsistent with the NHPA or its regulations are denied.

349. The allegations of this paragraph purport to characterize the cited NHPA regulation, which speaks for itself. Any allegations inconsistent with the NHPA or its regulations are denied.

350. Denied.

351. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

352. Denied.

353. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

354. Denied.

355. AIDEA incorporates the responses to Paragraphs 1 through 355 here.

356. The allegations of this paragraph purport to characterize the cited NHPA regulation, which speaks for itself. Any allegations inconsistent with the NHPA or its regulations are denied.

357. The allegations of this paragraph purport to characterize the cited NHPA regulation, which speaks for itself. Any allegations inconsistent with the NHPA or its regulations are denied.

358. The allegations of this paragraph purport to characterize the cited NHPA regulation, which speaks for itself. Any allegations inconsistent with the NHPA or its regulations are denied.

359. Denied.

360. Denied.

361. Denied.

362. Denied.

363. The allegations of this paragraph consist of legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

364. Denied.

365. AIDEA incorporates the responses to Paragraphs 1 through 365 here.

366. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, they are denied. and purport to characterize NEPA, which speaks for itself. Any allegations inconsistent with NEPA are denied.

367. The allegations of this paragraph purport to characterize the cited NHPA regulation and judicial decision, which speak for themselves. Any allegations inconsistent with the NHPA, its regulations, or the cited judicial decision are denied.

368. The allegations of this paragraph purport to characterize the cited NHPA regulation, which speaks for itself. Any allegations inconsistent with NHPA or its regulations are denied.

369. The allegations of this paragraph purport to characterize the cited NHPA regulation, which speaks for itself. Any allegations inconsistent with NHPA or its regulations are denied.

370. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

371. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

372. Denied.

373. Denied.

374. Denied.

375. Denied.

376. Denied.

377. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

378. Denied.

## IX. FOURTH CLAIM

379. AIDEA incorporates the responses to Paragraphs 1 through 379 here.

380. The allegations of this paragraph purport to characterize the referenced NEPA regulation, which speaks for itself. Any allegations inconsistent with the NEPA and its regulations are denied.

381. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

382. Denied.

383. Denied.

384. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

385. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

386.    Denied.

387.    AIDEA incorporates the responses to Paragraphs 1 through 387 here.

388.    The allegations of this paragraph purport to characterize the referenced NEPA regulation, which speaks for itself.  Any allegations inconsistent with NEPA or its regulation are denied.

389.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

390.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

391.    Denied.

392.    Denied.

393.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

394.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

395.    Denied.

396.    AIDEA incorporates the responses to Paragraphs 1 through 396 here.

397. The allegations of this paragraph purport to characterize the referenced NEPA regulation, which speaks for itself. Any allegations inconsistent with NEPA or its regulation are denied.

398. AIDEA admits the allegations it submitted a permit application in February 2020. The remaining allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

399. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

400. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

401. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

402. Denied.

403. AIDEA incorporates the responses to Paragraphs 1 through 403 here.

404. The allegations of this paragraph purport to characterize NEPA and the referenced regulations, which speak for themselves. Any allegations inconsistent with NEPA and its regulations are denied.

405. Denied.

406. Denied.

407. Denied.

408. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

409. Denied.

## X.    FIFTH CLAIM

410. AIDEA incorporates the responses to Paragraphs 1 through 410 here.

411. The allegations of this paragraph purport to characterize the CWA, which speaks for itself. Any allegations inconsistent with the CWA are denied.

412. The allegations of this paragraph purport to characterize the CWA and its regulations, which speaks for themselves. Any allegations inconsistent with the CWA and its regulations are denied.

413. Admitted.

414. Regarding the allegations of the first sentence of Paragraph 415, AIDEA admits that it submitted a revised 404 permit application to the Corps in February 2020. The remaining allegations of the first sentence of Paragraph 415 purport to characterize the revised permit application, which speaks for itself. Any allegations contrary to its plain meaning are denied. AIDEA admits the allegations of the second sentence of Paragraph 415 that the Corps did not publish a new or revised public notice, seek

additional public comment, or prepare a supplemental EIS, and otherwise denies the allegations.

415. Denied.

416. The allegations of the first sentence of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied. The remaining allegations of this paragraph are denied.

417. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

418. Denied.

419. AIDEA incorporates the responses to Paragraphs 1 through 419 here.

420. The allegations of this paragraph purport to characterize the CWA and its regulations, which speak for themselves. Any allegations inconsistent with the CWA and its regulations are denied.

421. The allegations of this paragraph purport to characterize the CWA and its regulations, which speak for themselves. Any allegations inconsistent with the CWA and its regulations are denied.

422. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

423. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

424. Denied.

## XI.     SIXTH CLAIM

425. AIDEA incorporates the responses to Paragraphs 1 through 425 here.

426. The allegations of this paragraph purport to characterize FLPMA, which speaks for itself. Any allegations inconsistent with the FLPMA are denied.

427. The allegations of the first sentence of this paragraph purport to characterize the Joint BLM-Corps ROD, which speaks for itself. Any allegations inconsistent with the Joint BLM-Corps ROD are denied. The remaining allegations of this paragraph are denied.

428. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

429. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

430. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

431. Denied.

## XII.  SEVENTH CLAIM

432.  AIDEA incorporates the responses to Paragraphs 1 through 432 here.

433.  The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

434.  The allegations of this paragraph purport to characterize 43 U.S.C. §§ 1453 and 1453a, which speak for themselves.  Any allegations inconsistent with these statutes are denied.

435.  The allegations of this paragraph purport to characterize the FVRA, which speaks for itself.  Any allegations inconsistent with the FVRA are denied.

436.  The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

437.  The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

438.  The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

439.  Denied.

## REQUEST FOR RELIEF

AIDEA denies that Plaintiffs are entitled to the relief requested in their Complaint or any other form of relief.

## DEFENSES

1.  Plaintiffs fail to state a claim upon which relief may be granted.

2.  Plaintiffs lack standing to assert some or all of their claims.

3.  Some or all of Plaintiffs' claims are barred by statute.

4.  Some or all of Plaintiffs' claims are barred by the ripeness doctrine.

5.  Some or all of Plaintiffs' claims are barred because they failed to exhaust administrative remedies.

6.  AIDEA incorporates by reference the defenses asserted by any other defendant to this action.

DATED at Anchorage, Alaska this 16th day of February 2021.

> HOLLAND & HART LLP
> Attorneys for Alaska Industrial Development
> and Export Authority
>
> /s/ Kyle W. Parker
> Kyle W. Parker, ABA No. 9212124
> David J. Mayberry, ABA No. 9611062
> HOLLAND & HART LLP
> 1029 W. 3rd Avenue, Suite 550
> Anchorage, Alaska 99501
> Telephone:  (907) 865-2600
> Facsimile:  (907) 865-2680
> kwparker@hollandhart.com
> djmayberry@hollandhart.com

# CERTIFICATE OF SERVICE

I hereby certify on 16th day of February, 2021, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification and electronic service of the same to all counsel of record.

HOLLAND & HART LLP

/s/ Kyle W. Parker

16029944_v1