STACEY BOSSHARDT (*Pro Hac Vice*)
DC Bar No. 458645
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C.  20005-3960
Telephone:  202.654.6200
SBosshardt@perkinscoie.com

ERIC B. FJELSTAD
JAMES N. LEIK
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
Telephone:  907.279.8561
EFjelstad@perkinscoie.com
JLeik@perkinscoie.com

**Attorneys for Ambler Metals LLC,
Intervenor-Defendant**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALATNA VILLAGE COUNCIL, et al.,<br><br>               Plaintiffs,<br><br>     v.<br><br>CHAD PADGETT, et al.,<br><br>               Defendants. | Case No. 3:20-cv-00253-SLG |

**INTERVENOR-DEFENDANT'S ANSWER
TO FIRST AMENDED COMPLAINT**

Under Rule 8 of the Federal Rules of Civil Procedure, Intervenor-Defendant

Ambler Metals LLC (Ambler Metals) responds as follows to Plaintiffs' First Amended

Complaint (Complaint):

## GENERAL DENIAL

Ambler Metals denies any allegations of the Complaint, whether express or implied, including any allegations reflected in the Complaint's section headings, that are not specifically admitted, denied, or qualified herein.

## "FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF"[1]

### "I.    NATURE OF THE CASE"

1.    Ambler Metals admits only that Alaska Native people have subsisted in the Northwest and Yukon-Koyukuk regions of Alaska just south of the Brooks Range for thousands of years.  Intervenor-Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefor denies them.

2.    Ambler Metals admits only that the Ambler Road is intended to provide industrial access to the Ambler Mining District.  Ambler Metals denies the remaining allegations in this Paragraph.

3.    Ambler Metals denies the allegations in this Paragraph.

4.    Ambler Metals denies the allegations in this Paragraph.

---

[1] The numbered paragraphs of this Answer correspond to the numbered paragraphs of Plaintiffs' First Amended Complaint.  The Complaint's headings are reproduced in quotation marks solely for the Court's convenience; Ambler Metals does not intend them to form any substantive part of its Answer.  To the extent the headings make substantive allegations, Ambler Metals denies those allegations.  Ambler Metals does not waive any defensive theory or agree to or admit that Plaintiffs' headings are accurate, appropriate, or substantiated. When a textual sentence is followed by a citation, the sentence and its accompanying citation are referred to as one sentence.

5.       Ambler Metals denies the allegations in this Paragraph.

6.       The allegations in this Paragraph constitute a characterization of Plaintiffs' case to which no response is required. To the extent a response is deemed required, the allegations are denied.

7.       The allegations in this Paragraph constitute a characterization of Plaintiffs' case to which no response is required. To the extent a response is deemed required, the allegations are denied.

8.       Ambler Metals denies the allegations in this Paragraph.

9.       The allegations in this Paragraph constitute a characterization of Plaintiffs' case to which no response is required. To the extent a response is deemed required, Intervenor-Defendant denies the allegations, and denies that Plaintiffs are entitled to any relief.

## "II.     JURISDICTION AND VENUE"

10.      The allegations in this Paragraph state conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

11.      The allegations in this Paragraph state conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

12.      The allegations in this Paragraph state conclusions of law to which no response is required. To the extent a response is deemed required, Defendant-Intervenor admits that the Federal Defendants maintain offices within the District of Alaska and that the Ambler Road Project would occur within the District of Alaska. Except as expressly admitted, Intervenor-Defendant denies the allegations in this Paragraph.

13.     The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

14.     The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

### "III.   PARTIES"

#### "A.   PLAINTIFFS"

15.     Ambler Metals admits the allegations in the first through fifth sentences of this Paragraph.  The allegations in the sixth sentence of this Paragraph purport to characterize statements made by Alatna Village Council, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning and context of those statements are denied.

16.     Ambler Metals admits the allegations in the first through fifth sentences of this Paragraph.  The allegations in the sixth sentence of this Paragraph purport to characterize statements made by Allakaket Tribal Council, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning and context of those statements are denied.

17.     Ambler Metals admits the allegations in the first through fifth sentences of this Paragraph.  The allegations in the sixth sentence of this Paragraph purport to characterize statements made by Evansville Tribal Council, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning and context of those statements are denied.

18.     Ambler Metals admits the allegations in the first through fifth sentences of this Paragraph.  The allegations in the sixth sentence of this Paragraph purport to characterize statements made by Huslia Tribal Council, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning and context of those statements are denied.

19.     Ambler Metals admits the allegations in the first through fifth sentences of this Paragraph.  The allegations in the sixth sentence of this Paragraph purport to characterize statements made by Tanana Village Council, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning and context of those statements are denied.

20.     The allegations in the first sentence of this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response, and are denied on that basis. Ambler Metals lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second and fifth sentences of this Paragraph, and therefore denies them.   Ambler Metals admits the allegations of the third, fourth, and sixth sentences of this Paragraph.

21.     Ambler Metals admits that the geographic area of the TCC region is defined in 43 § U.S.C. 1606(a)(5) and that Fairbanks North State Borough lies within the TCC Region. Except as expressly admitted, Ambler Metals denies the allegations in the first, second

and third sentences of this Paragraph. Ambler Metals admits the allegations in the fourth and fifth sentences of this Paragraph.

22. Ambler Metals admits that TCC participated in the review process for the proposed Ambler Road Project, submitted comments, and served as a consulting party in the Federal Government's NHPA 106 review. The remaining allegations in this Paragraph purport to characterize statements made by TCC, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning and context of those statements are denied.

23. Ambler Metals admits the allegations in the first and third sentences of this Paragraph. The allegations in the second sentence of this Paragraph purport to characterize the testimony of Tribal members at public hearings concerning the Ambler Road Project, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning and context of the testimony is denied.

24. The allegations in this Paragraph state conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

25. Intervenor-Defendant denies the allegations in this Paragraph.

26. Intervenor-Defendant denies the allegations in this Paragraph.

27. Intervenor-Defendant denies the allegations in this Paragraph.

"**B. DEFENDANTS**"

28. Ambler Metals admits the allegations in this Paragraph except that the Bureau of Land Management is a bureau within the Department of the Interior and not an agency.

29.     Ambler Metals admits the allegations in the first sentence of this Paragraph.

Ambler Metals admits that Casey Hammond is the Principal Deputy Assistant Secretary

for Land and Minerals Management (PDAS), and that under both the DOI Departmental

Manual (209 DM 7.3A) and DOI's succession order for the Assistant Secretary for Land

and Minerals (ASLM) position, the PDAS is authorized to exercise the non-exclusive

delegated authority of the ASLM when there is a vacancy; that the ASLM exercises

Secretarial direction and supervision over the Bureau of Land Management, Bureau of

Ocean Energy Management, Bureau of Safety and Environmental Enforcement, and the

Office of Surface Mining Reclamation and Enforcement; and aver the referenced entities

are "bureaus" within the Department of the Interior.  Except as expressly admitted,

Ambler Metals denies the allegations in the second and third sentences of this Paragraph.

Ambler Metals admits that Casey Hammond is an agency official who signed the

referenced ROD.  The remaining allegations in the fourth sentence of this Paragraph are

too vague and ambiguous to permit Ambler Metals to frame a response, and are denied

on that basis.

30.     Ambler Metals admits the allegations in this Paragraph.

31.     Ambler Metals admits the allegations in this Paragraph except that the National

Park Service and U.S. Fish and Wildlife Service are bureaus within the Department of the

Interior and not agencies.

32.     Ambler Metals admits the allegations in this Paragraph.

33.     Ambler Metals admits the allegations in this Paragraph.

34.     Ambler Metals admits the allegations in this Paragraph.

35.     Ambler Metals admits the allegations in this Paragraph except that the BLM and NPS are bureaus within the Department of the Interior and not agencies.

36.     Ambler Metals admits the allegations in this Paragraph except that the BLM is a bureau within the Department of the Interior and not an agency.

37.     Ambler Metals admits the allegations in this Paragraph except that the NPS is a bureau within the Department of the Interior and not an agency.

38.     Ambler Metals admits the allegations in the first and second sentences of this Paragraph.  The remaining allegations in this Paragraph call for legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

39.     Ambler Metals admits the allegations in this Paragraph.

## "IV.  FACTS"

### "A.  ALASKA NATIVE PEOPLE AND INTERIOR ALASKA"

40.     Ambler Metals admits that Athabascan people have long occupied Interior Alaska. The remaining allegations in the first sentence of this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response, and are denied on that basis. The remaining allegations in this Paragraph are admitted.

41.     Ambler Metals admits the allegations in the first, second, and fifth sentences of this Paragraph.  The allegations in the third and fourth sentences of this Paragraph are too

vague and ambiguous to permit Ambler Metals to frame a response, and are denied on that basis.

42.     The allegations in this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response, and are denied on that basis.

43.     Ambler Metals admits that a large herd(s) of caribou can be found within Interior Alaska, including the Western Arctic herd, and that these caribou are hunted for subsistence and other uses.  The remaining allegations in this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response, and are denied on that basis.

44.     Ambler Metals admits the allegations in the first sentence of this Paragraph. Ambler Metals further admits that fish, including salmon and sheefish, have long been important resources for subsistence uses in Interior Alaska, but lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the second sentence and therefore denies them.   Ambler Metals admits the allegations in the third and fourth sentences of this Paragraph.

45.     Ambler Metals the allegations in the first sentence of this Paragraph that the region of the Southern Brooks Range contains rivers, lakes, wetlands and forests and reflects rich biodiversity and cultural values.  The remaining allegations in the first sentence of this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response and are denied on that basis.  Ambler Metals admits that the Kobuk Wild River, Alatna Wild River, John Wild River, Koyukuk Wild River, Noatak Wild River, Nowitna Wild River, Selawik Wild River, Tinayguk Wild River, Yukon River,

and Tanana River are located within the region of Interior Alaska south of the Brooks Range. The remaining allegations in the second sentence of this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response, and are denied on that basis. Ambler Metals admits that the Kobuk Valley National Park, Kobuk National Preserve, Noatak National Preserve, Selawik National Wildlife Refuge, Koyukuk National Wildlife Refuge, Kanuti National Wildlife Refuge, and Yukon Flats National Wildlife Refuge are located in the region. The remaining allegations in the third sentence of this Paragraph are too vague or ambiguous to permit Ambler Metals to frame a response, and are denied on that basis.

## "B.  MINING PROPOSALS AND AMBLER ROAD PROJECT"

46.     Ambler Metals admits the allegations in this Paragraph.

47.     Ambler Metals admits the allegations in this Paragraph.

48.      Ambler Metals admits the allegations in this Paragraph.

49.     The allegations of the first sentence of this Paragraph purport to characterize statements made by the Alaska Industrial Development and Export Authority ("AIDEA"), which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with their plain language, meaning, and context are denied. Ambler Metals admits the allegations of the second sentence of this Paragraph.

50.     The allegations in this Paragraph purport to characterize the Joint ROD, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the document are denied.

51.     The allegations in this Paragraph purport to characterize the EIS, which speaks for

itself and is the best evidence of its content.  Any allegations contrary to the plain

language, meaning and context of the document are denied.

52.     The allegations in this Paragraph purport to characterize the EIS, which speaks for

itself and is the best evidence of its content.  Any allegations contrary to the plain

language, meaning and context of the document are denied.

"C.  ADVERSE IMPACTS"

53.     Ambler Metals admits that the Ambler Road Project would introduce an industrial

road corridor into a project area that is largely undeveloped.  The remaining allegations in

the first sentence of this Paragraph are too vague and ambiguous to permit Ambler Metals

to frame a response, and are denied on that basis.  The allegations in the second sentence

of this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a

response, and are denied on that basis, except that Ambler Metals admits that the Project

has the potential to cause impacts to the human environment.  The allegations in the third

sentence of this Paragraph are too vague and ambiguous to permit Ambler Metals to

frame a response, and are denied on that basis.  Ambler Metals denies the allegations in

the fourth sentence of this Paragraph.

"1.  Caribou"

54.     Ambler Metals admits that the allegations in this Paragraph describe potential

impacts to caribou in the abstract, but denies any allegations that Defendants failed to

consider such impacts or that the Ambler Road Project analysis was deficient in any way.

55.     Ambler Metals admits the allegations of Paragraph 56 that impacts to caribou

habitat in the abstract can include habitat loss, degradation, contamination and

fragmentation, but otherwise denies the allegations that Defendants failed to consider such impacts or that the Ambler Road project analysis and disclosure was deficient in any way.

56.     The allegations in this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response, and are denied on that basis.

"**2. Fish and Water Resources**"

57.     Ambler Metals admits that AIDEA admits that the construction of the Ambler Road may eventually facilitate hard rock mining, gravel extraction and development of secondary access roads where mining is conducted, and that the study area for the Ambler Road project with respect to fish contains several streams designated as "essential fish habitat" pursuant to the Magnuson Stevens Fishery Conservation and Management Act for chinook, chum, coho, and sockeye salmon.   The remaining allegations in this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response and are denied on that basis.  Except as expressly admitted, the allegations in this Paragraph are denied.

58.     Ambler Metals admits that the Ambler Road Project contemplates dozens of bridges, thousands of culverts, about 44 material sites, vegetation clearing and soil compaction along the length of a 211 mile road.  Ambler Metals further admits that these Project elements may result in impacts to the human environment.  Except as expressly admitted, the allegations in this Paragraph are denied.

59.     The allegations in this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response and are denied on that basis

60.     Ambler Metals admits that the allegations of this Paragraph describe potential impacts to fish and fish habitat in the abstract, but denies any allegations that Defendants failed to consider potential impacts to fish and fish habitat or that the Ambler Road Project analysis and disclosure was deficient in any way. Ambler Metals denies the allegations of the second sentence of this Paragraph. The allegations in the third sentence of this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response, and are denied on that basis.

61.     Ambler Metals admits that the allegations describe potential impacts to drinking water in the abstract, but denies any allegations that Defendants failed to consider such impacts or that the Ambler Road Project analysis and disclosure was deficient in any way. The allegations of the second sentence of this Paragraph purport to characterize the Final EIS, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

62.     Ambler Metals admits that the allegations in this Paragraph describe potential impacts to fish, surface waters and drinking water in the abstract, but denies any allegations that Defendants failed to consider such impacts or that the Ambler Road Project analysis and disclosure was deficient in any way.

63.     The allegations in this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response, and are denied on that basis.

### "3. Wetlands, Vegetation, and Ecosystem Services"

64.     Ambler Metals denies the allegations in this Paragraph.

65.     The allegations in this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response, and are denied on that basis.

66.     Ambler Metals admits that the allegations in the first sentence of this Paragraph describe potential impacts to wetlands and vegetation in the abstract, but deny any allegations that Defendants failed to consider such impacts or that the Ambler Road Project analysis and disclosure was deficient in any way. Ambler Metals denies the allegations of the second sentence of this Paragraph.

67.     The allegations in this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response, and are denied on that basis.

        "**4. Subsistence**"

68.     Ambler Metals denies the allegations of the first sentence of Paragraph 69. The remaining allegations in this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response, and are denied on that basis, except that Ambler Metals admits that the Ambler Road Project contemplates eventual construction of an industrial road in a largely undeveloped area.  Except as expressly admitted, the allegations of this Paragraph are denied.

69.     Ambler Metals admits that the allegations in this Paragraph describe potential impacts to various social attributes and functions in the abstract, but deny any allegations that Defendants failed to consider such impacts or that the Ambler Road Project analysis and disclosure was deficient in any way.

70.     The allegations in this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response, and are denied on that basis.

71.     The allegations in this Paragraph are too vague and ambiguous to permit Ambler
Metals to frame a response, and are denied on that basis.

"**5. Social Cohesion and Health**"

72.     Ambler Metals denies the allegations in the first sentence of this Paragraph.  The
allegations in the second sentence of this Paragraph are too vague and ambiguous to
permit Ambler Metals to frame a response, and are denied on that basis.

73.     Ambler Metals admits that the allegations in this Paragraph describe potential
impacts identified in the EIS and/or through public comment to health in the abstract, but
deny any allegations that Defendants failed to consider such impacts or that the Ambler
Road Project analysis and disclosure was deficient in any way.

74.     Ambler Metals admits that the allegations in this Paragraph describe potential
impacts identified in the EIS and/or through public comment to health in the abstract, but
deny any allegations that Defendants failed to consider such impacts or that the Ambler
Road Project analysis and disclosure was deficient in any way.

75.     Ambler Metals admits that the allegations in this Paragraph describe potential
impacts identified in the EIS and/or through public comment to health in the abstract, but
deny any allegations that Defendants failed to consider such impacts or that the Ambler
Road Project analysis and disclosure was deficient in any way.

76.     Ambler Metals admits that the allegations in the first, second and third sentences
of this Paragraph describe potential impacts identified in the EIS and/or through public
comment to health in the abstract, but deny any allegations that Defendants failed to
consider such impacts or that the Ambler Road Project analysis and disclosure was

deficient in any way. Ambler Metals denies the allegations in the fourth sentence of this Paragraph.

77.    The allegations in this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response, and are denied on that basis.

   "**6. Historic Properties**"

78.    The allegations in this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response, and are denied on that basis.

79.    The allegations of this Paragraph purport to characterize a document, *The Secretary of the Interior's Standards for the Treatment of Historic Properties with Guidelines for the Treatment of Cultural Landscapes*, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

80.    Ambler Metals lacks knowledge and information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

81.    Ambler Metals lacks knowledge and information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

"**D. PROCESS OVERVIEW AND TIMELINE**"

82.    Ambler Metals admits that AIDEA submitted an application to Defendants in November 2015. To the extent the allegations in this Paragraph purport to characterize that application, it speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

83.     The allegations in this Paragraph purport to characterize statements by AIDEA and comments by the public, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of those statements are denied.

84.     Ambler Metals admits the allegations in this Paragraph.

85.     The allegations in this Paragraph purport to characterize determinations made by Defendants, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those determinations are denied

86.     Ambler Metals admits that AIDEA submitted a revised permit application in June 2016.  The remaining allegations in the first and second sentences of this Paragraph purport to characterize the revised permit application, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.  The third sentence in this Paragraph purports to characterize determinations by BLM, NPS, and the Corps, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those determinations are denied.

87.     Ambler Metals admits the allegations in this Paragraph.

88.     Ambler Metals admits the allegations in this Paragraph.

89.     Ambler Metals admits the allegations in this Paragraph.

90.     Ambler Metals admits the allegations in this Paragraph.

91.     Ambler Metals admits the allegations in this Paragraph and aver that NHPA §106 consultation meetings are ongoing and did not stop in November 2019.

92.     Ambler Metals admits the allegations in this Paragraph and avers that public comments were also accepted from August 2019 through October 2019, and additional public meetings were held during September and October 2019.

93.     Ambler Metals admits the allegations in this Paragraph.

94.     Ambler Metals admits that AIDEA submitted a revised permit application to the Corps in February 2020.  The remaining allegations in the first and second sentences of this Paragraph purport to characterize the revised permit application to the Corps and the application to the BLM, which applications speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of those documents are denied.  Ambler Metals admits the allegations in the third sentence of this Paragraph that the Corps did not publish a new or revised public notice, seek additional public comment, or prepare a supplemental EIS.  Except as expressly admitted, the allegations in this sentence are denied.  Ambler Metals the allegations in the fourth sentence of this Paragraph.

95.     Ambler Metals admits the allegations in the first sentence of this Paragraph.  The remaining allegations in this Paragraph purport to characterize the Final EIS and its appendices, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited documents are denied.

96.    The allegations in this Paragraph purport to characterize two documents, the NHPA § 106 Programmatic Agreement and the Cultural Resource Management Plan, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

97.    Ambler Metals admits that BLM and the Corps issued the Joint BLM-Corps ROD for the Ambler Road Project on July 23, 2020.  The allegations in the second sentence of this Paragraph purport to characterize the Joint BLM-Corps ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Joint BLM-Corps ROD's plain language, meaning, and context are denied.  Ambler Metals admits the allegation of the third sentence of this Paragraph.

98.    The allegations in this Paragraph purport to characterize the Joint BLM-Corps ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Joint BLM-Corps ROD's plain language, meaning, and context are denied.

99.    The allegations in this Paragraph purport to characterize the Joint BLM-Corps ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Joint BLM-Corps ROD's plain language, meaning, and context are denied.

100.    The allegations in this Paragraph purport to characterize the Joint BLM-Corps ROD, which speaks for itself and is the best evidence of its contents. Any allegations

contrary to the Joint BLM-Corps ROD's plain language, meaning, and context are denied.

101.    The allegations in this Paragraph purport to characterize a permit application and the Joint BLM-Corps ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the documents are denied.

102.    The allegations in this Paragraph purport to characterize the Joint BLM-Corps ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Joint BLM-Corps ROD's plain language, meaning, and context are denied.

103.    The allegations in this Paragraph purport to characterize the Joint BLM-Corps ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Joint BLM-Corps ROD's plain language, meaning, and context are denied.

104.    Ambler Metals admits the allegations in this Paragraph.

105.    Ambler Metals admits that at least some of Plaintiffs' members participated in the enumerated stages of the planning process.  Except as expressly admitted, the allegations are denied.  Ambler Metals admits the allegations in the second sentence of this Paragraph.

"**E.  OVERARCHING PROBLEMS WITH THE AMBLER ROAD PROJECT REVIEWS**"

106. Ambler Metals denies the allegations in this Paragraph.

107. Ambler Metals denies the allegations in the first sentence of this Paragraph. The remaining allegations in this Paragraph purport to characterize statements made by AIDEA Board Chair Dana Pruhs at an AIDEA Board Meeting on April 15, 2020, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context of the statements are denied.

108. Ambler Metals admits that the statements were made by the leadership of AIDEA, the project proponent. Ambler Metals denies the remaining allegations in the first sentence of this Paragraph. Ambler Metals denies the allegations in the second sentence of this Paragraph.

109. Ambler Metals denies the allegations in this Paragraph.

110. Ambler Metals admits that the Ambler Road Project has not yet received authorization to traverse approximately 158 miles of State-owned and Native corporation-owned lands. Ambler Metals denies the remaining allegations in the first sentence of this Paragraph. The allegations in the second sentence of this Paragraph purport to characterize a letter written by Doyon Limited, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the letter's plain language, meaning, and context are denied.

111. Ambler Metals denies the allegations in this Paragraph.

112. Ambler Metals denies the allegations in this Paragraph.

113. Ambler Metals denies the allegations in this Paragraph.

114. Ambler Metals denies the allegations in this Paragraph.

**"F. ROLE OF DEFENDANT HAMMOND"**

115.    The allegations in this Paragraph purport to characterize the Joint BLM-Corps ROD, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ROD are denied.

116.    The allegations in this Paragraph purport to characterize the DOI Department Manual, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the Manual's plain language, meaning, and context are denied.

117.    The allegations in the first and second sentences of this Paragraph purport to characterize Secretarial Order 3345, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the document's plain language, meaning, and context are denied.  Ambler Metals admits that Secretarial Order 3345 was not extended and avers that the same delegated authority existed and was derived from another legally sufficient source, the Departmental Manual, at all relevant periods of time.  Ambler Metals lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of this Paragraph, and on that basis denies them.  The allegations in the fourth sentence of this Paragraph constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

118.    Ambler Metals denies the allegations in the first sentence of this Paragraph.  The remaining allegations in this Paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

119.    The allegations in the first sentence of this Paragraph constitute legal conclusions,

to which no response is required.  To the extent a response is deemed required, the allegations are denied.  Ambler Metals admits the allegations in the second sentence of this Paragraph, and further avers that 209 DM 7.3A expressly delegates the authority of the Assistant Secretary to the Deputy Assistant Secretary in the absence of an Assistant Secretary.  Ambler Metals lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of this Paragraph, and on that basis denies them.  Ambler Metals further avers that such a redelegation is expressly provided in 209 DM 7.3A.

## "V.  LEGAL FRAMEWORK AND AGENCY PROCESSES"

### "A.  ANILCA SUBSISTENCE EVALUATION AND DETERMINATIONS"

#### "1.  ANILCA Purposes and Requirements"

120.    The allegations in this Paragraph purport to characterize a statute (ANILCA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

121.    The allegations in this Paragraph purport to characterize a statute (ANILCA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

122.    The allegations in this Paragraph purport to characterize a statute (ANILCA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

123.    The allegations in this Paragraph purport to characterize a statute (ANILCA), which speaks for itself and is the best evidence of its contents. Any allegations contrary

to the plain language, meaning, and context of the statute are denied.

124.    The allegations in this Paragraph purport to characterize a reported judicial decision, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the decision are denied.

125.    The allegations in this Paragraph purport to characterize a statute (ANILCA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

126.    The allegations in this Paragraph purport to characterize a statute (ANILCA) and a reported judicial decision, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

127.    The allegations in this Paragraph purport to characterize multiple, reported judicial decisions, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

128.    The allegations in this Paragraph purport to characterize a statute (ANILCA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

129.    The allegations in this Paragraph purport to characterize a statute (ANILCA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

130.    The allegations in this Paragraph purport to characterize a reported Supreme Court

decision, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the decision are denied.

131. The allegations in this Paragraph purport to characterize a statute (ANILCA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

132. The allegations in this Paragraph purport to characterize a statute (ANILCA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

133. The allegations in this Paragraph purport to characterize a statute (ANILCA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

134. The allegations in this Paragraph purport to characterize a statute (ANILCA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

135. Ambler Metals admits the allegations of this Paragraph subject to the clarification that NPS, FWS and BLM are bureaus within the Department of Interior sometimes colloquially referred to as "sister agencies."

136. The allegations of this Paragraph purport to characterize a statute (the National Park Service Organic Act), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning, and context are denied.

137. The allegations of this Paragraph purport to characterize a statute (the Federal Land Policy & Management Act), which speaks for itself and is the best evidence of its

contents. Any allegations contrary to the statute's plain language, meaning, and context are denied.

"**2. Defendants' Flawed ANILCA Subsistence Evaluation and Determinations**"

138. Ambler Metals admits that the agencies compiled a Subsistence Technical Report. The remaining allegations in this Paragraph purport to characterize the Subsistence Technical Report, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the report's plain language, meaning, and context are denied.

139. The allegations in this Paragraph purport to characterize the Subsistence Technical Report, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the report's plain language, meaning, and context are denied.

140. The allegations in this Paragraph purport to characterize the Subsistence Technical Report, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the report's plain language, meaning, and context are denied.

141. The allegations in this Paragraph purport to characterize the Subsistence Technical Report, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the report's plain language, meaning, and context are denied.

142. The allegations in this Paragraph purport to characterize the Subsistence Technical Report, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the report's plain language, meaning, and context are denied.

143. The allegations in this Paragraph purport to characterize the Subsistence Technical Report, which speaks for itself and is the best evidence of its contents. Any allegations

contrary to the report's plain language, meaning, and context are denied.

144.    The allegations in the first and second sentences of this Paragraph purport to characterize the Tier 1 evaluation, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the evaluation are denied. The allegations in the third, fourth, and fifth sentences of this Paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

145.    Ambler Metals denies the allegations in this Paragraph.

146.    Ambler Metals denies the allegations in the first sentence of this Paragraph.  The allegations in the second and third sentences of this Paragraph purport to characterize the Tier 1 evaluation, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the evaluation are denied.  Ambler Metals denies the allegations of the fourth and fifth sentences of this Paragraph.

147.    Ambler Metals denies the allegations in this Paragraph.

148.    Ambler Metals denies the allegations in this Paragraph.

149.    Ambler Metals denies the allegations in this Paragraph.

150.    The allegations in this Paragraph purport to characterize the Tier 1 evaluation, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the evaluation are denied.

151.    Ambler Metals denies the allegations in the first and second sentences of this Paragraph.  The remaining allegations in this Paragraph purport to characterize the Tier 1

evaluation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, or context of the evaluation are denied.

152. Ambler Metals denies the allegations in this Paragraph.

153. Ambler Metals denies the allegations in this Paragraph.

154. Ambler Metals denies the allegations of the first and third sentences of this Paragraph. The allegations in the second sentence of this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response, and are denied on that basis.

155. Ambler Metals denies the allegations in this Paragraph.

156. Ambler Metals denies the allegations in this Paragraph.

157. Ambler Metals denies the allegations in the first sentence of this Paragraph. The remaining allegations in this Paragraph purport to characterize the Tier 2 evaluation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the evaluation are denied.

158. Ambler Metals admits the allegations in this Paragraph.

159. The allegations in this Paragraph constitute legal conclusions, to which no response is required. The allegations in this Paragraph also purport to characterize a statute (ANILCA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning, and context are denied.

160. The allegations in the first and second sentences of this Paragraph purport to characterize the Tier 2 determination, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, or context of the

determination are denied.  Ambler Metals denies the allegations in the third sentence of

this Paragraph.  The allegations in the fourth and fifth sentences of this Paragraph

constitute legal conclusions, to which no response is required.  To the extent a response is

deemed required, the allegations are denied.  The allegations in the sixth sentence of this

Paragraph purport to characterize the Tier 2 determination, which speaks for itself and is

the best evidence of its contents.  Any allegations contrary to its plain language, meaning,

or context of the determination are denied.

161.    Ambler Metals denies the allegations in the first sentence of this Paragraph.  The

allegations in the second and third sentences of this Paragraph purport to characterize

Defendants' second Tier 2 determination, which speaks for itself and is the best evidence

of its contents.  Any allegations contrary to the plain language, meaning, or context of the

determination are denied.  Ambler Metals admits the allegations in the fourth sentence of

this Paragraph purport to characterize a Final Finding and Decision issued by the State of

Alaska dated January 2, 2020, which speaks for itself and is the best evidence of its

contents.  Any allegations contrary to the plain language, meaning, or context of the

document are denied.  Ambler Metals admits that the allegations in the fifth sentence of

this Paragraph describe potential impacts identified in the EIS and/or through public

comment, but deny any allegations that Defendants failed to consider such impacts or that

the Ambler Road Project analysis and disclosure was deficient in any way.  Ambler

Metals denies the allegations in the sixth sentence of this Paragraph.

162.    Ambler Metals denies the allegations in the first sentence of this Paragraph.  The

allegations in the second and third sentences of this Paragraph purport to characterize the

third Tier 2 determination, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, or context of the determination are denied.

"**3**. **Defendants' Failure to Conduct an ANILCA Subsistence Evaluation for NPS Lands**"

163.    The allegations in this Paragraph constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  Ambler Metals denies any allegation that an ANILCA § 810 evaluation was not conducted for Gates of the Arctic National Park and Preserve.

164.    The allegations in this Paragraph purport to characterize the Joint NPS-FHWA ROD, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the ROD's plain language, meaning, or context are denied.

165.    The allegations in this Paragraph constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

166.    The allegations in this Paragraph purport to characterize the Joint NPS-FHWA ROD, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the ROD's plain language, meaning, or context are denied.

167.    Ambler Metals denies the allegations in this Paragraph.

168.    The allegations in this Paragraph constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

**"B.  NHPA HISTORIC PROPERTY REVIEW AND CONSULTATION PROCESS"**

**"1.  NHPA Purposes and Requirements"**

169.    The allegations in this Paragraph purport to characterize a public law (the NHPA), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the statute's plain language, meaning, and context are denied.

170.    The allegations in this Paragraph purport to characterize a statute (the NHPA) and a reported judicial decision, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

171.    The allegations in this Paragraph purport to characterize a statute (the NHPA), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the statute's plain language, meaning, and context are denied.

172.    The allegations in this Paragraph purport to characterize a statute (the NHPA), its implementing regulations, and a reported judicial decision, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

173.    The allegations in this Paragraph purport to characterize a statute (the NHPA), its implementing regulations, and two reported judicial decisions, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

174.    The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of

their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

175.    The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

176.    The allegations in this Paragraph purport to characterize a statute (the NHPA), its implementing regulations, a reported judicial decision, and several secondary sources, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

177.    The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

178.    The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

179.    The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of

their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

180.    The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

181.    The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

182.    The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

183.    The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

184.    The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of

their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

185.    The allegations in this Paragraph purport to characterize a statute (the NHPA), its implementing regulations, and a reported judicial decision, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

186.    The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

187.    The allegations in this Paragraph purport to characterize a statute (the NHPA), its implementing regulations, a reported judicial decision, and a memorandum, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

188.    The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

189.    The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

190. The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

191. The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

192. The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

193. The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

194. The allegations in this Paragraph purport to characterize a statute (the NHPA), its implementing regulations, and a reported judicial decision, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

195. The allegations in this Paragraph purport to characterize a statute (the NHPA) and its implementing regulations, which speak for themselves and are the best evidence of

their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

"**2. Defendants' Flawed NHPA Historic Property Review and Consultation Process**"

196. The allegations in this Paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied.

197. Ambler Metals denies the allegations in this Paragraph.

198. Ambler Metals denies the allegations in this Paragraph.

199. The allegations in this Paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied.

200. The allegations in this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response, and on that basis are denied.

201. Ambler Metals denies the allegations in the first sentence of this Paragraph. The allegations in the second and third sentences of this Paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied.

202. The allegations in this Paragraph purport to characterize unspecified statements made by Plaintiffs and other tribes, which speak for themselves and are the best evidence

of their contents. Any allegations contrary to the statements' plain language, meaning, and context are denied.

203. The allegations in this Paragraph purport to characterize statements made at the January 2018 NHPA § 106 meeting, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the statements' plain language, meaning, and context are denied.

204. Ambler Metals denies the allegations in this Paragraph.

205. Ambler Metals admits that the APE defines the area where the agencies will study and consider impacts on historic properties during the post-ROD period. The remaining allegations of the first sentence of this Paragraph are too vague or ambiguous to permit Ambler Metals to frame a response, and are denied on that basis. Ambler Metals denies the allegations in the second and third sentences of this Paragraph.

206. Ambler Metals denies the allegations in the first sentence of this Paragraph. The allegations in the second sentence of this Paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are deemed denied.

207. The allegations in this Paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied. Ambler Metals denies that the consultations were deficient in any way.

208. Ambler Metals denies the allegations in this Paragraph.

209.    The allegations in this Paragraph constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

210.    The allegations in this Paragraph constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

211.    The allegations in this Paragraph constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

212.    Ambler Metals denies the allegations in this Paragraph.

213.    Ambler Metals admits the allegations in the first sentence of this Paragraph. Ambler Metals denies the allegations in the second sentence of this Paragraph.  The allegations in the third sentence of this Paragraph constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

214.    Ambler Metals denies the allegations in this Paragraph.

215.    Ambler Metals denies the allegations in this Paragraph.

216.    Ambler Metals denies the allegations in this Paragraph.

**"C.  NEPA ENVIRONMENTAL REVIEW"**

**"1.  NEPA Purposes and Requirements"**

217.    The allegations in this Paragraph purport to characterize a statute (NEPA) and its implementing regulations, which speak for themselves and are the best evidence of their

contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

218.    The allegations in this Paragraph purport to characterize a statute (NEPA), its implementing regulations, and a reported judicial decision, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

219.    The allegations in this Paragraph purport to characterize *Sierra Club v. BLM*, 786 F.3d 1219, 1226 (9th Cir. 2015), and other unspecified judicial decisions, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language, meaning, and context of the cited authorities are denied.

220.    The allegations in this Paragraph purport to characterize a statute (NEPA), its implementing regulations, and a reported judicial decision, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

221.    The allegations in this Paragraph purport to characterize a statute (NEPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

222.    The allegations in this Paragraph purport to characterize a statute (NEPA), its implementing regulations, and a reported judicial decision, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

223.    The allegations in this Paragraph purport to characterize a statute (NEPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

"**2.  Defendants' Flawed NEPA Environmental Review**"

224.    Ambler Metals denies the allegations in this Paragraph.

225.    Ambler Metals denies the allegations in this Paragraph.

226.    Ambler Metals denies the allegations in this Paragraph.

227.    The allegations in this Paragraph purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the EIS's plain language, meaning, and context are denied.

228.    The allegations in this Paragraph purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the EIS's plain language, meaning, and context are denied.

229.    The allegations in this Paragraph purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the EIS's plain language, meaning, and context are denied.

230.    The allegations in this Paragraph purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the EIS's plain language, meaning, and context are denied.

231.    Ambler Metals denies the allegations in this Paragraph.

232.    Ambler Metals denies the allegations in this Paragraph.

233.     The allegations in the first sentence of this Paragraph purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the EIS's plain language, meaning, and context are denied.  Ambler Metals admits that BLM has management authority over approximately 25 of the 211miles of the roadway.  The remaining allegations in the second sentence of this Paragraph constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  Ambler Metals avers that the portion of the roadway on lands managed by the NPS will not be open to the public.  Ambler Metals lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of this Paragraph and therefore denies them.

234.     The allegations in the first sentence of this Paragraph purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the EIS's plain language, meaning, and context are denied.  Ambler Metals denies the allegations in the second sentence of this Paragraph.

235.     The allegations in this Paragraph purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the EIS's plain language, meaning, and context are denied.

236.     Ambler Metals denies the allegations in this Paragraph.

237.     Ambler Metals denies the allegations in this Paragraph.

238.     Ambler Metals denies the allegations in this Paragraph.

239.     Ambler Metals denies the allegations in the first and second sentences of this Paragraph.  The allegations in the third sentence of this Paragraph are too vague and

ambiguous to permit Ambler Metals to frame a response, and are denied on that basis.

240. The allegations in this Paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied.

241. Ambler Metals denies the allegations in this Paragraph.

242. Ambler Metals denies the allegations in this Paragraph.

"D. CLEAN WATER ACT PERMITTING PROCESS"

"1. Clean Water Act Purposes and Requirements"

243. The allegations in this Paragraph purport to characterize a statute (the Clean Water Act), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning, and context are denied.

244. The allegations in this Paragraph purport to characterize a statute (the Clean Water Act) and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

245. The allegations in this Paragraph purport to characterize a statute (the Clean Water Act) and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

246. The allegations in this Paragraph purport to characterize a statute (the Clean Water Act) and its implementing regulations, which speak for themselves and are the best

evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

247. The allegations in this Paragraph purport to characterize a statute (the Clean Water Act) and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

248. The allegations in this Paragraph purport to characterize a statute (the Clean Water Act) and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

249. The allegations in this Paragraph purport to characterize a statute (the Clean Water Act) and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

250. The allegations in this Paragraph purport to characterize a statute (the Clean Water Act) and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

251. The allegations in this Paragraph purport to characterize a statute (the Clean Water Act) and its implementing regulations, which speak for themselves and are the best

evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

252.    The allegations in this Paragraph purport to characterize a statute (the Clean Water Act) and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

"**2.  Defendant Corps' Flawed CWA Permitting Process**"

253.    Ambler Metals admits that Defendants issued a public notice relating to Clean Water Act 404 permitting for the Ambler Road project in September 2019 based on a permit application and supplementary materials submitted by AIDEA in 2015 and 2016. The remaining allegations of this Paragraph are denied.

254.    The allegations in this Paragraph purport to characterize permit applications submitted to the Corps and BLM, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited documents are denied.

255.    The allegations in this Paragraph purport to characterize permit applications submitted to the Corps and BLM and the Joint Corps-BLM ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited documents are denied.

256.    The allegations in this Paragraph purport to characterize permit applications submitted by AIDEA to the Corps and BLM and the Joint BLM-Corps ROD, which speak for themselves and are the best evidence of their contents.  Any allegations

contrary to the plain language, meaning, and context of the cited documents are denied.

257.    Ambler Metals admits that the Corps did not publish a new or revised public notice, seek additional public comment, or prepare a supplemental EIS.  Except as expressly admitted, the allegations in the first sentence of this Paragraph are denied. Ambler Metals admits the allegations in the second sentence of this Paragraph.  Ambler Metals denies the allegations of the third and fourth sentences of this Paragraph.

258.    Ambler Metals denies the allegations in the first sentence of this Paragraph.  The allegations in the second sentence of this Paragraph purport to characterize the Final EIS and the Joint BLM-Corps ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited documents are denied.

259.    The allegations in this Paragraph purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the EIS's plain language, meaning, and context are denied.

260.    The allegations in the first and second sentences of this Paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.  Ambler Metals admits that the allegations in the third sentence of this Paragraph describe potential impacts to health associated with gravel extraction identified in the EIS and/or through public comment in the abstract, but deny any allegations that Defendants failed to consider such impacts or that the Ambler Road Project analysis and disclosure was deficient in any way.  The allegations in the fourth sentence of this Paragraph constitute legal conclusions, to which no response is required.

To the extent a response is deemed required, the allegations are denied.

261.    The allegations in this Paragraph constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

262.    The allegations in this Paragraph constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

**"E.  MANAGEMENT OF PUBLIC LANDS UNDER FLPMA"**

**"1.  Federal Land Management Authorizations and Requirements"**

263.    The allegations in this Paragraph purport to characterize a statute (FLPMA), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning and context of the statute are denied.

264.    The allegations in this Paragraph purport to characterize a statute (FLPMA), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning and context of the statute are denied.265.    The allegations in this Paragraph purport to characterize a statute (FLPMA), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning and context of the statute are denied.

**"2. Defendants' Flawed Approach to Land Management Decisionmaking"**

266.    Ambler Metals denies the allegations in this Paragraph.

267.    Ambler Metals denies the allegations in this Paragraph.

268.    Ambler Metals denies the allegations in this Paragraph.

**"F.    Administrative Procedure Act"**

269.    The allegations in this Paragraph purport to characterize a statute (the Administrative Procedure Act), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning and context of the statute are denied.

270.    The allegations in this Paragraph purport to characterize a reported judicial decision, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning and context of the cited authority are denied.

271.    The allegations in this Paragraph purport to characterize a reported judicial decision, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning and context of the cited authority are denied.

<h3 align="center">"VI.  FIRST CLAIM"</h3>

<h3 align="center">"Violations of ANILCA § 810 by BLM and NPS"</h3>

272.    The allegations in this Paragraph are a characterization of Plaintiffs' case to which no response is required.

<h3 align="center">"1.    Unlawful Exclusion of Subsistence Communities<br>Prior to the Tier 1 Evaluation"</h3>

273.    Ambler Metals repeats and incorporates its responses to Paragraphs 1-272 above.

274.    The allegations in this Paragraph purport to characterize a statute, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the statute's plain language, meaning and context are denied.

275.    The allegations in this Paragraph purport to characterize a reported judicial decision, which speaks for itself and is the best evidence of its contents.  Any allegations

contrary to its plain language, meaning and context are denied.

276.    The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

277.    The allegations in this Paragraph purport to characterize unknown statements by Defendants, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning and context of those statements are denied.

278.    Ambler Metals admits the allegations in this Paragraph.

279.    Ambler Metals denies the allegations in this Paragraph and denies any violation of law.

280.    The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

281.    The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

283.    The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

284.    Ambler Metals denies the allegations of this Paragraph.

### "2.  Failure to Conduct a Proper Tier 1 Evaluation"

285.    Ambler Metals repeats and incorporates its responses to Paragraphs 1-284 above.

286.    The allegations in this Paragraph purport to characterize a statute, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the statute's plain language, meaning and context are denied.

287. The allegations in this Paragraph purport to characterize a statute and a reported judicial decision, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

288. The allegations in this Paragraph purport to characterize a statute (ANILCA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning and context are denied.

289. The allegations in this Paragraph purport to characterize a reported judicial decision, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied.

290. Ambler Metals denies the allegations in this Paragraph.

291. Ambler Metals denies the allegations in this Paragraph.

292. Ambler Metals denies the allegations in this Paragraph.

293. Ambler Metals denies the allegations in this Paragraph.

294. Ambler Metals denies the allegations in this Paragraph.

295. Ambler Metals denies the allegations in this Paragraph.

296. Ambler Metals denies the allegations in this Paragraph.

297. Ambler Metals denies the allegations in this Paragraph.

298. Ambler Metals denies the allegations in this Paragraph.

299. Ambler Metals denies the allegations in this Paragraph.

300. Ambler Metals denies the allegations in this Paragraph.

301. Ambler Metals denies the allegations in this Paragraph.

302.     Ambler Metals denies the allegations in this Paragraph.

303.     The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

304.     Ambler Metals denies the allegations in this Paragraph.

### "3.  Unlawful Tier 1 Determinations and Exclusion of Subsistence Communities from Tier 2"

305.     Ambler Metals repeats and incorporates its responses to Paragraphs 1-304 above.

306.     The allegations in this Paragraph purport to characterize a reported judicial decision, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning and context of the decision are denied.

307.     The allegations in this Paragraph purport to characterize two reported judicial decisions, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning and context of the decisions are denied.

308.     Ambler Metals denies the allegations in this Paragraph.

309.     Ambler Metals denies the allegations in this Paragraph.

310.     Ambler Metals denies the allegations in this Paragraph.

311.     The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

312.     Ambler Metals denies the allegations in this Paragraph.

### "4.     Unlawful Tier 2 Determinations and Failure to Make Tier 2 Determinations"

313.     Ambler Metals repeats and incorporates its responses to Paragraphs 1-313 above.

314.     The allegations in this Paragraph purport to characterize a statute (ANILCA), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the statute's plain language, meaning and context are denied.

315.     The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

316.     Ambler Metals denies the allegations in this Paragraph.

317.     Ambler Metals denies the allegations in this Paragraph.

318.     Ambler Metals denies the allegations in this Paragraph.

319.     Ambler Metals denies the allegations in this Paragraph.

320.     Ambler Metals denies the allegations in this Paragraph.

321.     The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

322.     The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

323.     Ambler Metals denies the allegations in this Paragraph.

## "VII.  SECOND CLAIM"

## "Violations of ANILCA § 810 by NPS"

## "Failure to Conduct or Adopt ANILCA § 810 Evaluation"

324.     Ambler Metals repeats and incorporates its responses to Paragraphs 1-312 above.

325.     The allegations in this Paragraph purport to characterize a statute (ANILCA), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the statute's plain language, meaning and context are denied.

326.    The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

327.    The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

328.    The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

329.    The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

330.    Ambler Metals denies the allegations in this Paragraph.

## "VIII. THIRD CLAIM"

## "Violations of NHPA § 106 by BLM, Corps, NPS, and FHWA"

### "1. Failure to Properly Identify and Consult with Tribes Concerning Landscape-Level Historic Properties"

331.    Ambler Metals repeats and incorporates its responses to Paragraphs 1-330 above.

332.    The allegations in this Paragraph purport to characterize a regulation, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

333.    The allegations in this Paragraph purport to characterize a regulation and a reported judicial decision, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

334.    The allegations in this Paragraph purport to characterize a regulation, which

speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

335. The allegations in this Paragraph purport to characterize a regulation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

336. The allegations in this Paragraph purport to characterize a regulation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

337. Ambler Metals denies the allegations in this Paragraph.

338. Ambler Metals denies the allegations in this Paragraph.

339. Ambler Metals denies the allegations in this Paragraph.

340. Ambler Metals denies the allegations in this Paragraph.

341. Ambler Metals denies the allegations in this Paragraph.

342. Ambler Metals denies the allegations in this Paragraph.

343. The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

344. Ambler Metals denies the allegations in this Paragraph.

## "2.     Unlawful Determination of the Area of Potential Effects"

345. Ambler Metals repeats and incorporates its responses to Paragraphs 1-344 above.

346. The allegations in this Paragraph purport to characterize a regulation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

347.    The allegations in this Paragraph purport to characterize a regulation, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

348.    The allegations in this Paragraph purport to characterize a regulation, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

349.    The allegations in this Paragraph purport to characterize a regulation, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

350.    Ambler Metals denies the allegations in this Paragraph.

351.    Ambler Metals denies the allegations in this Paragraph.

352.    Ambler Metals denies the allegations in this Paragraph.

353.    The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

354.    Ambler Metals denies the allegations in this Paragraph.

**"3.  Failure to Develop, Consider, and Consult with Tribes About Alternatives Protective of Landscape-Level Historic Properties"**

355.    Ambler Metals repeats and incorporates its responses to Paragraphs 1-354 above.

356.    The allegations in this Paragraph purport to characterize a regulation, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

357.    The allegations in this Paragraph purport to characterize a regulation, which

speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

358.    The allegations in this Paragraph purport to characterize a regulation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

359.    Ambler Metals denies the allegations in this Paragraph.

360.    Ambler Metals denies the allegations in this Paragraph.

361.    Ambler Metals denies the allegations in this Paragraph.

362.    Ambler Metals denies the allegations in this Paragraph.

363.    The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

364.    Ambler Metals denies the allegations in this Paragraph.

### "4.  Failure to Properly Consult with Tribal Governments"

365.    Ambler Metals repeats and incorporates its responses to Paragraphs 1-364 above.

366.    Ambler Metals admits that Plaintiffs Alatna Village Council, Allakaket Tribal Council, Evansville Tribal Council, Huslia Tribal Council, and Tanana Tribal Council are each the governing body of a sovereign federally-recognized Indian tribe. The allegation that Plaintiff Tanana Chiefs Conference is a sovereign and federally-recognized Tribal government constitutes a legal conclusion, to which no response is required. To the extent a response is required, the allegation is denied. The remaining allegations in this Paragraph are too vague and ambiguous to permit Ambler Metals to frame a response, and are denied on that basis.

367. The allegations in this Paragraph purport to characterize regulations and a reported judicial decision, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

368. The allegations in this Paragraph purport to characterize a regulation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

369. The allegations in this Paragraph purport to characterize a regulation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

370. Ambler Metals denies the allegations in this Paragraph.

371. Ambler Metals denies the allegations in this Paragraph.

372. Ambler Metals denies the allegations in this Paragraph.

373. Ambler Metals denies the allegations in this Paragraph.

374. Ambler Metals denies the allegations in this Paragraph.

375. Ambler Metals denies the allegations in this Paragraph.

376. Ambler Metals denies the allegations in this Paragraph.

377. The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

378. Ambler Metals denies the allegations in this Paragraph.

## "IX. FOURTH CLAIM"

### "Violations of NEPA by BLM and the Corps:"

## "1. Failure to Consider a Reasonable Range of Alternatives"

379.    Ambler Metals repeats and incorporates its responses to Paragraphs 1-378 above.

380.    The allegations in this Paragraph purport to characterize a regulation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

381.    The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

382.    Ambler Metals denies the allegations in this Paragraph.

383.    Ambler Metals denies the allegations in this Paragraph.

384.    The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

385.    The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

386.    Ambler Metals denies the allegations in this Paragraph.

## "2. Improper Segmentation of NEPA Review"

387.    Ambler Metals repeats and incorporates its responses to Paragraphs 1-386 above.

388.    The allegations in this Paragraph purport to characterize a regulation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

389.    The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

390.     The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

391.     Ambler Metals denies the allegations in this Paragraph.

392.     Ambler Metals denies the allegations in this Paragraph.

393.     The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

394.     The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

395.     Ambler Metals denies the allegations in this Paragraph.

### "3.  Failure to Prepare a Supplemental EIS"

396.     Ambler Metals repeats and incorporates its responses to Paragraphs 1-395 above.

397.     The allegations in this Paragraph purport to characterize a regulation, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

398.     Ambler Metals admits that AIDEA submitted a permit application for the Ambler Road Project in February 2020.  The remaining allegations in this Paragraph constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

399.     The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

400.     Ambler Metals denies the allegations in this Paragraph.

401.    The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

402.    Ambler Metals denies the allegations in this Paragraph.

### "4.  Failure to Properly Analyze Direct and Indirect Effects, Cumulative Impacts, and Mitigation Measures"

403.    Ambler Metals repeats and incorporates its responses to Paragraphs 1-402 above.

404.    The allegations in this Paragraph purport to characterize regulations and a reported judicial decision, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited authorities are denied.

405.    Ambler Metals denies the allegations in this Paragraph.

406.    Ambler Metals denies the allegations in this Paragraph.

407.    Ambler Metals denies the allegations in this Paragraph.

408.    The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

409.    Ambler Metals denies the allegations in this Paragraph.

### "X.  FIFTH CLAIM"

### "Violations of the Clean Water Act § 404 by the Corps"

### "1.  Failure to Provide Adequate Public Notice"

410.    Ambler Metals repeats and incorporates by reference its responses to Paragraphs 1-409 above.

411.    The allegations in this Paragraph purport to characterize a statute (the Clean Water

Act), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

412.    The allegations in this Paragraph purport to characterize a regulation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the regulation are denied.

413.    Ambler Metals admits the allegations in this Paragraph.

414.    Ambler Metals admits that AIDEA submitted a revised 404 permit application to the Corps in February 2020. The remaining allegations of the first sentence of this Paragraph purport to characterize the revised permit application, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.  Ambler Metals admits that the Corps did not publish a new or revised public notice, seek additional public comment, or prepare a supplemental EIS, but denies the remaining allegations in the second sentence of this Paragraph.

415.    Ambler Metals denies the allegations in this Paragraph.

416.    Ambler Metals denies the allegations in this Paragraph.

417.    The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

418.    Ambler Metals denies the allegations in this Paragraph.

**"2.  Failure to Demonstrate Compliance with EPA's 404(b)(1) Guidelines"**

419.    Ambler Metals repeats and incorporates by reference its responses to Paragraphs 1-418 above.

420. The allegations of this Paragraph purport to characterize the Clean Water Act and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

421. The allegations of this Paragraph purport to characterize the Clean Water Act and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

422. Ambler Metals denies the allegations in this Paragraph.

423. The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

424. Ambler Metals denies the allegations in this Paragraph.

## "XI. SIXTH CLAIM"

## "Violations of FLPMA by BLM"

## "Failure to Properly Limit Scope of Right-of-Way, Impose Adequately Protective Conditions, and Prevent Undue Degradation"

425. Ambler Metals repeats and incorporates by reference its responses to Paragraphs 1-424 above.

426. The allegations in this Paragraph purport to characterize a statute (FLPMA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning, and context are denied.

427. The allegations in the first sentence of this Paragraph purport to characterize the

Joint BLM-Corps Record of Decision, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the document are denied. Ambler Metals denies the remaining allegations in this Paragraph.

428. Ambler Metals denies the allegations in this Paragraph.

429. Ambler Metals denies the allegations in this Paragraph.

430. The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

431. Ambler Metals denies the allegations in this Paragraph.

### "XII. SEVENTH CLAIM"

### "Invalid Decisions by Interior and BLM"

### "Joint BLM-Corps ROD and Other Decision Documents Not Approved by Properly Authorized Agency Official"

432. Ambler Metals repeats and incorporates by references its responses to Paragraphs 1-431 above.

433. The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

434. The allegations in this Paragraph purport to characterize two statutes, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the statutes' plain language, meaning, and context are denied.

435. The allegations in this Paragraph purport to characterize a statute (Federal Vacancies Reform Act), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning, and context are denied.

436. The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

437. The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

438. The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

439. Ambler Metals denies the allegations in this Paragraph.

## "REQUEST FOR RELIEF"

The remainder of the First Amended Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed required, Ambler Metals denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

## <u>DEFENSES</u>

Plaintiffs have failed to state a claim as to which relief may be granted with respect to one or more of their claims.

Dated:  February 17, 2021

**PERKINS COIE LLP**
***Attorneys for Intervenor-Defendant***
***Ambler Metals***

By:  *s/ Stacey Bosshardt*
       Stacey Bosshardt (*Pro Hac Vice*)
       DC Bar No. 458645
       SBosshardt@perkinscoie.com
       700 Thirteenth Street, N.W., Suite 800
       Washington, D.C.  20005-3960
       Telephone:  202.654.6200
       Facsimile:  202.654.6211

       Eric B. Fjelstad
       EFjelstad@perkinscoie.com
       James N. Leik
       JLeik@perkinscoie.com
       1029 West Third Avenue, Suite 300
       Anchorage, AK  99501-1981
       Telephone:  907.279.8561

## CERTIFICATE OF SERVICE

I hereby certify on February 17, 2021, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification and electronic service of the same to all counsel of record.

Dated: February 17, 2021

                                       *s/ Stacey Bosshardt*
                                       Stacey Bosshardt