Teresa B. Clemmer (AK Bar No. 0111059)
CLEMMER LAW OFFICE LLC
PO Box 4086
Palmer, AK 99645
Phone: 907-982-2774
tclemmer@clemmerlaw.net

*Counsel for Plaintiffs Alatna Village Council, Allakaket Tribal Council, Evansville Tribal Council, Huslia Tribal Council, Tanana Tribal Council, and Tanana Chiefs Conference*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALATNA VILLAGE COUNCIL, *et al.*,<br><br>    Plaintiffs,<br>v.<br><br>CHAD PADGETT, in his official capacity, *et al.*,<br><br>    Defendants,<br>    and<br><br>AMBLER METALS, LLC, *et al.*,<br><br>    Intervenor-Defendants. | Case No. 3:20-cv-00253-SLG |

## PLAINTIFFS' RESPONSE TO INTERVENORS' JOINT MOTION REGARDING BRIEFING SCHEDULE, SUFFICIENCY OF ADMINISTRATIVE RECORD, AND STATUS CONFERENCE

Plaintiffs oppose several aspects of the Intervenors' motion relating to the merits

briefing schedule and sufficiency of the Administrative Record, as well as their request

for a status conference (ECF 78).

1.      **Merits Briefing Schedule**

The Plaintiffs and the federal Defendants in both of the Ambler Road Project lawsuits, *Alatna Village Council v. Padgett*, 3:20-cv-00253, and *Northern Alaska Environmental Center v. Haaland*, 3:20-cv-00187, have worked out and proposed a reasonable briefing schedule that ensures completion of the briefing before the winter holidays, accommodates the parties' other commitments, and allows each party sufficient time (ECF 77).  While the Plaintiffs and federal Defendants would each have approximately 6 weeks to draft their opening and response briefs, respectively, the Intervenors are seeking a total of 9 weeks for the drafting of their response briefs.  In Plaintiffs' view, this amount of time is excessive and would be disruptive to the overall briefing schedule.

This Court has previously issued an order establishing a one-week stagger period to allow the Intervenors time to review the federal Defendants' brief and ensure that their briefs are not overly duplicative of the government's claims and arguments (ECF 34).  It is Plaintiffs' understanding that one week is a standard amount of time for such a review, even in complex cases.  In response to Intervenors' request for more time, the Plaintiffs and Defendants have tried to be accommodating by proposing a two-week stagger period (ECF 77) as a compromise that would give Intervenors some additional time but not

PLAINTIFFS' RESPONSE TO INTERVENORS' JOINT MOTION
REGARDING BRIEFING SCHEDULE, SUFFICIENCY OF ADMINISTRATIVE RECORD,
AND STATUS CONFERENCE
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG                    2

delay the remainder of the briefing schedule into the new year or prejudice Plaintiffs. If approved by the Court, this would give Intervenors a total of 8 weeks to draft their response briefs. This amount of time is more than adequate. The only reason the Intervenors' briefing deadline overlaps the Thanksgiving holiday is that they have already been given an extra week. Filing the Wednesday before Thanksgiving would still give them a week and a half to review the federal Defendants' brief, which should be sufficient time.

The Intervenors' requested three-week stagger period (9 weeks for their response overall) would give them an unfair litigation advantage. It would also be disruptive to the litigation because it would likely end up pushing the entire briefing schedule into and through the winter holidays, which could significantly extend the timeline for completing briefing because of existing commitments around the holidays for counsel and the need for more time if Plaintiffs do not receive Intervenors' briefs until December 3. Plaintiffs and the federal Defendants have set out a schedule that would provide ample time for all parties involved, without unduly delaying the case.

The Intervenors have overstated the challenges they face, especially as compared to those faced by Plaintiffs. The Intervenors will only be responding to one brief in this litigation (Plaintiffs'), and coordinating with respect to a second brief (federal Defendants'). In contrast, the Plaintiffs will likely be responding to five briefs (federal

PLAINTIFFS' RESPONSE TO INTERVENORS' JOINT MOTION
REGARDING BRIEFING SCHEDULE, SUFFICIENCY OF ADMINISTRATIVE RECORD,
AND STATUS CONFERENCE
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG                    3

Case 3:20-cv-00253-SLG   Document 79   Filed 08/19/21   Page 3 of 8

Defendants' and the four Intervenors'), and they will need adequate time to do so. Moreover, the current window for the Reply briefs is meant to accommodate Plaintiffs' counsel's existing travel plans (December 17 through January 2), as well as the extended leave of Plaintiffs' counsel in the *NAEC* case (who will not be back in the office until November 29 and is again out on leave starting December 23 and through the new year). As such, neither of the Plaintiff groups' counsel will be in a position to utilize the entire period scheduled for the Reply, and any changes to the schedule proposed jointly by the federal Defendants and the Plaintiffs in the two cases could result in a substantial delay in the overall briefing schedule.

Plaintiffs' concerns about delays in the briefing schedule are heightened because of the ongoing field work relating to the Ambler Road Project. AIDEA is conducting a range of different preconstruction activities during this 2021 field season, and additional work is expected to take place during the 2022 field season. There is potential for this field work to include extensive geotechnical drilling and other ground-disturbing activities that could adversely affect cultural resources, subsistence, fish and wildlife habitat, and other values. As such, a timely resolution of the merits is of substantial importance to Plaintiffs.

Plaintiffs therefore urge the Court to adopt the merits briefing schedule proposed jointly by the Plaintiffs and federal Defendants in this matter.

PLAINTIFFS' RESPONSE TO INTERVENORS' JOINT MOTION
REGARDING BRIEFING SCHEDULE, SUFFICIENCY OF ADMINISTRATIVE RECORD,
AND STATUS CONFERENCE
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG                     4

Case 3:20-cv-00253-SLG   Document 79   Filed 08/19/21   Page 4 of 8

## 2. Consolidated Briefing

Plaintiffs oppose Intervenors' request for consolidated briefing encompassing all of the claims and arguments made in both the *Alatna* and *NAEC* lawsuits. Because this request was made in a single sentence in a footnote (ECF 78 at 3, note 2), rather than a proper motion, Plaintiffs are not in a position to respond in detail to this proposal. In general, however, and as discussed in their Joint Motion (ECF 77), the Plaintiffs in both cases and the federal Defendants are opposed to consolidated briefing. Although the two lawsuits involve the same facts concerning agency decision-making and similar claims under some of the same statutes, there are a number of completely distinct claims in each lawsuit, such as the Plaintiff Tribes' claims in this matter concerning Tribal consultation, cultural resources, historic properties, and subsistence. Even with respect to claims arising under the same statutes, the specific alleged violations in each case are distinct.

Furthermore, Plaintiffs' prior experience in similar cases has shown that the consolidation of briefing for complex cases with distinct claims can lead to unnecessary complication of the case, confusion of the issues, and excessive burdens on the Plaintiffs as well as the Court. Plaintiffs therefore urge the Court to deny Intervenors' footnote request to file a consolidated response brief encompassing both cases.

## 3. Sufficiency of the Administrative Record

In another footnote (ECF 78 at 2, note 1), the Intervenors have attempted to

achieve, *sub rosa,* an extension of the deadline for challenges to the sufficiency of the

Administrative Record, which passed on August 18, 2021. The Court should deny this

request as well.

For the past several weeks, Plaintiffs conferred with the federal Defendants and

Intervenors regarding the possibility of obtaining access to documents that have been

withheld from the Administrative Record because they contain sensitive/confidential

Tribal information concerning their cultural resources. To maintain the confidentiality of

this information, the disclosure of which would have deeply disturbing spiritual and

cultural consequences for the Tribes, the Plaintiffs were attempting to develop an

adequate and mutually acceptable protective order. The Plaintiffs and federal Defendants

were able to agree on the text of such a protective order, but the Intervenors sought

access to the same information, and the parties were unable to reach agreement on the

terms of a protective order. In order to avoid contested motions and extensive delays,

Plaintiffs made the difficult choice to abandon their efforts to obtain access to these

materials. By doing so, Plaintiffs' goal was to put an end to the protracted

Administrative Record production process, which has lasted more than a year already,

and to move on to the merits phase of the case.

If the Intervenors believe the Administrative Record is insufficient without the

disclosure of these sensitive Tribal materials, the appropriate approach would have been

to file a motion to compel, or at least a motion to extend the deadline for challenging the sufficency of the Administrative Record.  They did neither.  The Court should not countenance their attempt to extend the Court-established deadline through a footnote.

## 4.  Status Conference

The only question properly before this Court is whether the deadline for Intervenors' response briefs should be November 26, 2021 (as proposed by the federal Defendants and Plaintiffs in both cases) or one week later on December 3, 2021 (as proposed by Intervenors).  The Court is well-equipped to decide this straightforward procedural issue without the need for a time-consuming, distracting, and confusing status conference.  A status conference would inappropriately give the Intervenors the opportunity to address tangential issues that they have not properly raised through motions and would unnecessarily expend judicial resources.  The Court should therefore deny the Intervenors' request for a status conference.

DATED:  August 19, 2021     Respectfully submitted,

CLEMMER LAW OFFICE, LLC

By: _____*s/ Teresa B. Clemmer*_____
    Teresa B. Clemmer (AK Bar No. 0111059)

*Counsel for Plaintiffs Alatna Village Council, Allakaket Tribal Council, Evansville Tribal Council, Huslia Tribal Council, Tanana Tribal Council, and Tanana Chiefs Conference*

PLAINTIFFS' RESPONSE TO INTERVENORS' JOINT MOTION
REGARDING BRIEFING SCHEDULE, SUFFICIENCY OF ADMINISTRATIVE RECORD,
AND STATUS CONFERENCE
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG      7

Case 3:20-cv-00253-SLG   Document 79   Filed 08/19/21   Page 7 of 8

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 19, 2021, I caused copies of the following:

> PLAINTIFFS' RESPONSE TO INTERVENORS' JOINT MOTION
> REGARDING BRIEFING SCHEDULE, SUFFICIENCY OF
> ADMINISTRATIVE RECORD, AND STATUS CONFERENCE

to be filed with the Court and served by electronic means on all counsel of record through

the Court's CM/ECF system.


　　　　　　　　　　　　　　　　*/s/ Teresa B. Clemmer*
　　　　　　　　　　　　　　　　Teresa B. Clemmer