James E. Torgerson (Bar No. 8509120)
Connor R. Smith (Bar No. 1905046)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900
Facsimile: 907.277.1920
jim.torgerson@stoel.com
connor.smith@stoel.com

Beth S. Ginsberg (*Pro Hac Vice*)
James C. Feldman (Bar No. 1702003)
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500
beth.ginsberg@stoel.com
james.feldman@stoel.com

Attorneys for Intervenor-Defendant
NANA Regional Corporation, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALATNA VILLAGE COUNCIL; *et al.*,<br><br>                    Plaintiffs,<br><br>   v.<br><br>CHAD PADGETT in his official capacity as Alaska State Director for the U.S. Bureau of Land Management; *et al.,*<br><br>                    Defendants,<br><br>and<br><br>AMBLER METALS LLC, *et al.*<br><br>                  Intervenor-Defendants. | Case No.: 3:20-cv-00253-SLG |

**NANA REGIONAL CORPORATION'S RESPONSE
TO FEDERAL DEFENDANTS' MOTION TO STAY**

      NANA Regional Corporation, Inc. (NANA) writes separately in response to the Federal Defendants' motion to stay these cases for 60 days while Department of the Interior officials engage in discussions that they have apparently been having with the Plaintiffs while continuing government-to-government consultations with Tribal entities in the Koyukuk region.

*Alatna Village Council, et al. v. Padgett, et al.*
Case No. 3:20-cv-00253-SLG                 1

NANA is an Alaska Native Regional Corporation organized under the Alaska Native Claims Settlement Act of 1971 (ANCSA). 43 U.S.C. § 1601 *et seq*. It, too, is entitled to government-to-government consultation with the Federal Government and will be seeking to invoke that right to consult in the immediate future. *See* Exec. Order No. 13175, 65 Fed. Reg. 67,249 (Nov. 9, 2000) (requiring consultation and coordination with Indian Tribal governments); Pub. L. No. 108-199, 118 Stat. 452, *as amended by* Pub. L. No. 108-447, 118 Stat. 3267) (requiring Federal agencies to consult with Alaska Native Corporations on the same basis as Federally recognized Indian Tribes).

While NANA does not object to a litigation "time out" to allow the new Administration the opportunity to speak about "this matter" with interested parties, NANA does object to being left out of any settlement discussions that might ensue with the Plaintiffs during the next 60 days. *See* ECF No. 83 at 3 (Federal Defendants' opposition to NANA's request to be included in settlement discussions).

Though not made explicitly clear by the Federal Defendants, what appears to be at the heart of this motion to stay is the Record of Decision itself. Federal Defendants—with the active support of Plaintiffs—are seeking to stay these judicial proceedings to potentially decide (behind closed doors) the fate of a significant administrative decision affecting the greater community that resides along the Ambler Road Project, including NANA's shareholders.

In addition to being entitled to invoke government-to-government consultation, NANA is *also* an Intervenor-Defendant in this case "with full rights of participation" in all aspects of the case. *See* ECF No. 55 (Order Granting NANA's Motion to Intervene). But NANA's unique posture in this case derives from the fact that it is *the only indigenous owner* of large landholdings in the area affected by the Record of Decision within the NANA Region. NANA owns and manages over 2 million acres of land on

behalf of its 15,000 Iñupiat shareholders for both economic development and cultural and subsistence purposes. Mineral-rich lands were specifically selected because of their potential for resource development and to ensure the economic self-determination of NANA's shareholders. ECF No. 49 (Declaration of Elizabeth A. Cravalho), ¶ 5. These lands are "cultural and economic assets that are critically important to the perpetuation of the cultures of [NANA] shareholders who have inhabited the land from time immemorial." *Id.*; *see also* ECF No. 47 at 5 (Motion to Intervene). NANA intervened in this lawsuit because its interests in these lands, and its ability to preserve full access to the Ambler Mining District, may be adversely impacted by any decision that results from this case.[1] ECF No. 47, ECF No. 48, ¶ 9 (Declaration of William Monet). Accordingly, NANA would not be opposed to the stay, but only *if* the Court orders the Federal Defendants to include NANA in any settlement discussions it may have with Plaintiffs during this period.

While the Federal Defendants contend that they have no legal obligation to include NANA in any settlement discussions officials at the Department of the Interior may be having with Plaintiffs, the fact remains that in rejecting NANA's reasonable request to be included in any such settlement discussions (ECF No. 83), the Federal Defendants have effectively relegated NANA's status to that of any other intervenor, disregarding and simultaneously disrespecting the unique status NANA enjoys under ANCSA and other federal laws. Because any decisions about the Record of Decision and the disposition of this case could substantially affect NANA's ability to maximize the development potential of its lands while at the same time protecting its people's subsistence uses and

---

[1] *See N. Alaska Envtl. Ctr. v. Haaland*, Case No. 3:20-cv-187-SLG, ECF No. 93 at 5 (recognizing Congress's inclusion of a provision in ANILCA guaranteeing surface access to the Ambler Mining District and describing the harm that will result from frustrating this Congressional directive).

*Alatna Village Council, et al. v. Padgett, et al.*
Case No. 3:20-cv-00253-SLG      3

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

cultural heritage, NANA has a unique interest in and right to be included in settlement discussions the Department of the Interior may have with the Plaintiffs.

This is especially so here, where the Federal Defendants may be taking a temporary pause in the litigation to consider whether to seek a voluntary remand of the Record of Decision based on secret settlement discussions it may be having with Plaintiffs. Coupled with being denied access to Plaintiffs' opening summary judgment briefs that would have served to educate NANA about the relative strengths and weaknesses of the parties' respective positions, the Federal Defendants' refusal to include NANA in any ongoing or future settlement discussions seriously hampers NANA's ability to defend and protect its indigenous shareholders' rights. It also undermines the legitimacy of any future decision the Federal Defendants may make as a result of these secret discussions to reconsider the Record of Decision at bar. Conversely, including NANA in any settlement discussions with Plaintiffs will serve to increase the confidence that members of the public, and the affected indigenous communities, will have concerning future decision-making.

For these reasons, NANA respectfully requests that if the Court grants the Federal Defendants' Motion to Stay, it simultaneously order the Federal Defendants to include NANA in any ongoing and future settlement discussions that may ensue.

DATED: October 12, 2021.

STOEL RIVES LLP

By: */s/ Beth S. Ginsberg*
James F. Torgerson (Bar No. 8509120)
Beth S. Ginsberg (*Pro Hac Vice*)
James C. Feldman (Bar No. 1702003)
Connor R. Smith (Bar No. 1905046)

*Attorneys for Intervenor-Defendant NANA Regional Corporation, Inc.*

*Alatna Village Council, et al. v. Padgett, et al.*
Case No. 3:20-cv-00253-SLG 4

# CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court, District of Alaska, by using the CM/ECF system. Participants in this Case No. 3:20-cv-00253-SLG, who are registered CM/ECF users, will be served by the CM/ECF system.

/s/ Beth S. Ginsberg
Beth S. Ginsberg

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

*Alatna Village Council, et al. v. Padgett, et al.*
Case No. 3:20-cv-00253-SLG  5