Kyle W. Parker, ABA No. 9212124
Sarah C. Bordelon, NV Bar 14683 (*pro hac vice*)
HOLLAND & HART LLP
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska 99501
Telephone: (907) 865-2600
Facsimile: (907) 865-2680
kwparker@hollandhart.com
scbordelon@hollandhart.com

*Attorneys for Alaska Industrial Development
and Export Authority*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALATNA VILLAGE COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> CHAD PADGETT, *in his official capacity as Alaska State Director, U.S. Department of the Interior*, *et al.*, <br><br> Defendants, <br><br> and <br><br> AMBLER METALS LLC, *et al.* <br><br> Intervenor-Defendants. | Case No. 3:20-cv-00253-SLG |

**INTERVENOR-DEFENDANTS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT BRIEFING IN ORDER TO CONDUCT UNSPECIFIED REVIEW AND GOVERNMENT-TO-GOVERNMENT CONSULTATION**

Intervenor-defendants Alaska Industrial Development and Export Authority ("AIDEA"), State of Alaska and Ambler Metals ("Intervenors") oppose the Federal Defendants' motion for a 60-day stay to "accommodate review of this matter by officials within the United States Department of the Interior" who have had discussions with "multiple parties" and are scheduling government-to-government consultations with tribal entities to occur in October, so that those officials can "fully and fairly consider matters being brought to [DOI's] attention during these discussions and consultations prior to further proceedings in this case." *Alatna Village Council v. Padgett,* 20-cv-00253, ECF No. 83 at 2; *Northern Alaska Environmental Council v. Haaland* (*"NAEC"*), ECF No. 85 at 2. Federal Defendants moved to stay the cases on September 28, 2021 – more than one year after the *NAEC* case was filed; 356 days after the *Alatna Village Council* case was filed; and two days before Plaintiffs' opening summary judgment briefs were due – so that DOI officials can review the matter. The motion should be denied because the Federal Defendants have not met their burden of showing that the need for the stay overrides the injuries a stay would work on Intervenors. Indeed, Federal Defendants have not even acknowledged that they bear that burden. But under the law, they do. In sum, the Federal Defendants' Motion is disruptive to an agreed-upon briefing schedule, untimely, and unnecessary because the issues as pled by the Plaintiffs can and should be resolved by moving forward with these proceedings.

A federal district court "has broad discretion to stay proceedings as an incident to

INTERVENOR-DEFS' OPP. TO FEDERAL DEFS.' MOTION TO STAY SUMMARY JUDGMENT
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 2 of 11

Case 3:20-cv-00253-SLG   Document 92   Filed 10/12/21   Page 2 of 11

its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). But in "the exercise of [its] judgment," the Court must "'weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (citation omitted) (quoting *Landis*, 299 U.S. at 254–55, then citing *id*. at 259). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708 (citing *Landis*, 299 U.S. at 255). A court's stay order "must be supported by 'a balanced finding that such need overrides the injury to the party being stayed.'" *Belize Soc. Dev.*, 668 F.3d at 732 (quoting *Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C. Cir. 1971)). "[I]f there is even a fair possibility that the stay . . . will work damage to someone else," the movant "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. In order to determine whether a stay should issue, then, this Court must consider (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005). *Cf. Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019) (courts must consider "(1) harm to the nonmoving party if a stay does issue; (2) the moving party's need for a stay — that

INTERVENOR-DEFS' OPP. TO FEDERAL DEFS.' MOTION TO STAY SUMMARY JUDGMENT
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 3 of 11

is, the harm to the moving party if a stay does not issue; and (3) whether a stay would promote efficient use of the court's resources"). Federal Defendants have failed to show that any of these three factors supports the relief they have sought.

The harm to Intervenors, each of whom was granted intervention because of their protectable interest in the outcome of this litigation, from even a 60-day stay is real. The stay delays the date on which Plaintiffs' twenty-seven claims (already pending for more than one year now) can be decided, allowing AIDEA (if it prevails) to move forward without risk that activity in furtherance of the project during 2022 could trigger a preliminary injunction motion.[1] For all of the Intervenors, the stay would extend the date upon which they might have "the certainty of resolving 'this matter on the merits.'" *Murphy Co. v. Trump*, No. 1:17-CV-00285-CL, 2018 WL 7377619, at *3 (D. Or. Feb. 14, 2018). There are several concrete ways in which the intervenors could be harmed:

- For AIDEA and the Alaska communities in need of the jobs and economic support that AIDEA works to provide, delaying this litigation will mean delaying AIDEA's ability to address those needs without risking the costs and disruption of a potential preliminary injunction motion and the uncertainty attendant upon any litigation. AIDEA's schedule anticipates undertaking on-site activities during Summer 2022. Delaying resolution of outstanding litigation issues -- particularly the threat, however unlikely, of a preliminary injunction --

---

[1] Under the Programmatic Agreement By And Among the Bureau of Land Management, Alaska State Historic Preservation Officer, and the Advisory Council on Historic Preservation Regarding the Ambler Mining District Industrial Access Road, Alaska ("Programmatic Agreement"), AIDEA must prepare an Annual Work Plan. Having just completed the 2021 season, AIDEA is preparing the report on its 2021 activities and is gearing up for the 2022 Work Plan.

INTERVENOR-DEFS' OPP. TO FEDERAL DEFS.' MOTION TO STAY SUMMARY JUDGMENT
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 4 of 11

Case 3:20-cv-00253-SLG   Document 92   Filed 10/12/21   Page 4 of 11

puts the entire 2022 season in jeopardy. Seasonality severely limits when any work can go forward. To protect migratory birds, AIDEA cannot begin operations until June, and the available working season is short. Operations generally must wrap up by late September or early October. This year (2021), activities were forced to shut down in mid-September. To make matters worse, during the short Alaska summer, needed equipment is in short supply, and must be contracted for well in advance. Thus, a delay of even a few weeks would have a significant impact on AIDEA's schedule, at the least, and very likely would threaten the viability of the 2022 operations season. Further, the time-value of AIDEA's investment so far is substantial: AIDEA and the Alaska Department of Transportation and Public Facilities have invested approximately $28 million in this project. *See* ECF No. 20 (Decl. of Davis) ¶ 14. Any delay, and certainly the loss of a year, is significant for those waiting for that investment to bear fruit. The size of this investment, however, reflects more than the significance of delayed investment returns. It reflects the importance of the Ambler Road project to Alaskans. Indeed, the need for development in the Ambler Mining District is so pressing that it is not only a key mission for AIDEA, but it is also enshrined in ANILCA. *See* ANILCA § 201(4) (providing guarantee of access to Ambler Mining District and including Congressional finding of need for access for surface transportation route). Impeding AIDEA's ability to address this need as expeditiously as possible is not justified.

- For the State of Alaska, the stay will only exacerbate the long-standing violation of Section 201(4) of ANILCA mentioned above, which impacts the State in a number of ways. From a financial standpoint, a stay will further delay the State from the economic development which it is entitled to under federal law. *See NAEC*, ECF 30-1 at 4, *Alatna Village Council*, ECF 17-1 at 4-5. According to the FEIS, the Ambler Access Project has the potential to generate over one billion dollars for the State over the course of the operational life of the various mines that will be constructed in the project area. *See* ACE0018968-69 (FEIS, App'x H at H-76 to H-77 (Tables 3-7 and 3-8)). From a regulatory perspective, a stay will frustrate the years of coordination and consultation that the State undertook with the Federal Defendants to bring about this already long-delayed project. *See NAEC*, ECF 30-1 at 5-6, *Alatna Village Council*, ECF 17-1 at 5-6. Needless procedural

INTERVENOR-DEFS' OPP. TO FEDERAL DEFS.' MOTION TO STAY SUMMARY JUDGMENT
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 5 of 11

Case 3:20-cv-00253-SLG   Document 92   Filed 10/12/21   Page 5 of 11

delays, such as the present motion to stay, only serve to perpetually back-burner a project of immense economic and regulatory interest to the State.

- For Ambler Metals, which will not undertake construction of mines unless the road is authorized and funded, delay in the permitting or construction of the road will defer by a corresponding amount of time the company's ability to see any return on the significant investment it has made in the area over the last 16 years - nearly $300 million, when the combined investments of the joint venture partners are considered. *NAEC*, ECF No. 17-1, *Alatna Village Council*, ECF No. 26-1, (Decl. of Ramzi Fawaz). ¶¶ 16-18. The stay also creates uncertainty for its full-time and seasonal employees and its shareholders. *Id.* ¶ 9.

In contrast to these very real harms that a stay would inflict on the Intervenors, the prejudice to the Federal Defendants and to the Plaintiffs (who did not even join the stay motion) if a stay does not issue would be minimal; "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity." *Lockyer v. Migrant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *Native Fish Soc'y v. Nat'l Marine Fisheries Serv.*, No. 3:12-CV-00431-HA, 2013 WL 12321321, at *2 (D. Or. Aug. 8, 2013); *see also Hawai'i v. Trump*, 233 F. Supp. 3d 850, 854 (D. Haw. 2017) ("Why the United States Department of Justice, what some describe as the largest law firm in the world, is not able to litigate . . . without claiming burden is beyond this Court."). Notably, Plaintiffs and Federal Defendants *do not* contend that they are engaged in

INTERVENOR-DEFS' OPP. TO FEDERAL DEFS.' MOTION TO STAY SUMMARY JUDGMENT
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 6 of 11

Case 3:20-cv-00253-SLG   Document 92   Filed 10/12/21   Page 6 of 11

settlement discussions,[2] but instead that they conducted over the summer, and have scheduled in the near future, government-to-government discussions.[3] Those discussions among policymakers and tribal sovereigns could easily occur concurrently with this litigation. Federal Defendants' desire to "review this matter," however laudable, does not justify further delay of summary judgment briefing in cases that have now been pending for more than one year, for a project that was already reviewed by DOI officials over a period spanning many more years (beginning, at the latest, when AIDEA's application was deemed complete in August of 2016).[4]

---

[2] Even if settlement discussions are contemplated, litigation deadlines would not preclude those discussions and indeed, might accelerate them.

[3] To the extent Federal Defendants' purported need to engage in government-to-government consultations implies that such discussions did not occur, the record roundly refutes that premise. The record discloses the extensive Section 106 and government-to-government consultations that occurred, BLM00161013-14, in addition to the public scoping meetings and draft DEIS hearings (which addressed Section 810 matters) conducted in 20 Alaska communities and Washington, D.C. and were open to the public as well as the Tribes. BLM0016008-09, BLM0016730-31, NPS0009726. Plaintiffs Allakaket Tribal Council and Alatna Village Council were cooperating agencies for the EIS and attended many additional meetings in that capacity. BLM0016014-16 (17 entries list "ATC or "AVC" as attendees). Finally, continuing Government to Government consultation is authorized under the auspices of the Programmatic Agreement for the Project, which was signed by the State Historic Preservation Officer, Judith Bittner, and the Advisory Council on Historic Preservation. BLM0016028-29, BLM00116965 (Judith Bittner), ACE0016966 (John Fowler, for Advisory Council on Historic Preservation).

[4] The years-long permitting process for the Ambler Road began with pre-application meetings by AIDEA with relevant agencies as early as 2013. *See, e.g.*, ACE0001986. The impacts of the road on the environment, cultural resources, and subsistence resources have been studied since the Alaska Department of Transportation first planned it in 2009.
(continued...)

INTERVENOR-DEFS' OPP. TO FEDERAL DEFS.' MOTION TO STAY SUMMARY JUDGMENT
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 7 of 11

Case 3:20-cv-00253-SLG   Document 92   Filed 10/12/21   Page 7 of 11

Finally, a stay would thwart rather than promote the "orderly course of justice," and the efficient use of the Court's resources, because it would increase the likelihood that the cases will have to be briefed next year in an emergency posture. In the context of objecting to a proposed period of three (rather than two) weeks for Intervenors to file their briefs after Federal Defendants' brief is due, Plaintiffs' counsel explained that in Plaintiffs' view, a delay of one-week heightened concerns related to ongoing work:

> Plaintiffs' concerns about delays in the briefing schedule are heightened because of the ongoing field work relating to the Ambler Road Project. AIDEA is conducting a range of different preconstruction activities during this 2021 field season, and additional work is expected to take place during the 2022 field season. There is potential for this field work to include extensive geotechnical drilling and other ground-disturbing activities that could adversely affect cultural resources, subsistence, fish and wildlife habitat, and other values. As such, a timely resolution of the merits is of substantial importance to Plaintiffs.

*Alatna Village Counsel*, ECF No. 79 at 4; *see also NAEC*, ECF No. 78 at 2 (incorporating reasons stated by *Alatna Village Council* Plaintiffs). Intervenors expect the preconstruction work to continue whether or not this Court stays the cases. And although Intervenors disagree that the scope and extent of impacts from preconstruction activities warrants judicial intervention, Plaintiffs' language suggests that they might seek preliminary injunctive relief if the claims are not resolved before field work resumes.

---

*See* ACE0007183. The privilege log produced by Federal Defendants in this litigation reflect surveys containing "sensitive cultural resource site location information" that were in existence by at least April 1, 2015. *Alatna Village Council*, ECF No. 82-01.

INTERVENOR-DEFS' OPP. TO FEDERAL DEFS.' MOTION TO STAY SUMMARY JUDGMENT
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 8 of 11

Case 3:20-cv-00253-SLG   Document 92   Filed 10/12/21   Page 8 of 11

Briefing a case in an emergency posture, which does not finally resolve the case, is less efficient than resolving the claims on summary judgment motions, and thus does not contribute to the "orderly course of justice." This is especially true when the administrative record is ready, and the issues presented in Plaintiffs' Complaints present legal issues that are ripe for review and resolution. Delaying this matter will mean that these legal issues are not determined before next year's short field season and may invite further expensive court proceedings such as plaintiffs seeking an injunction.

Because none of the three factors favors a stay of summary judgment briefing, which does not preclude DOI officials or Plaintiffs from conducting government-to-government consultations as they see fit, the Court should deny the motion for a stay.

DATED this 12th day of October, 2021.

                **HOLLAND & HART LLP**

                */s/ Kyle W. Parker*
                Kyle W. Parker, ABA No. 9212124
                Sarah C. Bordelon, NV Bar 14683 (*pro hac vice*)
                HOLLAND & HART LLP
                1029 W. 3rd Avenue, Suite 550
                Anchorage, Alaska 99501
                Telephone:   (907) 865-2600
                Facsimile:    (907) 865-2680
                kwparker@hollandhart.com
                scbordelon@hollandhart.com

                *Attorneys for Alaska Industrial Development and Export Authority*

INTERVENOR-DEFS' OPP. TO FEDERAL DEFS.' MOTION TO STAY SUMMARY JUDGMENT
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 9 of 11

Case 3:20-cv-00253-SLG   Document 92   Filed 10/12/21   Page 9 of 11

**PERKINS COIE LLP**

By: /s/ *Stacey Bosshardt*
Stacey Bosshardt (*Pro Hac Vice*)
DC Bar No. 458645
SBosshardt@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6200

Eric B. Fjelstad
EFjelstad@perkinscoie.com
James N. Leik JLeik@perkinscoie.com
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561

*Attorneys for Intervenor-Defendant Ambler Metals, LLC*

**TREG R. TAYLOR**
**ATTORNEY GENERAL**

By: /s/ *Ronald W. Opsahl*
Ronald W. Opsahl (Alaska Bar No. 2108081)
Senior Assistant Attorney General
Brian E. Gregg (Alaska Bar No. 2107080)
Assistant Attorney General
ron.opsahl@alaska.gove
brian.gregg@alaska.gov
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501

*Attorneys for Intervenor-Defendant State of Alaska*

INTERVENOR-DEFS' OPP. TO FEDERAL DEFS.' MOTION TO STAY SUMMARY JUDGMENT
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 10 of 11

Case 3:20-cv-00253-SLG   Document 92   Filed 10/12/21   Page 10 of 11

# CERTIFICATE OF SERVICE

I hereby certify on October 12, 2021, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification and electronic service of the same to all counsel of record.

Dated: October 12, 2021

> HOLLAND & HART LLP
>
> /s/ Kyle W. Parker

INTERVENOR-DEFS' OPP. TO FEDERAL DEFS.' MOTION TO STAY SUMMARY JUDGMENT
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 11 of 11

Case 3:20-cv-00253-SLG   Document 92   Filed 10/12/21   Page 11 of 11