TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

SARAH A. BUCKLEY (Virginia State Bar No. 87350)
ELISABETH H. CARTER (New York State Bar No. 5733274)
Trial Attorneys, Environmental Defense Section
P.O. Box 7611 Washington, D.C. 20044
202-616-7554 (Buckley) || 202-305-8865 (fax)
202-514-0286 (Carter)
sarah.buckley@usdoj.gov
elisabeth.carter@usdoj.gov

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney, Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 || 202-305-0506 (fax)
paul.turcke@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ALATNA VILLAGE COUNCIL, *et al.*,<br><br>        Plaintiffs,<br>v.<br><br>THOMAS HEINLEIN, in his official capacity, *et al.*,[1]<br><br>        Defendants,<br>and<br><br>AMBLER METALS, LLC, *et al.*,<br><br>        Intervenor-Defendants. | Case No. 3:20-cv-00253-SLG |

---

[1] Pursuant to FED. R. CIV. P. 25(d), Thomas Heinlein, in his official capacity as Acting State Director, BLM Alaska, is automatically substituted for Chad Padgett.

# DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR STAY

Defendants have moved for a 60-day stay of proceedings in the above-captioned case and in *Northern Alaska Environmental Center v. Haaland*, Case No. 3:20-cv-00187-SLG, each involving challenges to Defendants' approval of the Ambler Road Project. *See* Defs.' Mot. for Stay, ECF No. 83. Intervenor-Defendants Alaska Industrial Export and Development Authority ("AIDEA"), Ambler Metals, LLC, and State of Alaska have filed a combined response in opposition. *See* Intervenor-Defs.' Opp'n to Defs.' Mot. for Stay, ECF No. 92 ("Intervenors' Opposition"). Their argument misapprehends applicable law and depends on unsupported assertions of harm. Intervenor-Defendant NANA Regional Corporation, Inc. ("NANA") has filed a separate response offering conditional non-opposition. *See* ECF No. 91. Defendants herein reply to both responses. The Court should grant the motion for stay.

The opposition is built on the three-factor framework derived from *Landis v. North American Co.*, 299 U.S. 248 (1936), and the assertion that "Defendants have failed to show that any of these three factors supports the relief they have sought." *See* Intervenors' Opposition at 3-4. The term "Landis stay" is defined in the lexicon. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109–10 (9th Cir. 2005).[2] But two essential

---

2  The factors to be considered "are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

elements of *Landis* are missing here. It hinged "upon the power of a court *to stay proceedings in one suit until the decision of another*, and upon the propriety of using such a power in a given situation." *Landis*, 299 U.S. at 249 (emphasis added). The holding addresses a stay of indefinite length where the subject proceedings could continue for years. *Id*. at 255-56; *see also Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007) (advising "stays should not be indefinite in nature" and recognizing "the general policy favoring stays of short, or at least reasonable, duration"); *Alli v. ASRC Energy Servs., LLC*, No. 3:16-CV-00280-TMB, 2017 WL 9854547, at *4 (D. Alaska Sept. 29, 2017). Intervenors present no case where a request for a 60-day stay was denied under *Landis*, or any other authority.

Perhaps recognizing it to be the critical element, Intervenors start by contending they will suffer "real" and "concrete" harm from the requested stay. Intervenors' Opposition at 4. Each of them point to delay of the Project's economic benefits or return on their investment. *Id*. at 4-6. But any such injury must be framed in light of the modest stay requested. *See Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1022 (9th Cir. 2009) ("When deciding whether to issue a narrowly tailored injunction, district courts must assess the harms pertaining to injunctive relief in the context of that narrow injunction."). Thus, Intervenors predictions about economic benefits over the life of the project are largely irrelevant. *See* Intervenors' Opposition at 5-6 (raising potential to generate "over one billion dollars for the State over the course of the operational life of the various mines" and to justify investments to date of $28 million and $300 million by AIDEA and Ambler Metals, respectively). Even to the extent Intervenors focus on economic benefits

from predevelopment and construction activities, the timeline for that activity is distant and stretches over years. *See* BLM_0015882 (Reasonably Foreseeable Action timeline); BLM_0015899 (describing sequence of events involving business agreements, state approvals, financing, design, and contracting until at least 2023); BLM_0067066-67 (Cardno economic analysis addressing employment benefits at construction phase); BLM_0069808 (University of Alaska Center for Economic Development presenting results starting with "the four-year construction period"). Intervenors fail to credibly connect their claimed economic harms to the 60-day stay requested.[3] Finally, even if they could establish the requisite connection, delayed economic recovery would not constitute a basis for denying the stay. *See CMAX*, 300 F.2d at 268-69 (if "the extent of its damage" is delayed recovery of damages a party "has not made a strong showing in support of its assertion that it will suffer irreparable damage and a miscarriage of justice" to deny a stay); *FormFactor, Inc. v. Micronics Japan Co.*, No. CV-06-07159 JSW, 2008 WL 361128, at *2 (N.D. Cal. Feb. 11, 2008) ("Potential monetary damages are not sufficient harm to warrant not staying this proceeding.").

Additionally, the State of Alaska argues "the stay will only exacerbate the long-standing violation of Section 201(4) of ANILCA" it portrays as a "guarantee of access to Ambler Mining District[.]" Intervenors' Opposition at 5. Even if unredressed illegality

---

3     The opposition contends that "[n]eedless procedural delays, such as the present motion to stay, only serve to perpetually back-burner a project of immense economic and regulatory interest to the State." Intervenors' Opposition at 6. One can hardly equate a 60-day stay of briefing in a complex administrative law case with perpetually "back-burner[ing]" the challenged Project. *Id*.

*Alatna Village Council v. Heinlein*,                                           Case No. 3:20-cv-00253-SLG
DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR STAY                               4

Case 3:20-cv-00253-SLG   Document 94   Filed 10/15/21   Page 4 of 10

was a basis for denying a stay, the State fails to explain how sixty more days will cross some new threshold of injury given the contention that Defendants have unlawfully denied access to Ambler Mining District over the forty years since passage of ANILCA.

Intervenors argue the "stay would extend the date upon which they might have 'the certainty of 'resolving this matter on the merits'.'" Intervenors Opposition at 4 (quoting *Murphy Co. v. Trump*, No. 1:17-CV-00285-CL, 2018 WL 7377619, at *3 (D. Or. Feb. 14, 2018)). However, *Murphy Company* bears no resemblance to this case. That case involved a challenge to expansion of a National Monument in southern Oregon, where industry groups were plaintiffs joining the government's request for stay that conservation groups intervenors opposed. The basis for the stay was the prospect of Presidential action to reduce the size of the Monument. The same issues were being litigated in two other cases and a stay in the other cases "ha[d] been lifted and those cases [we]re moving forward." *Id*. at *2. While acknowledging Presidential action might moot the controversy, the court found that prospect applied equally in all three cases and concluded "it would put Intervenor-Defendants in the position of having to litigate this issue in separate, ongoing cases while waiting – for an unspecified and unknown amount of time – for this case to move forward." *Id*. at *3. There are no parallel proceedings here raising any of these considerations.

Intervenors' fears that the short delay of merits briefing will create an improper risk of defending against a preliminary injunction motion are similarly unfounded. Intervenors' Opposition at 4. A preliminary injunction is an extraordinary remedy that would issue only if Plaintiffs satisfied the familiar and difficult standard. *See*

*Alatna Village Council v. Heinlein*,
DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR STAY

Case No. 3:20-cv-00253-SLG
5

Case 3:20-cv-00253-SLG   Document 94   Filed 10/15/21   Page 5 of 10

*Conservation Cong. v. U.S. Forest Serv.*, 720 F.3d 1048, 1054 (9th Cir. 2013). All parties will have a chance to participate in any such proceeding, which would include the opportunity to address the balancing of harms and public interest in allowing the Project to move forward. *See N. Slope Borough v. Andrus*, 486 F. Supp. 326, 331-32 (D.D.C. 1979); *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 765-66 (9th Cir. 2014). And a ruling to Intervenors' liking on a preliminary injunction motion or on the merits might be appealed. Thus, the granting or denial of the stay will have little effect on certainty about the Ambler Road Project.

Defendants acknowledge they bear the burden of showing the need for a stay, but "mak[ing] out a clear case of hardship or inequity in being required to go forward" is triggered only when the opposing party demonstrates a "fair possibility" of damage from the stay. *Landis*, 299 U.S. at 255. Thus, a movant's burden is reduced when the opposing party "fail[s] to demonstrate a 'fair possibility' of prejudice." *Alter v. Walt Disney Co.*, No. CV 16-06644 SJO (EX), 2016 WL 9455627, at *2 (C.D. Cal. Oct. 31, 2016); *see also Lamar Co. v. Cont'l Cas. Co.*, No. CV-05-320-AAM, 2007 WL 81876, at *3 (E.D. Wash. Jan. 8, 2007) ("The court is not persuaded these mere allegations make for a 'fair possibility' that the stay would work damage on Runyan. As such, it is not necessary for Lamar or Continental to demonstrate a 'clear case of hardship or inequity.'").

Important considerations support Defendants' requested stay. As the motion indicates, the stay:

> is necessary to accommodate review of this matter by officials within the

> United States Department of the Interior who have engaged in various
> discussions with multiple parties involving this matter and in government-
> to-government consultations with tribal entities at the end of July and who
> are in the process of scheduling further requested government-to-
> government consultations in October. The Department needs additional
> time to fully and fairly consider matters being brought to its attention
> during these discussions and consultations[.]

Defs.' Mot. for Stay at 2, ECF No. 83. This review implicates "responsibilities that arise from the unique legal relationship between the Federal Government and Indian tribal governments." Exec. Order 13175, Consultation and Coordination with Indian Tribal Governments, Sec. 3(a), 65 Fed. Reg. 67,249, 67,250 (Nov. 9, 2000). A modest stay will appropriately reduce the potential for confusion or misperception that might be associated with engaging in government-to-government consultations at the same time that one or all of the governmental participants are formalizing their litigation positions.[4]

---

4    NANA acknowledges the importance of these government-to-government consultation duties, and does not object to the requested stay. NANA Response at 2, ECF No. 91. However, "NANA does object to being left out of any settlement discussions that might ensue with the Plaintiffs during the next 60 days[,]" and asks the Court to order it be included in any settlement discussions. *Id*. This request is premature, and unfounded. An intervenor will typically be able "to present evidence and have its objections heard" before court approval of a consent decree, but "it does not have power to block the decree merely by withholding its consent." *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529 (1986). Thus, an intervenor is not automatically entitled to participate in settlement negotiations. *See Sierra Club v. McCarthy*, No. 13-CV-03953-SI, 2015 WL 889142, at *12 (N.D. Cal. Mar. 2, 2015), *aff'd sub nom. Sierra Club v. North Dakota*, 868 F.3d 1062 (9th Cir. 2017) (upholding settlement over objection that "the EPA and plaintiffs had settlement negotiations that did not involve the intervenor States"); *WildEarth Guardians v. U.S. Forest Serv.*, 778 F. Supp. 2d 1143, 1149 (D.N.M. 2011). Granted, if settlement discussions develop in a case of this nature, it can be wise to include intervenors because "[t]heir input and cooperation might also facilitate acceptance by all affected persons of any settlement that is reached. But the timing and extent of their involvement in negotiations between any and all of the other parties is up to the other parties to determine." *Vulcan Soc. of Westchester Cty., Inc. v. Fire Dep't of City of White Plains*,

Defendants do not, as Intervenors suggest, justify the request for a 60-day stay through fear of the "burden" of litigating this dispute. Thus, Intervenors' curious invocation of *Hawai'i v. Trump*, 233 F. Supp. 3d 850 (D. Haw. 2017), advances what amounts to a straw man argument. *See* Intervenors' Opposition at 6. But even if Defendants offered their litigation burden as a basis for the requested stay, *Hawai'i* still would not support Intervenors' contentions. The quoted language in *Hawai'i* addressed a different procedural context, where a stay was proffered to address pendency of multiple or overlapping proceedings. *See Hawai'i*, 233 F. Supp. 3d at 854 ("Why the United States Department of Justice, what some describe as the largest law firm in the world, is not able to litigate *similar claims on a mere two fronts* without claiming burden is beyond this Court.") (omitted text italicized). Moreover, the *Hawai'i* court ultimately granted the requested stay to await appellate court rulings in the related proceedings. *Id*. at 856.[5]

In assessing the final "*Landis*" factor, the Court should find that a stay would

---

No. 78 CIV. 911 (ADS), 1979 WL 259, at *1 (S.D.N.Y. June 28, 1979). The Court should decline NANA's request to constrain a settlement process that has not begun and may never occur.

5      *Native Fish Society v. National Marine Fisheries Service*, No. 3:12-CV-00431-HA, 2013 WL 12321321 (D. Or. Aug. 8, 2013), is also inapposite. *See* Intervenors' Opposition at 6. Defendants there sought a stay pending the anticipated issuance of new plans that would address procedural defects earlier identified by the court. *Native Fish Soc'y*, 2013 WL 12321321 at *1-2. Judge Haggerty declined the request for stay, but in doing so expressed the belief "that settlement of this matter could benefit all parties. Such a settlement would conserve resources and would provide federal defendants with additional time to review the newly submitted [plans] under conditions that are acceptable to all parties, even if the final decisions are not." *Id*. at *2. No such dynamic exists here, although it would hardly qualify as injury or prejudice if a subsequent possibility of settlement were to develop. *See* Local Civil Rule 16.2(a).

contribute to "the orderly course of justice." *See CMAX*, 300 F.2d at 268.  There are few, if any, decisions addressing a 60-day stay of briefing in a case of this nature.  The Court has broad discretion in considering a request for stay.  Defendants have legitimate reasons for requesting the relatively short stay here, against which Intervenors raise harms that are theoretical or would stem from far lengthier delays, or cancellation, of the Project.  Defendants respectfully request that the Court grant the motion for stay.

DATED:  October 15, 2021.

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Div.

SARAH A. BUCKLEY
ELISABETH H. CARTER
Trial Attorneys
Environmental Defense Section
P.O. Box 7611 Washington, D.C. 20044
202-616-7554 (Buckley) || 202-305-8865 (fax)
202-514-0286 (Carter)
sarah.buckley@usdoj.gov
elisabeth.carter@usdoj.gov

*/s/ Paul A. Turcke*
PAUL A. TURCKE
Trial Attorney
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 || 202-305-0506 (fax)
paul.turcke@usdoj.gov

*Counsel for Defendants*

Of Counsel:

ELIZABETH GOBESKI
Attorney Advisor
Office of the Regional Solicitor, Alaska Region
U.S. Department of the Interior

*Alatna Village Council v. Heinlein,*
DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR STAY

Case No. 3:20-cv-00253-SLG
9

Case 3:20-cv-00253-SLG   Document 94   Filed 10/15/21   Page 9 of 10

4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-4186
elizabeth.gobeski@sol.doi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

                */s/ Paul A. Turcke*
                Paul A. Turcke