Teresa B. Clemmer (AK Bar No. 0111059)
CLEMMER LAW OFFICE LLC
PO Box 4086
Palmer, AK 99645
Phone: 907-982-2774
tclemmer@clemmerlaw.net

*Counsel for Plaintiffs Alatna Village Council, Allakaket Tribal Council, Evansville Tribal Council, Huslia Tribal Council, Tanana Tribal Council, and Tanana Chiefs Conference*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALATNA VILLAGE COUNCIL, *et al.*,<br><br>        Plaintiffs,<br>v.<br><br>THOMAS HEINLEIN, in his official capacity, *et al.*,<br>        Defendants,<br>  and<br><br>AMBLER METALS, LLC, *et al.*,<br><br>        Intervenor-Defendants. | Case No. 3:20-cv-00253-SLG |

## PLAINTIFFS' MOTION REQUESTING JUDICIAL NOTICE

This Court is authorized to take judicial notice of adjudicative facts that are not subject to reasonable dispute because they (1) are "generally known within the trial court's territorial jurisdiction," or (2) can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[1] Appropriate subjects of judicial notice include facts contained in press releases, news articles, records and reports of administrative bodies, court records, and other public records.[2] Judicial notice may be taken at any stage of a proceeding, and it may be taken *sua sponte* or at the request of a party.[3] Under Local Civil Rule 7.3(d), requests for judicial notice in this Court must be made through a separate motion.

Plaintiffs ask this Court to take judicial notice of limited factual information set forth in Exhibits 3, 4, 5, and 6, which are attached to Plaintiffs' opening brief and are thus being filed concurrently herewith (ECF 99).[4]

Exhibit 3 is a decision document issued by the Alaska Department of Natural Resources ("Alaska DNR"), not including attachments.[5] This exhibit is meant to

---

[1] Fed. R. Evid. 201(a)-(b).
[2] *See Wayne Taleff v. Sw. Airlines Co.*, App. No. 11-17995 (9th Cir. 2014) (memo. and order) (press release); *Von Saher v. Norton Simon Mus. Art*, 592 F.3d 954, 960 (9th Cir. 2010) (news publications); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (court records); *United States v. Richie*, 342 F.3d 903, 909 (9th Cir. 2003) (agency records); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (matters of public record); *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (agency records).
[3] *Id*. 201(c)-(d).
[4] Plaintiffs' Exhibits 1 and 2 are declarations relating to standing. Judicial notice is not requested for these exhibits.
[5] Alaska DNR, Final Finding and Decision, ADL 232346 (Jan. 2, 2020).

PLAINTIFFS' MOTION REQUESTING JUDICIAL NOTICE
*Alatna Village Council v. Heinlein,* 3:20-cv-00253-SLG  2
Case 3:20-cv-00253-SLG   Document 100   Filed 12/01/21   Page 2 of 6

establish the fact that the access road for the Donlin Mine is limited to a 150-foot right-of-way.  This fact is relevant to Plaintiffs' claim that Defendants failed to comply with the requirement in the Alaska National Interest Lands Conservation Act ("ANILCA") that the Ambler Road project will be limited to the "minimal amount of public lands necessary" to accomplish its purposes.[6]  Judicial notice is appropriate because the Donlin Mine access road right-of-way width is set forth among the records of an administrative body and can be readily determined from governmental sources whose accuracy cannot reasonably be questioned and is therefore not subject to reasonable dispute.

Exhibit 4 is an excerpt from the LinkedIn online profile maintained by, or on behalf of, Casey Hammond, a former official within the U.S. Department of the Interior.[7]  This exhibit is meant to establish the fact that Mr. Hammond began serving as Principal Deputy to the Assistant Secretary of the Interior for Land and Minerals Management in approximately December 2018.  This fact is relevant to Plaintiffs' claim that Mr. Hammond's approval of the Ambler Road project violated the Federal Vacancies Reform Act ("FVRA") and the Appointments Clause of the U.S. Constitution.[8]  Judicial notice is appropriate because the approximate date of Mr. Hammond's assumption of this role is a well-known fact that is generally known within this Court's jurisdiction and was made public by, or on behalf of, the former agency official in question himself in a manner

---

[6] ANILCA, 16 U.S.C. § 3120(a)(3)(B).
[7] Casey Hammond, LinkedIn profile, https://www.linkedin.com/in/casey-hammond-853897205/.
[8] FVRA, 5 U.S.C. § 3341 et seq.; U.S. Const., art. II, sec. 2, cl. 2.

PLAINTIFFS' MOTION REQUESTING JUDICIAL NOTICE
*Alatna Village Council v. Heinlein*, 3:20-cv-00253-SLG 3

analogous to a press release. As such, the date is not subject to reasonable dispute. Plaintiffs are not asking the Court to take judicial notice as to the validity or legality of the roles Mr. Hammond purports to have held in the exhibit.

Exhibit 5 is a Washington Post article dated September 4, 2019.[9] This exhibit is meant to establish the fact that Joe Balash, the former Assistant Secretary of the Interior for Land and Minerals Management, resigned on or about August 30, 2019. This fact is relevant to Plaintiffs' claim that Mr. Hammond's approval of the Ambler Road project violated the FVRA and Appointments Clause. Judicial notice is appropriate because the approximate date of Mr. Balash's departure from the agency is a well-known fact that is generally known within this Court's jurisdiction and was reported to the public by a highly reputable news agency. As such, the date is not subject to reasonable dispute.

Exhibit 6 is a secretarial order issued by the Secretary of the U.S. Department of the Interior, as amended.[10] This exhibit is meant to establish that former Interior Secretary David Bernhardt issued an order purporting to effectuate a temporary redelegation of authority to Casey Hammond to exercise the authority of the Assistant Secretary of the Interior for Land and Minerals Management for the period from May 5 through June 5, 2020. This is relevant to Plaintiffs' claim that Mr. Hammond's approval of the Ambler Road project violated the FVRA and Appointments Clause. Judicial notice

---

[9] Washington Post, *Top Interior official who pushed to expand drilling in Alaska to join oil company there* (Sept. 4, 2019), https://www.washingtonpost.com/climate-environment/2019/09/04/top-interior-official-who-pushed-expand-drilling-alaska-join-oil-company-there/.
[10] Sec'y Interior, Order No. 3345, Amend. No. 32 (May 5, 2020).

PLAINTIFFS' MOTION REQUESTING JUDICIAL NOTICE
*Alatna Village Council v. Heinlein,* 3:20-cv-00253-SLG 4
Case 3:20-cv-00253-SLG   Document 100   Filed 12/01/21   Page 4 of 6

is appropriate because the existence and content of the order are well-known facts that are set forth among the records of an administrative body and can be readily determined from governmental sources whose accuracy cannot reasonably be questioned and are therefore not subject to reasonable dispute. Plaintiffs are not asking the Court to take judicial notice as to the validity or effectiveness of the order.

Plaintiffs have conferred with the Defendants and Intervenor-Defendants. Intervenor-Defendant State of Alaska opposes this motion. Defendants and Intervenor-Defendant NANA Regional Corporation, Inc. will indicate their position upon review of the pleadings on this motion. Intervenor-Defendants Alaska Industrial Development and Export Authority and Ambler Metals, LLC each reserves its position on this motion.

For the foregoing reasons, Plaintiffs ask this Court to take judicial notice of the limited facts described above, which are set forth in Exhibits 3, 4, 5, and 6 attached to their opening brief (ECF 99).

DATED: December 1, 2021

>Respectfully submitted,
>
>CLEMMER LAW OFFICE, LLC
>
>By:     *s/ Teresa B. Clemmer*
>        Teresa B. Clemmer (AK Bar No. 0111059)
>
>*Counsel for Plaintiffs*

PLAINTIFFS' MOTION REQUESTING JUDICIAL NOTICE
*Alatna Village Council v. Heinlein,* 3:20-cv-00253-SLG     5
Case 3:20-cv-00253-SLG    Document 100    Filed 12/01/21    Page 5 of 6

# CERTIFICATE OF SERVICE

I hereby certify that, on December 1, 2021, I caused copies of the following:

>PLAINTIFFS' MOTION REQUESTING JUDICIAL NOTICE AND [PROPOSED] ORDER

to be filed with the Court and served by electronic means on all counsel of record through the Court's CM/ECF system.

/s/ *Teresa B. Clemmer*
Teresa B. Clemmer

PLAINTIFFS' MOTION REQUESTING JUDICIAL NOTICE
*Alatna Village Council v. Heinlein,* 3:20-cv-00253-SLG
Case 3:20-cv-00253-SLG   Document 100   Filed 12/01/21   Page 6 of 6

6