TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

SARAH A. BUCKLEY (Virginia State Bar No. 87350)
ELISABETH H. CARTER (New York State Bar No. 5733274)
Trial Attorneys
Environmental Defense Section
P.O. Box 7611 Washington, D.C. 20044
(202) 616-7554 ‖ 202-514-8865 (fax) (Buckley)
(202) 598-3141 (Carter)
sarah.buckley@usdoj.gov
elisabeth.carter@usdoj.gov

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 ‖ 202-305-0506 (fax)
paul.turcke@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DEBRA HAALAND, in her official capacity as Secretary of the Interior, *et al.*,<br><br>　　　　Defendants,<br><br>　　and<br><br>AMBLER METALS, LLC, *et al.*,<br><br>　　　　Intervenor-Defendants. | Case No. 3:20-cv-00187-SLG |

1

ALATNA VILLAGE COUNCIL, *et al.*,

    Plaintiffs,

 v.

THOMAS HEINLEIN, in his official capacity as Acting Alaska State Director for the U.S. Bureau of Land Management, *et al.*,

    Defendants,

 and

AMBLER METALS, LLC, *et al.*,

    Intervenor-Defendants.

Case No. 3:20-cv-00253-SLG

**RESPONSE TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE**

Plaintiffs in the above-captioned cases have moved the Court to take judicial notice of several documents. The United States does not oppose the request for judicial notice of certain facts reflected in three of those documents: Exhibits 3, 4, and 5 to Plaintiffs Alatna Village Council's ("Alatna Plaintiffs") Opening Brief (*i.e.*, the LinkedIn page for Casey Hammond, formerly Principal Deputy Assistant Secretary for Land and Minerals Management at the U.S. Department of Interior (Exhibit 3); a September 4, 2019 Washington Post article (Exhibit 4); and Order No. 3345 by the Secretary of Interior, entitled "Temporary Redelegation of Authority for Certain Vacant Non-Career Senate-Confirmed Positions" (Exhibit 5) (Docs. 99-3, 99-4, 99-5, and 99-6).[1]

---

[1] Alatna Plaintiffs' theory, as alleged, is that Casey Hammond's purportedly "temporary" authorization to act as Assistant Secretary was based solely on Secretarial Order 3345

The United States does, however, object to the requests to take judicial notice of two other documents that Plaintiffs seek to use in support of their Administrative Procedure Act ("APA") claims. First, Alatna Plaintiffs request that the Court take judicial notice of a Final Finding and Decision by the State of Alaska Department of Natural Resources regarding the width of the Donlin Mine access road's right-of-way in Western Alaska ("Donlin Mine document"). Second, Plaintiffs Northern Alaska Environmental Center, *et al*. ("Environmental Center Plaintiffs") request judicial notice of an EPA report entitled "Technical Review of a Threshold-Based Approach for Determining Significant Degradation in Alaska (July 5, 2019)" (hereinafter "Technical Review"), which they obtained in response to a FOIA request for "comments and communications submitted to the Corps from cooperating agencies regarding the proposed Pebble Mine," Pltfs.' Mot. for Judicial Notice at 3 (Doc. 102). Neither document is part of the administrative record for the agency actions challenged here. Indeed, the Donlin Mine document post-dates the challenged actions. Taking judicial notice of these non-record documents, and thereby allowing Plaintiffs to rely on those documents to support their APA-based claims, would circumvent the well-established rules of record review. Plaintiffs' motions should be denied with respect to those documents.

---

and expired before he signed the relevant Joint Record of Decision ("ROD"). Federal Defendants have admitted that "Secretarial Order 3345 was not extended," but aver that there are other sources of authority that will demonstrate that Mr. Hammond lawfully exercised assistant secretarial authority when he signed the Joint ROD. Answer ¶ 132 (Doc. 59); *see also id*. ¶ 29. The United States thus disputes whether the facts Alatna Plaintiffs intend to establish through judicial notice of these three documents are not necessary to prevail on their Federal Vacancies Reform Act claim, but does not object to request for judicial notice itself.

3

**LEGAL STANDARD**

Under the Federal Rules of Evidence, a court may take judicial notice of an adjudicative fact "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" only if it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id*. Under this rule, a court may "take judicial notice of matters of public record," but it "cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

**ARGUMENT**

Plaintiffs' requests for judicial notice of the Donlin Mine document and the Technical Review fail to meet the standard for judicial notice. Both documents discuss different projects with separate records not at issue in this case. Because the documents are not a part of the administrative records for the actions at issue here, it would violate principles of record review for the Court to consider them. Plaintiffs' judicial notice motions should accordingly be denied with respect to these documents.

The Ninth Circuit has recognized that judicial notice cannot be used as an end-run around record review. In *Rybachek v. U.S. EPA*, 904 F.2d 1276, 1296 n.25 (9th Cir. 1990), the Court construed a motion to take judicial notice of certain "reports, analyses, and comments by other federal agencies" criticizing EPA mining regulations as a motion to supplement the administrative record in that case.[2] The *Rybachek* court affirmed that

---

[2] Other courts have also rejected attempts to use judicial notice to circumvent record review. *See Dist. Hosp. Partners, L.P. v. Sebelius*, 971 F. Supp. 2d 15, 32 n.14 (D.D.C.

4

"[j]udicial review of agency actions should generally be confined to the original record upon which the actions were based." *Id*. (citing *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 420 (1971)). The court ultimately concluded that the documents proffered did not meet the high standard for supplementing the record. *Rybacheck*, 904 F.2d at 1296 n.25; *see also Compassion Over Killing v. U.S. Food & Drug Admin.*, 849 F.3d 849, 852 n.1 (9th Cir. 2017) (denying request for judicial notice of articles outside of the administrative record because "[Plaintiffs] have not 'met [their] heavy burden to show that the additional materials . . . are necessary to adequately review' the [agencies'] decision[s]." (quoting *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010)).

The same standard (and result) should apply here. Plaintiffs fail to show that either the Technical Review or the Donlin Mine document meets the Ninth Circuit's narrow standard for record supplementation. The Ninth Circuit allows record supplementation "only exceptionally." *Rybachek*, 904 F.2d at 1296 n.25. Supplementation is appropriate only "(1) if admission is necessary to determine whether the agency has considered all

---

2013 ("[J]udicial notice of an adjudicative fact not part of the administrative record generally is irrelevant to the court's analysis of the merits."); *Madison Servs., Inc. v. United States*, 92 Fed. Cl. 120, 130 n.6 (Fed. Cl. 2010) (noting that while the proffered document "may qualify for judicial notice . . . this does not exempt plaintiff from having to meet the independent requirements for supplementation of the administrative record"); *Murakami v. United States*, 46 Fed. Cl. 731, 739 (Fed. Cl. 2000) ("discretion to take judicial notice must be exercised sparingly lest Rule 201 be wielded to create an exception that would envelop the established procedures for conducting arbitrary and capricious review"); *Klamath Siskiyou Wildlands Ctr. v. Bureau of Land Mgmt.*, No. 1:12-cv-1559-CL, 2014 WL 525116 (D. Or. Feb. 6, 2014) (noting that although a document may qualify for judicial notice, that does not excuse the plaintiff from having to meet requirements for supplementing the record).

relevant factors and has explained its decision[;] (2) if the agency has relied on documents not in the record[;] (3) when supplementing the record is necessary to explain technical terms or complex subject matter[;] or (4) when plaintiffs make a showing of agency bad faith." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). Neither the Technical Review nor the Donlin Mine document fits any of these exceptions.

Plaintiffs have not asserted that the Federal Defendants here relied on the Technical Report or the Donlin Mine document, nor that they acted in bad faith in assembling and certifying the administrative record. Additionally, Plaintiffs do not offer the Technical Review or the Donlin Mine document to explain any technical terms or complex subject matter or demonstrate that the defendant agencies have not considered all relevant factors. Rather, Plaintiffs cite these documents to challenge the substance of the agencies' decisions based on materials that were not before the agency decisionmakers at the time. Environmental Center Plaintiffs, for instance, argue that the Technical Review shows that the compensatory mitigation analysis the agencies used here was flawed because EPA criticized what Plaintiffs assert was a similar analysis in a different proceeding. *See* Pltfs.' Motion for Summary Judgment, *N. Alaska Envtl. Ctr. v. Haaland*, 3:20-cv-00187, at 47 (Doc. 99) ("Even EPA has critiqued [the Corps' compensatory mitigation analysis"] . . . as potentially violating the CWA."); Pltfs.' Motion to Take Judicial Notice at 4 (Doc. 102) (arguing the Technical Review "is relevant to the present case because it demonstrates that EPA has raised concerns to the Corps regarding its compensatory mitigation approach in Alaska"). Similarly, Alatna Plaintiffs offer the Donlin Mine document to argue that because Alaska "recently limited

6

the access road for the Donlin Mine to a 150-foot right-of-way," Defendants here unlawfully allowed a wider right-of-way in the decisions at issue in this case. *See* Alatna Motion at 3 (Doc. 100).

The Ninth Circuit has bluntly rejected supplementation in such circumstances. *See, e.g.*, *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014) ("Such use is never permitted."); *Nw. Envtl. Advocates v. NMFS*, 460 F.3d 1125, 1144–45 (9th Cir. 2006) (explaining that consideration of extra-record evidence is never proper for the purpose of attacking an agency's analysis and conclusions). Indeed, the Ninth Circuit has specifically cautioned against "judicial consideration of evidence relevant to the substantive merits of the agency action but not included in the administrative record." *Asarco, Inc. v. U.S. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980); *see also id*. (extra-record evidence "to determine the correctness or wisdom of the agency's decision is not permitted"). Accordingly, the Court should not supplement the record in this case with the Technical Review or Donlin Mine document.

Finally, using judicial notice as Plaintiffs propose would circumvent the rules of record review, inappropriately expanding the record. Trial based evidentiary procedures such as judicial notice under Federal Rules of Evidence Rule 201 generally should be avoided in the context of administrative record review, as they risk forcing the Court into the improper role of fact-finder, rather than a reviewer of the agency's decision. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("The factfinding capacity of the district court is [ ] typically unnecessary to judicial review of agency decisionmaking"); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1472 (9th Cir. 1994) (review

7

under the APA does not require fact finding by the court). The Court should reject Plaintiffs' invitation to conduct its own extra-record fact-finding here.

Even setting aside record review principles, the Technical Review and Donlin Mine documents do not meet the standard for judicial notice. With respect to the Technical Review, judicial notice would be appropriate, at most, to show that the Technical Review *exists*. Judicial notice cannot be used to demonstrate that the *contents* of the Review reveal deficiencies in the agency actions challenged in this case, as Plaintiffs attempt to do here. *See, e.g.*, *Ctr. for Envt'l Law & Policy v. U.S. Bureau of Reclamation*, 655 F.3d 1000, 1010 n. 5 (9th Cir. 2011) (taking notice of the existence of a draft study but emphasizing that the court would not consider the content of the draft study); *Dent v. Holder*, 627 F.3d 365, 371–72 (9th Cir. 2010) (taking judicial notice of official agency record, but not of facts contained therein). Because Plaintiffs ask the Court to review the *contents* of the Technical Review—that is, EPA's criticism of the compensatory mitigation analysis in a different mining project in Alaska—it does not meet the standard for judicial notice.

Similarly, the Donlin Mine document would also fail to meet the judicial notice standard, even setting aside the fatal record review issues set out above. Alatna Plaintiffs offer this document to show that a different mine access road's right-of-way was set at 150 feet, not to establish that bare fact, but rather to establish that a right-of-way *greater* than 150 feet would be unreasonable. That is not the kind of adjudicative fact that is "not subject to reasonable dispute" in this case. Fed. R. Evid. 201(b).

For the foregoing reasons, the Court should deny Plaintiffs' Motions to Take

8

Judicial Notice (Alatna Doc. 100; Environmental Center Doc. 102). In addition, the Court should ignore all references to the Technical Review and the Donlin Mine document in Plaintiffs' Motions for Summary Judgment (Alatna Doc. 99; Environmental Center Doc. 99).

DATED: December 15, 2021  TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

/s/ Sarah A. Buckley
SARAH A. BUCKLEY (Va. State Bar No. 87350)
Trial Attorney
Environmental Defense Section
P.O. Box 7611 Washington, D.C. 20044
(202) 616-7554 || 202-305-8865 (fax)
sarah.buckley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Sarah A. Buckley*
Sarah A. Buckley
