TREG TAYLOR
ATTORNEY GENERAL

Ronald W. Opsahl (Alaska Bar No. 2108081)
Senior Assistant Attorney General
Brian E. Gregg (Alaska Bar No. 2107080)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-6617
Facsimile: (907) 276-3697
Emails: *ron.opsahl@alaska.gov*
　　　　*brian.gregg@alaska.gov*

*Attorneys for State of Alaska*

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ALATNA VILLAGE COUNCIL, *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CHAD PADGETT, in his official capacity as Alaska State Director for the U.S. Bureau of Land Management, *et al.*,<br><br>　　　　Defendants,<br><br>　and<br><br>AMBLER METALS, LLC, *et al.*,<br><br>　　　　Intervenor-Defendants. | Case No. 3:20-cv-00253-SLG |

**INTERVENOR-DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR JUDICIAL NOTICE**

Intervenor-defendants State of Alaska, Alaska Industrial Development and Export Authority ("AIDEA"), Ambler Metals, LLC, and NANA Regional Corporation ("Intervenors") oppose Plaintiffs' motion for judicial notice (ECF No. 100). Plaintiffs' motion should be denied in part. Intervenors do not object to notice or consideration of Exhibit 6, i.e., Secretarial Order No. 3345, Amendment No. 32 (issued May 5, 2020). However, Intervenors object to the admission of Exhibits 3, 4, and 5 because they are largely irrelevant, inaccurate, or prejudicial.

Broadly speaking, courts agree that "judicial notice is generally not the appropriate means to establish the legal principles governing the case." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citing *Toth v. Grand Trunk R.R.,* 306 F.3d 335, 349 (6th Cir.2002)). This is particularly true here given that this case is an administrative appeal with a closed record. In a case brought under the Administrative Procedure Act ("APA"), a court must review the challenged agency action based on the administrative record in existence at the time of the agency's decision. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985); *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir.2000). Under this record rule, "the focal point of judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Because review is confined to the administrative record presented by the agency, a plaintiff moving for judicial notice in an APA case must identify an exception to the record-review rule.

Intervenors' Opp'n to Plaintiffs' Motion　　　　　　　　　　　　　　　　　Page 2 of 7
*Alatna Village Council v. Padgett, et al.*　　　　　　　　　　Case No.: 3:20-cv-00253-SLG
Case 3:20-cv-00253-SLG　　Document 105　　Filed 12/15/21　　Page 2 of 7

*Yellowstone to Uintas Connection v. Bolling*, No. 4:20-CV-00192-DCN, 2021 WL 5702158, at *12 (D. Idaho Dec. 1, 2021). Here, Plaintiffs identify no exception that would allow the Court to consider the document they present (and at any rate, have missed the deadline to supplement the administrative record with materials the government did not include).

Exhibit 3, a decision document from the State of Alaska concerning the Donlin mine road right-of-way, should be excluded from judicial notice. ECF No. 100 at 2-3. Although a federal court "may take judicial notice of a record of a state agency not subject to reasonable dispute," the Ninth Circuit declined to do so in a case where taking notice of amendments to a state management plan "could have no significance in [the] appeal." *City of Sausalito v. O'Neill*, 386 F.3d 1186, n.2 (9th Cir. 2004). Such is the case here. The Donlin project is an entirely different project in a different part of Alaska concerning a different permitting authority (namely, the State of Alaska versus federal agencies) with its own unique administrative record. Moreover, the Donlin project concerned a 150-foot easement over State land, while the Ambler cases concern a 250-foot wide right-of-way, portions of which cross federal lands. *See* ROD at 3.2.1. In addition, Donlin was given an exclusive easement, while the Ambler Industrial Road is a private controlled-access road that has a limited lifespan of 50-years. It is an apples and oranges comparison and therefore irrelevant for purposes of judicial notice.

Exhibit 4, the LinkedIn profile of Casey Hammond, should likewise be excluded from judicial notice. ECF No. 100 at 3-4. Per Fed. R. Evid. 201(b)(2), a court may take judicial notice of a fact "that is not subject to reasonable dispute because it … can be

Intervenors' Opp'n to Plaintiffs' Motion　　　　　　　　　　　　　　　　Page 3 of 7
*Alatna Village Council v. Padgett, et al.*　　　　　　　　　Case No.: 3:20-cv-00253-SLG
Case 3:20-cv-00253-SLG　　Document 105　　Filed 12/15/21　　Page 3 of 7

accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A social media profile hardly meets this criterion. There is no way of ensuring that a profile on platforms such as LinkedIn or Facebook is up to date or fully accurate, nor is there is any way to prevent someone from creating a fraudulent profile imitating someone else.  It is pointless to take notice of something that provides no clarity.  If anything, the proper recourse here, assuming it is even relevant, would be for the Federal Defendants to stipulate to the facts surrounding the appointment and departure of Casey Hammond.

Finally, Exhibit 5, a September 4, 2019 Washington Post article, should also be excluded from judicial notice.  ECF No. 100 at 4-5.  Although purportedly offered solely to establish the date of Assistant Secretary of Lands and Minerals Joe Balash's departure from government service, the hearsay article contains facts that are irrelevant to the issues in this case and which are not part of the administrative record presented by the agencies. Again, as noted above, the proper way to resolve any simple factual details such as the departure dates of former federal employees from government service is for the Federal Defendants to simply stipulate such facts without needless recourse to a slanted media piece.

Consequently, for the reasons stated above, the motion for judicial notice should be denied, at least with regard to Exhibit 3, Exhibit 4, and Exhibit 5.


Respectfully submitted, this 15th day of December, 2021.

Intervenors' Opp'n to Plaintiffs' Motion                                      Page 4 of 7
*Alatna Village Council v. Padgett, et al.*                      Case No.: 3:20-cv-00253-SLG
Case 3:20-cv-00253-SLG   Document 105   Filed 12/15/21   Page 4 of 7

TREG TAYLOR
ATTORNEY GENERAL

/s/ Brian E. Gregg
Ronald W. Opsahl (Alaska Bar No. 2108081)
Senior Assistant Attorney General
Brian E. Gregg (Alaska Bar No. 2107080)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Phone: (907) 269-6617
Facsimile: (907) 276-3697
*ron.opsahl@alaska.gov*
*brian.gregg@alaska.gov*
*Attorneys for State of Alaska*

HOLLAND & HART LLP

/s/ Kyle W. Parker
Kyle W. Parker, ABA No. 9212124
Sarah C. Bordelon, NV Bar 14683 (*pro hac vice*)
HOLLAND & HART LLP
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska 99501
Telephone: (907) 865-2600
Facsimile: (907) 865-2680
*kwparker@hollandhart.com*
*scbordelon@hollandhart.com*
*Attorneys for Alaska Industrial Development and Export Authority*

Intervenors' Opp'n to Plaintiffs' Motion　　　　　　　　　　　　　　Page 5 of 7
*Alatna Village Council v. Padgett, et al.*　　　　　　　　　Case No.: 3:20-cv-00253-SLG
Case 3:20-cv-00253-SLG　Document 105　Filed 12/15/21　Page 5 of 7

PERKINS COIE LLP

 /s/ *Stacey Bosshardt*
Stacey Bosshardt (*Pro Hac Vice*)
DC Bar No. 458645
*SBosshardt@perkinscoie.com*
700 Thirteenth Street, N.W., Suite 800
Washington, D.C.  20005-3960
Telephone: 202.654.6200

Eric B. Fjelstad
*EFjelstad@perkinscoie.com*
James N. Leik
*JLeik@perkinscoie.com*
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
*Attorneys for Intervenor-Defendant Ambler Metals, LLC*

STOEL RIVES LLP

/s/ Beth S. Ginsberg
Beth S. Ginsberg (Pro Hac Vice)
*beth.ginsberg@stoel.com*
James C. Feldman (Bar No. 1702003)
*james.feldman@stoel.com*
600 University Street, Suite 3600
Seattle, WA  98101
Telephone:  (206) 264-0900

James E. Torgerson (Bar No. 8509120)
*jim.torgerson@stoel.com*
Connor R. Smith (Bar No. 1905046)
*connor.smith@stoel.com*
510 L Street, Suite 500
Anchorage, AK  99501
Telephone:  (907) 277-1900

*Attorneys for Intervenor-Defendant NANA Regional Corporation, Inc*

Intervenors' Opp'n to Plaintiffs' Motion　　　　　　　　　　　　　　　　Page 6 of 7
*Alatna Village Council v. Padgett, et al.*　　　　　　　　　　Case No.: 3:20-cv-00253-SLG
Case 3:20-cv-00253-SLG   Document 105   Filed 12/15/21   Page 6 of 7

## CERTIFICATE OF SERVICE

I hereby certify on December 15th 2021, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification and electronic service of the same to all counsel of record.

/s/ Suzanne N. Jump
Law Office Assistant I

Intervenors' Opp'n to Plaintiffs' Motion　　　　　　　　　　　　　　　Page 7 of 7
*Alatna Village Council v. Padgett, et al.*　　　　　　　　　　　　Case No.: 3:20-cv-00253-SLG
Case 3:20-cv-00253-SLG   Document 105   Filed 12/15/21   Page 7 of 7