Teresa B. Clemmer (AK Bar No. 0111059)
CLEMMER LAW OFFICE LLC
PO Box 4086
Palmer, AK 99645
Phone:  907-982-2774
tclemmer@clemmerlaw.net

*Counsel for Plaintiffs Alatna Village Council, Allakaket Tribal Council, Evansville Tribal Council, Huslia Tribal Council, Tanana Tribal Council, and Tanana Chiefs Conference*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Alatna Village COUNCIL, *et al.*,<br><br>    Plaintiffs,<br>v.<br><br>CHAD PADGETT, in his official capacity, *et al.*,<br><br>    Defendants,<br> and<br><br>AMBLER METALS, LLC, *et al.*,<br><br>    Intervenor-Defendants. | Case No. 3:20-cv-00253-SLG |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO INTERVENOR-DEFENDANTS' MOTION FOR EXTENSIONS OF DEADLINES**

PLAINTIFFS' RESPONSE IN OPPOSITION TO INTERVENOR-DEFENDANTS'
MOTION FOR EXTENSIONS OF DEADLINES, *Alatna Village Council v. Padgett,*
3:20-cv-00253-SLG

Case 3:20-cv-00253-SLG   Document 113   Filed 03/04/22   Page 1 of 7

Plaintiffs oppose the motion filed by Intervenor-Defendants Ambler Metals LLC and NANA Regional Corporation seeking a two-week extension of time for themselves and a one-week extension for the federal Defendants.[1] As Plaintiffs have expressed repeatedly, they are concerned about the extended delays that have already occurred in this litigation, which was initiated nearly a year and a half ago.[2]

The time has come to move forward with the merits of this case. We are now in the phase when on-the ground activities are beginning in earnest. Every week of delay in the litigation will allow further damage to subsistence, cultural resources, and the environment, and this will be deeply prejudicial and harmful to the Plaintiff Tribes. For example, just today, the Alaska Department of Natural Resources ("DNR") granted a permit allowing the Alaska Industrial Development & Export Authority ("AIDEA") to conduct geotechnical investigation activities on State-owned uplands, shorelands, and submerged lands along the pristine, fish-bearing John, Wild, and Koyukuk rivers in furtherance of the Ambler Road Project.[3] These activities are authorized to commence starting today, March 4, 2022, and the bulk of the initial work is expected to be

---

[1] *See* ECF 112.
[2] *See, e.g.*, ECF 79, 93. Plaintiffs acquiesced in Defendants' requests for a stay (ECF 83) and subsequent extension (ECF 107) in the hope that an administrative decision might obviate the need for further litigation. Defendants' Motion for Voluntary Remand (ECF 111) does not achieve this, however, as Plaintiffs will explain in detail in their response in opposition to the motion.
[3] *See* Exs. 1, 2.

PLAINTIFFS' RESPONSE IN OPPOSITION TO INTERVENOR-DEFENDANTS'
MOTION FOR EXTENSIONS OF DEADLINES, *Alatna Village Council v. Padgett*,
3:20-cv-00253-SLG 1

completed within the next few weeks.[4]

The activities will be extensive and damaging, as they will involve the drilling of fourteen 100-foot and 60-foot boreholes at the three rivers, along with 36 penetrometer holes; the use of a track-mounted sonic drill, air compressor, ground-penetrating radar, drills and ice augers, and other equipment; the extraction and spreading on-site of 8 to 10 tons or more of drilling soils and sediments; the creation of three large-scale work camps, each with capacity for 15 personnel, as well as 1,500 square-foot workspaces at or near each of the 14 drilling sites, all requiring extensive tree and brush clearing as well as earth-moving and ground-leveling work; and a variety of other poorly-defined activities, including seismic surveying, water extraction, overland transport through remote undisturbed areas, and fuel usage, transportation, and storage.[5]

All of this will occur at or near sensitive fish-bearing rivers and subsistence harvesting sites, and in a region replete with cultural resources that Tribes hold sacred. Drilling and earth-moving equipment could destroy irreplaceable cultural resources; oil spills, sewage, and erosion could contaminate rivers and harm fish populations; noise and disturbance could affect wildlife and interfere with subsistence harvesting; and these are just a few examples of the types of harm that could flow from DNR's permit for Ambler

---

[4] *See* Exs. 1, 2.
[5] *See* Exs. 1, 2, 3.

PLAINTIFFS' RESPONSE IN OPPOSITION TO INTERVENOR-DEFENDANTS'
MOTION FOR EXTENSIONS OF DEADLINES, *Alatna Village Council v. Padgett,*
3:20-cv-00253-SLG                    2

Road-related activities.

It is especially disturbing that DNR's authorization relies on cultural resource surveys conducted by AIDEA at the three river sites in 2021,[6] even though the U.S. Department of the Interior ("DOI") has admitted in the present litigation that the National Historic Preservation Act ("NHPA") § 106 process under which these surveys were carried out is "deficient and did not comply with the NHPA."[7] Moreover, the results of AIDEA's cultural resource surveys remain in draft form and have not yet been approved by DOI.[8]

The recently permitted geotechnical drilling, camp-building, seismic surveys, and other activities thus pose a substantial threat of harm to cultural resources, subsistence, and the environment. Further litigation delays will encourage AIDEA, DNR, and others to keep moving ahead with other similarly harmful Ambler Road development activities in reliance on flawed and unlawful federal decision-making.

Indeed, DNR is in the process of considering a proposed easement and site-specific land use plan for the 125 miles and 244,000 acres of the proposed Ambler Road corridor that will traverse State-owned lands.[9] DNR is conducting a cursory review in

---

[6] *See* Ex. 2 at 3, 6; Ex. 3 at 6.
[7] ECF 111 at 20.
[8] *See* Ex. 2 at 3, 6; Ex. 3 at 6.
[9] *See* Exs. 4-8.

PLAINTIFFS' RESPONSE IN OPPOSITION TO INTERVENOR-DEFENDANTS'
MOTION FOR EXTENSIONS OF DEADLINES, *Alatna Village Council v. Padgett,*
3:20-cv-00253-SLG                                                                                      3

connection with these decisions, allowing only a 60-day comment period with a single public "listening session"[10] for an immense project that will transform an enormous region of the State from a magnificent and ecologically rich landscape that has supported indigenous communities for thousands of years into a vast degraded industrial zone. Instead of thoroughly evaluating the project's impacts, both AIDEA and DNR are relying on the federal decision-making that Plaintiffs are challenging in this litigation,[11] some aspects of which DOI has already admitted are inadequate and unlawful.[12] The public comment period is scheduled to end on April 1, 2022,[13] and DNR could approve the easement and land use plan any time thereafter.

For all these reasons, a timely resolution of this litigation on the merits is sorely needed, and Plaintiffs oppose the extensions requested by Ambler Metals and NANA as well as any other delays in the briefing schedule.

---

[10] *See* Exs 8.
[11] *See, e.g.,* Ex. 4 at 2-5; Ex. 5 at 1-5; Ex. 8 at 1-3.
[12] *See* ECF 111.
[13] *See* Ex. 8 at 2.

PLAINTIFFS' RESPONSE IN OPPOSITION TO INTERVENOR-DEFENDANTS'
MOTION FOR EXTENSIONS OF DEADLINES, *Alatna Village Council v. Padgett,*
3:20-cv-00253-SLG    4

DATED: March 4, 2022

        Respectfully submitted,

        CLEMMER LAW OFFICE, LLC

        By:      s/ Teresa B. Clemmer
               Teresa B. Clemmer (AK Bar No. 0111059)

*Counsel for Plaintiffs Alatna Village Council, Allakaket Tribal Council, Evansville Tribal Council, Huslia Tribal Council, Tanana Tribal Council, and Tanana Chiefs Conference*

PLAINTIFFS' RESPONSE IN OPPOSITION TO INTERVENOR-DEFENDANTS' MOTION FOR EXTENSIONS OF DEADLINES, *Alatna Village Council v. Padgett,* 3:20-cv-00253-SLG    5

Case 3:20-cv-00253-SLG    Document 113    Filed 03/04/22    Page 6 of 7

# CERTIFICATE OF SERVICE

I hereby certify that, on March 4, 2021, I caused copies of the following:

> PLAINTIFFS' RESPONSE IN OPPOSITION TO INTERVENOR-DEFENDANTS' MOTION FOR EXTENSIONS OF DEADLINES and EXHIBITS 1-8 THERETO
>
> [PROPOSED] ORDER

to be filed with the Court and served by electronic means on all counsel of record through the Court's CM/ECF system.

                                                    /s/ Teresa B. Clemmer
                                                      Teresa B. Clemmer

PLAINTIFFS' RESPONSE IN OPPOSITION TO INTERVENOR-DEFENDANTS' MOTION FOR EXTENSIONS OF DEADLINES, *Alatna Village Council v. Padgett,* 3:20-cv-00253-SLG     6

Case 3:20-cv-00253-SLG    Document 113    Filed 03/04/22    Page 7 of 7