James E. Torgerson (Bar No. 8509120)
Connor R. Smith (Bar No. 1905046)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900
Facsimile: 907.277.1920
jim.torgerson@stoel.com
connor.smith@stoel.com

Beth S. Ginsberg (*Pro Hac Vice*)
James C. Feldman (Bar No. 1702003)
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500
beth.ginsberg@stoel.com
james.feldman@stoel.com

Attorneys for Intervenor-Defendant
NANA Regional Corporation, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

ALATNA VILLAGE COUNCIL; et al.,

Plaintiffs,

v.

CHAD PADGETT in his official capacity as Alaska State Director for the U.S. BLM Land Management; et al.,

Defendants,

and

AMBLER METALS LLC, et al.

Intervenor-Defendants.

Case No.: 3:20-cv-00253-SLG

**NANA REGIONAL CORPORATION'S RESPONSE TO FEDERAL DEFENDANTS' MOTION FOR VOLUNTARY REMAND**

## I.     INTRODUCTION

NANA Regional Corporation, Inc. ("NANA") submits this response to the Federal Defendants' motion for voluntary remand (Dkt. 111). NANA is not opposed to the

*Alatna Village Council, et al. v. Padgett, et al.*
Case No. 3:20-cv-00253-SLG

1

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

Federal Defendants' remand motion so long as the Court exercises its inherent authority to closely supervise the remand to ensure that it is substantively targeted to the subsistence analysis under section 810 of the Alaska National Interest Lands Conservation Act ("ANILCA") and the National Historic Preservation Act ("NHPA") section 106 Programmatic Agreement ("PA") and completed within a reasonable timeframe, as set forth more specifically below, and in Ambler Metals, LLC's Response to Federal Defendants' Motion for Voluntary Remand (Dkt. 125).

## II. ARGUMENT

### A. Remand Is Unnecessary Because the Record Demonstrates Robust Tribal Engagement

In support of its voluntary remand request, Federal Defendants maintain that the government's Tribal consultation was deficient and have requested a remand to "revisit their consultation obligations vis-à-vis tribal sovereigns affected by the Project."[1] To the contrary, the Joint Record of Decision ("JROD") demonstrates that the Federal Defendants undertook robust engagement with communities affected by the Project both in the Northwest Arctic elsewhere. The government also engaged with Tribal sovereign governments and Alaska Native Claims Settlement Act ("ANCSA") Corporations,

---

[1] Dkt. 111 at 20.

*Alatna Village Council, et al. v. Padgett, et al.*
Case No. 3:20-cv-00253-SLG

including NANA, in developing the NHPA section 106 PA and the JROD more generally.[2]

In fact, NANA's support for the JROD is predicated on the high level of engagement with affected Tribes and Native Corporations on subsistence and cultural resource issues that led to the adoption of the JROD, and the government's commitment to continue that level of engagement as the Ambler Road Project ("Project") moves forward.[3] In short, as illustrated more fully in Ambler Metals' Response (Dkt. 125), the process leading to the adoption of the JROD was robust and satisfied the substantive and procedural requirements of ANILCA section 810 and NHPA section 106.

## B. Any Remand Should Be Closely Supervised, Require Consultation with NANA and all Other Affected Tribal Entities, and Be Limited in Scope and Duration

But, if the Court is predisposed to granting the Federal Defendants' motion, it should require the Federal Defendants to honor their government-to-government

---

[2] *See* Resolution of the Board of Directors of NANA Regional Corporation, Inc., No. 2022-12, A Resolution in Support of the Joint Record of Decision for the Ambler Access Project and Requesting Consultation with the U.S. Department of Interior (the "Resolution") (attached as Exhibit A at 2).

[3] *See* Resolution at 3 ("NANA . . . has confidence in the process . . . for continued engagement with affected Tribes, other communities in the Northwest Arctic Borough, and [ANCSA Corporations like NANA and Doyon] to ensure protections for subsistence and resources throughout the Project [area]"). *See also* Resolutions passed by: (i) the Native Village of Kobuk; (ii) the Native Village of Shungnak; (iii) the Native Village of Selawik; and (iv) the Deering IRA Council, all of which endorse the JROD and the process it sets forth for the Ambler Access Project), attached as Exhibit C.

*Alatna Village Council, et al. v. Padgett, et al.*
Case No. 3:20-cv-00253-SLG

3

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

consultation obligations with all Tribes and ANCSA Corporations affected by the Ambler Road Project, including NANA, as part of that remand process.[4] While Federal Defendants have twice sought extensions in this case to consult with the Tribal Plaintiffs, the government has consultation obligations with *all* affected Tribal entities and Native Corporations, not just those that have filed suit.[5]

If the Court grants the request for a voluntary remand, it should also impose reasonable limits on the scope and timing of the remand. Federal Defendants' open-ended motion for remand contains no discernible framework, oversight, or timeframe to guide the remand process. Courts have authority to grant an agency's request for voluntary remand so long as the agency demonstrates a commitment to conclude the

---

[4] *See* Exec. Order No. 13,175, 65 Fed. Reg. 67,249 (Nov. 9, 2000) (requiring consultation and coordination with Indian Tribal governments); Pub. L. No. 108-199, 118 Stat. 452, *as amended by* Pub. L. No. 108-447, 118 Stat. 2809 (requiring Federal agencies to consult with Alaska Native Corporations on the same basis as federally recognized Indian Tribes); 2015 Dept. of Interior Manual (committing Department to initiating consultation with ANCSA Corporations like NANA when taking action that has a substantial direct effect on ANCSA Corporations).

[5] Indeed, the attached letter from The Native Village of Kobuk Traditional Council (attached as Exhibit B) – the governing body of the federally recognized tribe that is both located in the NANA region and affected by the Project – expresses concerns regarding the "lack of any recent communications inviting tribal consultation or advising us as to the status of the [consultation] process" conducted by the Federal government during the litigation.

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

remand process within a reasonable time.⁶ This Court has equitable discretion to set a reasonable schedule for the completion of the remand proceedings.⁷

As explained more fully in Ambler Metals' Response (Dkt. 125), if the Court is inclined to grant Federal Defendants' motion, any remand to the agency should be closely supervised by the Court, constrained by reasonable time limits, and limited to the substantive deficiencies identified by the Federal Defendants in the motion – in this case the ANILCA section 810 subsistence evaluation and the NHPA section 106 analyses.⁸

Moreover, any remand granted by the Court should reflect the sense of urgency Congress expressed in enacting section 201(4)(b) of ANILCA. Recognizing the "need

---

⁶ *In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1137 (9th Cir. 2020) (granting voluntary remand based on agency's commitment to "completing remand proceedings in a reasonable time frame"); *id.* at 1139 ("'[A] reasonable time for agency action [on remand] is typically counted in weeks or months, not years.'" (quoting *In re A Cmty. Voice*, 878 F.3d 779, 787 (9th Cir. 2017))).

⁷ *Ctr. for Biological Diversity v. Norton*, 212 F. Supp. 2d 1217, 1221 (S.D. Cal. 2002) (setting reasonable timeline for completion of rulemaking following voluntary remand); *accord Cook Inletkeeper v. U.S. EPA*, 400 F. App'x 239, 241 (9th Cir. 2010) (granting voluntary remand, retaining jurisdiction, and requiring regular status reports to ensure that the state of Alaska kept its schedule to meet water quality certification); *Greater Yellowstone Coal. v. U.S. EPA*, No. 4:12–CV–60–BLW, 2013 WL 1760286, at *5 (D. Idaho Apr. 24, 2013) (granting voluntary remand and retaining jurisdiction to "ensure a timely remand process").

⁸ Dkt. 111 at 11. The Federal Defendants' intention to "supplement the NEPA analysis" (Dkt. 111 at 2) is ill-formed and unreasonably open-ended, especially, whereas here, they have not identified any NEPA-based "mistakes" that need to be cured. *Cf. SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) (granting remand where agency identified a "substantial and legitimate" concern); *Cal. Communities Against Toxics v. U.S. EPA*, 688 F.3d 989, 992 (9th Cir. 2012).

*Alatna Village Council, et al. v. Padgett, et al.*
Case No. 3:20-cv-00253-SLG

5

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

for access for surface transportation purposes across the Western (Kobuk River) unit of the Gates of the Arctic National Preserve (from the Ambler Mining District to the Alaska Pipeline Haul Road)," Congress established a streamlined environmental review process for establishing a transportation right-of-way and constrained the Secretary's discretion in approving such a route.[9]

Accordingly, NANA proposes that the Court require the Federal Defendants to complete their subsequent analysis within nine months of any order granting voluntary remand and should require 60-day status reports as it supervises the remand. Those status reports should include reference to the various government-to-government consultations held during the remand period with all affected Tribal entities and ANCSA Corporations. In addition, the government should be required to timely file any new, superseding decisions, and the administrative record(s) supporting those decisions, within 30 days of issuing them.

In short, to give effect to Congress's intent that agencies prioritize evaluation of a right-of-way, any remand should be closely supervised by the Court and require Federal

---

[9] Pub. L. No. 96-487, § 201(4)(b), 94 Stat. 2371; *see also* 16 U.S.C. § 410hh(4)(b); 16 U.S.C. § 3164(e)-(g) (requiring any draft environmental analysis be completed within nine months of an applicant's filing of an application, requiring a final environmental analysis to be completed within one year of filing, and mandating that the Federal agencies approve or disapprove the project within four months of the publication of the final analysis). *See also* Ambler Metals' Response (Dkt. 125) at n.63.

*Alatna Village Council, et al. v. Padgett, et al.*
Case No. 3:20-cv-00253-SLG

Defendants to submit regular status reports, conduct quarterly status conferences, and require Federal Defendants to issue a final decision no later than December 1, 2022. This schedule will ensure adequate time for government-to-government consultations,[10] including with NANA, and permit the government to complete a thorough environmental review, while avoiding prejudice to the parties relying on the suspended rights-of-way.[11]

**C.    The JROD Should Not Be Vacated**

Finally, the Court should resist all requests to vacate the JROD. For the reasons provided in Ambler Metals' Response (Dkt. 125 at 10-14), *vacatur* is neither appropriate nor authorized here where: (1) the Court has not found a legal violation; (2) the government's suspension of the rights-of-way ensures that no harm to the environment or to subsistence or cultural resources will ensue; and (3) the equities counsel in favor of leaving the bulk of the JROD in place while the government shores up any perceived deficiencies. As to this latter point, ANILCA section 201(4) reflects Congress's careful balancing of conservation purposes and "satisfaction of the economic and social needs of

---

[10] The Federal government's consultation obligations extend well beyond the Tribal Plaintiffs and must include affected federally recognized Tribes and Tribal entities in both the NANA region and Koyukuk area – as well as NANA and Doyon – affected ANCSA Corporations. As this filing demonstrates, the affected Tribal entities do not speak with one voice.

[11] *N. Coast Rivers All. v. U.S. Dep't of the Interior*, No. 116CV00307LJOMJS, 2016 WL 8673038, at *13 (E.D. Cal. Dec. 16, 2016) (retaining jurisdiction "'to ensure that [the] voluntary remand will not, in fact, prejudice the non-movant'" (citation omitted)).

*Alatna Village Council, et al. v. Padgett, et al.*
Case No. 3:20-cv-00253-SLG
7

the State of Alaska and its people."[12] The JROD embodies this careful balance by protecting the environment, as well as subsistence and cultural resources, while facilitating an economically important Project for federally recognized Tribes in the NANA region and NANA's Iñupiat shareholders. [13]

### III. CONCLUSION

For all these reasons, as well as those set forth in Ambler Metals' Response, if the Court grants the request for a voluntary remand, the Court should impose the conditions set forth herein.

DATED: March 22, 2022

STOEL RIVES LLP

By:/s/ *Beth S. Ginsberg*
    James E. Torgerson (Bar No. 8509120)
    Beth S. Ginsberg (*Pro Hac Vice*)
    James C. Feldman (Bar No. 1702003)
    Connor R. Smith (Bar No. 1905046)

*Attorneys for Intervenor-Defendant NANA Regional Corporation, Inc.*

---

[12] *Friends of Alaska Nat'l Wildlife Refuges v. Haaland*, No. 20-35721 et al., slip op. at 14 (9th Cir. Mar. 16, 2022).
[13] *See* Exhibits A and C, attached (emphasizing economic importance of the Project to tribal members and NANA's Iñupiat shareholders).

*Alatna Village Council, et al. v. Padgett, et al.*
Case No. 3:20-cv-00253-SLG

8

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2022, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court, District of Alaska, by using the CM/ECF system. Participants in this Case No. 3:20-cv-00253-SLG, who are registered CM/ECF users, will be served by the CM/ECF system.

/s/ Beth S. Ginsberg
Beth S. Ginsberg

*Alatna Village Council, et al. v. Padgett, et al.*
Case No. 3:20-cv-00253-SLG

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920