TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

SARAH A. BUCKLEY (Virginia State Bar No. 87350)
ELISABETH H. CARTER (New York State Bar No. 5733274)
Trial Attorneys, Environmental Defense Section
P.O. Box 7611 Washington, D.C. 20044
202-616-7554 (Buckley) || 202-305-8865 (fax)
202-514-0286 (Carter)
sarah.buckley@usdoj.gov
elisabeth.carter@usdoj.gov

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney, Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 || 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ALATNA VILLAGE COUNCIL, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>THOMAS HEINLEIN, in his official capacity as Acting BLM Alaska State Director, *et al.*,<br><br>    Defendants,<br>  and<br><br>AMBLER METALS, LLC, *et al.*,<br><br>    Intervenor-Defendants. | Case No. 3:20-cv-00253-SLG |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION FOR VOLUNTARY REMAND**

*Alatna Village Council v. Heinlein*  Case No. 3:20-cv-00253-SLG
REPLY IN SUPPORT OF MOT. FOR VOLUNTARY REMAND  1

## INTRODUCTION

This case involves the proposed Ambler Road, a gravel surfaced roadway that would extend from milepost 161 of the Dalton Highway westward to the Ambler Mining District. *See* BLM_0000003. Defendants' July 2020 decisions approved an application submitted by the Alaska Industrial Development and Export Authority (AIDEA) to obtain rights-of-way and build the Road. Plaintiffs here, and in the related case *Northern Alaska Environmental Center v. Haaland*, No. 20-cv-00187 (D. Alaska filed Aug. 30, 2020), challenge these decisions. Plaintiffs filed opening briefs on the merits, but Defendants have since identified flaws in certain elements of their decisionmaking process, and in lieu of defending the challenged decisions have filed a motion for voluntary remand and separately suspended the rights-of-way.

It is well recognized that a federal agency can seek voluntary remand of a challenged administrative action. Courts generally grant such requests so long as the request is not frivolous or made in bad faith. Here, Defendants request remand to restructure and revisit processes to consider impacts to subsistence use under the Alaska National Interest Lands Conservation Act (ANILCA) and to historic properties under the National Historic Preservation Act (NHPA), among other issues. These new processes will result in new determinations under the relevant statutes. Since these determinations are foundational elements of National Environmental Policy Act (NEPA) review, Defendants will also prepare a Supplemental Environmental Impact Statement. The challenged decisions in these cases represent an interconnected web built upon these procedural foundations.

While Defendants have acknowledged flaws in certain aspects of those foundations, the decisions also contain significant protective measures that require agency approvals before actions occur that might have adverse environmental impacts. And the agencies have temporarily suspended the contested rights-of-way to further protect the environmental status quo on remand. Under these circumstances, the Court should not vacate the challenged decisions, but instead should leave these protections in place and remand without vacatur.

# ARGUMENT

## I. The Court Should Remand the Challenged Decisions to the Agencies

This case falls squarely within the recognized instances where a court should exercise its broad discretion to grant voluntary remand. "A reviewing court has inherent power to remand a matter to the administrative agency." *Loma Linda Univ. v. Schweiker*, 705 F.2d 1123, 1127 (9th Cir. 1983). Generally, an agency's request for remand is only refused if "frivolous or made in bad faith." *Cal. Cmtys. Against Toxics v. U.S. EPA*, 688 F.3d 989, 992 (9th Cir. 2012). Even if "there is some uncertainty about the issuance and timing of a new [decision]," the choice of the current administration to address reasonably identified errors, in line with its own policies, hardly constitutes frivolity or bad faith. *See Ctr. for Env't Health v. Vilsack*, No. 18-CV-01763-RS, 2022 WL 658965, at *3 (N.D. Cal. Mar. 4, 2022).

Plaintiffs initially contend that Defendants fail a "threshold" requirement because the requested remand will only "partially reconsider" some of Plaintiffs' claims. *See* Pls.' Resp. to Defs.' Mot. for Vol. Remand at 5-10, *N. Alaska Env't Ctr. v. Haaland*, No

*Alatna Village Council v. Heinlein*  
Reply in Support of Mot. for Voluntary Remand

Case No. 3:20-cv-00253-SLG  
3

Case 3:20-cv-00253-SLG   Document 132   Filed 04/05/22   Page 3 of 13

3:20-cv-187 (D. Alaska Mar. 22, 2022), ECF No. 127 (NAEC Resp.); Pls.' Resp. in Opp'n to Defs.' Mot. for Vol. Remand 15-16, ECF No. 128 (AVC Resp.). They complain that certain discrete *claims*, *challenges*, or *issues* might be not be addressed by Defendants' request, and that remand threatens to leave these "claims 'in limbo.'" NAEC Resp. 6 (quoting *Am. Waterways Operators v. Wheeler*, 427 F. Supp. 3d 95, 99 (D.D.C. 2019)); *see also* AVC Resp. 18. But these contentions misinterpret case law and misapprehend what will occur on remand.

First, an agency need not address on remand each of the discrete issues presented in litigation. Instead, the applicable requirement is that "the agency intends to take further action with respect to the *original agency decision on review*." *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017). Defendants clearly satisfy that requirement here, because they have stated their intention to revisit the challenged decisions as a matter of legal necessity. Remand will include "a renewed [ANILCA] Section 810 Evaluation and determination." Decl. of Tommy P. Beaudreau ¶ 5, ECF No. 111-1. Remand will also include "a renewed [NHPA] Section 106 process, to include revisiting whether Tribes should be included as invited signatories to a programmatic agreement." *Id.* ¶ 8. This restarting of the process will also include "meaningful and through consultation with Tribes." *Id.* ¶ 11. And, because these are important elements of the NEPA analysis, revisiting these elements will also require preparation of draft and final Supplemental Environmental Impact Statements. *Id*. All of the decisions at issue adopt findings and elements of the NEPA analysis. *See* BLM_0016720-21; NPS_0009719-22 (describing reliance upon BLM Final EIS and Section 810 Final

Evaluation); ACE_0022602 (acknowledging ongoing need to obtain or comply with federal, state or local authorization required by law). By seeking remand, Defendants are not asking to revisit only procedurally minor components, or otherwise to dodge judicial review of the decisions. They instead ask to revisit foundational elements of an integrated decisional whole, and supplanting these elements will necessitate issuance of new decisions that will be subject to review.

Plaintiffs acknowledge as much, for their characterization of Defendants' motion as seeking only a "partial" remand is belied by their arguments for vacatur. Plaintiffs suggest they are entitled to "review of the initial, challenged agency actions" and discredit Defendants' request as "a partial remand to address narrow deficiencies[.]" NAEC Resp. 9. But in arguing for vacatur they characterize Defendants' identified concerns as "serious legal errors" requiring the agencies "to engage in a substantive, supplemental analysis" that will "directly relate to an even broader set of legal problems with their Ambler Road approvals[.]" *Id*. at 19. In this manner, Plaintiffs effectively concede the broad scope of Defendants' intended analysis on remand as well as its implications for subsequent decisionmaking by the defendant agencies. *See id*.; *see also* AVC Resp. 16 (characterizing remand as "propos[ing] to address a few issues" yet later on the same page saying the "agencies' errors are 'serious' and constitute 'fundamental flaws,' making it unlikely the same decisions would be made after reconsideration").

The decisions Plaintiffs cite to suggest remand is unavailable, or otherwise improper, are all readily distinguishable. A single sentence from an unpublished Ninth Circuit panel's docketing order in *Center for Food Safety v. Wheeler*, Nos. 19-72109 &

*Alatna Village Council v. Heinlein*  
REPLY IN SUPPORT OF MOT. FOR VOLUNTARY REMAND

Case No. 3:20-cv-00253-SLG  
5

Case 3:20-cv-00253-SLG   Document 132   Filed 04/05/22   Page 5 of 13

19-72280 (9th Cir. Jan. 12, 2021), is hardly precedent. Regardless, the circumstances of that motion bear no resemblance to this motion. The petitioners in *Wheeler* challenged EPA's approval of a chemical under the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA) based on its unexamined impacts to honey bees that were neither threatened nor endangered under the Endangered Species Act (ESA). Yet EPA sought to address *only* ESA-related requirements on remand, and expressly disavowed error in, or any intention to revisit, its FIFRA approval while the chemical has remained in use. *Id*., Pet'rs' Opp'n at 9-10, *Ctr. for Food Safety v. Wheeler*, No. 19-72109 (9th Cir. Dec. 7, 2020), ECF No. 56-1. The Ninth Circuit has yet to decide the merits of EPA's requested voluntary remand in that case, which largely involves whether remand should be with or without vacatur. In contrast to *Wheeler*, Defendants in this case intend to revisit foundational elements of the challenged decision through focused attention on subsistence use and cultural resources and, more generally, through preparation of a new NEPA analysis on those topics and any others that merit supplemental analysis or explanation. And, in further contrast to *Wheeler*, Plaintiffs here cannot claim imminent or ongoing harm; the Road is not being built – only initial assessment and further study is contemplated in 2022, and Defendants have made clear their intention to "preserve the environmental status quo" during remand. Beaudreau Decl. ¶ 12.

Plaintiffs' remaining cited authority involves similarly inapposite circumstances where implementation of the disputed decision or the litigation had progressed to a point where remand was impractical or viewed by a court as verging on bad faith. Those cases involved remand that would not address the particular decisions the plaintiff challenged,

but only criteria to be applied in future decisionmaking. *Limnia, Inc.*, 857 F.3d at 387-88. Or instances where remand was sought only after the completion of briefing when the merits were squarely before the court. *Util. Solid Waste Activities Grp. v. Env't Prot. Agency*, 901 F.3d 414, 420 (D.C. Cir. 2018) (intent to reconsider disputed rule expressed "shortly before oral argument"); *Am. Waterways Operators v. Wheeler*, 507 F. Supp. 3d 47, 58 (D.D.C. 2020) (finding the best interest served by "resolv[ing] the ripe cross-motions for summary judgment" involving "hundreds of pages of briefing").[1] The case typically cited for the "bad faith" element of the standard is *Lutheran Church-Missouri Synod v. FCC.*, 141 F.3d 344 (D.C. Cir. 1998), in which the circuit court denied a "novel, last second motion to remand" based on "a post-argument 'policy statement'" that would not have bound the agency "to a result in any particular case." *Id.* at 349. Again, the present dispute bears neither factual, legal, nor procedural similarity to these cases.

Defendants have offered a reasonable explanation for the request to revisit their Ambler Road decisions. The Court should grant Defendants' motion for voluntary remand.

## II.  Vacatur of the Decisions is Not Appropriate

If it decides to grant Defendants' request for voluntary remand, then the Court

---

[1]  The court in *Pacific Coast Federation of Fishermen's Associations v. Raimondo*, Nos. 1:20-cv-00431-DAD-EPG, 1:20-cv-00426-DAD-EPG, 2022 WL 789122 (E.D. Cal. Mar. 11, 2022), recently found *American Waterways* distinguishable in granting a motion for remand, noting that "the merits issues have not been briefed" and that the proposed reconsideration in an "extraordinarily complex" matter was "not narrow[,]" making the court "particularly hesitant to expend significant amounts of time resolving merits issues that may be mooted by a subsequently-revised agency decision." *Id.* at *13.

must decide whether remand should be with or without vacatur of one or more of the challenged decisions. *See* Defs.' Mot. for Vol. Remand 11, ECF No. 111. Here, unique protections will maintain the environmental status quo during remand. Therefore, remand should be without vacatur.

Protective measures that are or will be put in place here will address the risk of environmental harm. Defendants have expressed an intent "to preserve the environmental status quo" during remand. Beaudreau Decl. ¶ 12. Defendants have since issued decisions suspending AIDEA's rights-of-way across federally-owned land, which provide that "AIDEA may not conduct any activities that rely on the authority of the [right-of-way] grant[.]" *See* BLM Decision at 2; NPS Decision at 2.[2] Moreover, the decisions themselves contain meaningful mechanisms to protect against environmental harm. In particular, the requirements of the NHPA Programmatic Agreement (PA) extend across the full length of the Ambler Road, not just those portions crossing federally owned land. BLM_0016935. The PA governs the "Pre-Construction Phase" and all other aspects of Project-related activities that "occur within the jurisdiction of a

---

2   In the *Alatna* case, the BLM Suspension Decision is ECF No. 122-1 and the NPS Suspension Decision is ECF No. 122-2. The same documents in the *NAEC* case are ECF Nos. 125-1 and 125-2, respectively. The State of Alaska asserts that the suspensions are invalid and ignore "mandated regulatory procedures[.]" *See* State of Alaska Opp'n to Defs.' Mot. for Vol. Remand 10, ECF No. 124. AIDEA, who actually holds the right-of-way permits, takes a more nuanced position and "reserves" its ability to challenge the suspensions. *See* AIDEA Qualified Resp. in Opp'n to Defs.' Mot. for Vol. Remand, 15 n.11, ECF No. 126 (AIDEA Opp'n). The legality of the suspensions is not before the Court. Nonetheless, the Suspension Decisions fall well within the Secretary's authority. *See Boesche v. Udall*, 373 U.S. 472, 476-77 (1963); *Reed v. Morton*, 480 F.2d 634, 642 (9th Cir. 1973); *Silver State Land, LLC v. Schneider*, 843 F.3d 982, 985 (D.C. Cir. 2016).

state or federal agency[.]" BLM_0016937-38.  Under the PA, no ground disturbance associated with the Project that may affect historic properties, or other types of activities that could adversely affect historic properties, may take place until after identification, evaluation, and on-site measures for resolving adverse effects have been completed for the applicable segment, stage or component of the Project.  BLM_0016939-40; BLM_0016953.  AIDEA cannot undertake any such activities until it receives written notice from the Bureau of Land Management affirming that the applicable requirements have been satisfied.  *Id*.[3]  The PA obligates BLM, the U.S. Army Corps of Engineers, the National Park Service and the State to enforce its terms.  BLM_0016938-39.

Plaintiffs' fears of interim environmental harm are speculative or based on a misunderstanding of the decisions or these protective measures.  Plaintiffs erroneously suggest that AIDEA can proceed unrestrained on nonfederal lands, or under its Clean Water Act § 404 permit.  NAEC Resp. 11-12; AVC Resp. 8 (claiming the 404 permit authorizes "dredge-and-fill activities along the entire 211-mile road corridor").  These statements ignore the aforementioned conditions of the PA.  And the 404 permit is "limited to components of the Project that would result in discharges of dredged and/or fill material into Waters of the United States (WOTUS) under the CWA and all work within navigable WOTUS under the Rivers and Harbors Act of 1899."  BLM_0016720.

---

[3]    There are detailed layers of an "alternative four step process" for obtaining these approvals that include providing plans and information for "Consulting Party" review. *See* BLM_0016943-51.  A "Consulting Party" includes any group that has "a demonstrated interest in the Undertaking" to include certain Plaintiffs and "Tribes, agencies, local governments, nonprofit organizations, and the Permittee." BLM_0016979.

*Alatna Village Council v. Heinlein*  
REPLY IN SUPPORT OF MOT. FOR VOLUNTARY REMAND

Case No. 3:20-cv-00253-SLG  
9

Plaintiffs further theorize that AIDEA's planned 2022 fieldwork will proceed on authorization from BLM or the State. AVC Resp. 8-10. In support, they rely on AIDEA's draft annual work plan, and a two-page flyer recently presented at a Resource Development Council Breakfast Meeting. *See* ECF Nos. 128-2, 128-3. But any BLM decisions on the applications would need to be consistent with the Suspension Decisions and Defendants' expressed intent to "preserve the environmental status quo" on remand. Beaudreau Decl. ¶ 12. And AIDEA has represented that it has deferred the referenced plans to conduct geotechnical drilling and otherwise "effectively cancelled" the bulk of its planned 2022 fieldwork. *See* Decl. of Jeffrey Phillip San Juan, ¶¶ 13-16, ECF No. 126-1. Plaintiffs' asserted harms, therefore, find insufficient support in the record.

The agencies' position strikes a proper balance. Under the circumstances here, the Court should remand the challenged decisions without vacatur.

### III. The Court Should Retain Jurisdiction

Defendants agree that the Court should retain jurisdiction during remand under the circumstances of these cases. However, other parties' efforts to predetermine the schedule on remand are impractical, and would invite error.

Intervenors each ask for a Court-imposed schedule consistent with the "strict time limits Congress set in ANILCA" relating to an Ambler Road. *See e.g.* AIDEA Opp'n 14 (suggesting an initial draft be published by June 1, and notification of final decisions by December 1). But ANILCA's direction to authorize an Ambler Road only addressed that portion crossing the Gates of the Arctic Preserve, and did not speak to the procedures required under NEPA, ANILCA Title VIII, or the NHPA for broader approvals. *See*

*Alatna Village Council v. Heinlein*  
REPLY IN SUPPORT OF MOT. FOR VOLUNTARY REMAND

Case No. 3:20-cv-00253-SLG  
10

Case 3:20-cv-00253-SLG    Document 132    Filed 04/05/22    Page 10 of 13

BLM_0016720-21. Moreover, even the ANILCA Title XI timelines for NEPA analysis of transportation and utility systems can be extended. *See* 43 U.S.C. § 3164(e). Defendants have outlined an inductive process to revisit foundational elements of the Ambler Road Project analysis. It would be unwise to impose strict deadlines on that effort at this time, because "[d]eadlines become a substantive constraint on what an agency can reasonably do." *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 606 (9th Cir. 2014). Defendants are "committed to undertaking the necessary consultation, analysis, and supplementation in a timely manner," Beaudreau Decl. ¶ 11, and to keeping the Court and the other parties apprised of their progress.

To harmonize these considerations, Defendants request that the Court's order: (a) provide that the Court will retain jurisdiction during remand; and (b) require that Defendants file a status report within 90 days and every 90 days thereafter. Defendants anticipate the early status reports will address the scope and timing of the additional reviews and consultation they will undertake on remand, and will predict associated milestones. Subsequent status reports would update progress toward these milestones and eventual new decisions that will modify or supplant the challenged decisions.

## **CONCLUSION**

The Court should grant Defendants' motion, remand the challenged decisions to the agencies without vacatur, retain jurisdiction while Defendants conduct new proceedings on remand, and order Defendants to submit status reports in accordance with the schedule set forth above.

Respectfully submitted this 5th day of April 2022.

>TODD KIM
>Assistant Attorney General
>United States Department of Justice
>Environment and Natural Resources Division
>
>SARAH A. BUCKLEY
>ELISABETH H. CARTER
>Trial Attorneys
>Environmental Defense Section
>P.O. Box 7611 Washington, D.C. 20044
>202-616-7554 (Buckley) || 202-305-8865 (fax)
>202-514-0286 (Carter)
>sarah.buckley@usdoj.gov
>elisabeth.carter@usdoj.gov
>
>*/s/ Paul A. Turcke*
>PAUL A. TURCKE
>Trial Attorney
>Natural Resources Section
>P.O. Box 7611 Washington, D.C. 20044
>202-353-1389 || 202-305-0506 (fax)
>paul.turcke@usdoj.gov
>
>*Attorneys for Defendants*

Of Counsel:

ELIZABETH GOBESKI
Attorney Advisor
Office of the Regional Solicitor, Alaska Region
U.S. Department of the Interior
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-4186
elizabeth.gobeski@sol.doi.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.4(a)(3), I hereby certify that this reply memorandum complies with the type-volume limitation of Local Civil Rule 7.4(a)(2),

because this reply memorandum contains 2,748 words, excluding the parts exempted by Local Civil Rule 7.4(a)(4). This memorandum has been prepared in a proportionately spaced typeface, Times New Roman 13-point font, and I obtained the word count using Microsoft Word 2016 (16.0.5290.1000) MSO (16.0.5278.1000) 32-bit.

>  */s/ Paul A. Turcke*
> Paul A. Turcke

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2022, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

> */s/ Paul A. Turcke*
> Paul A. Turcke

*Alatna Village Council v. Heinlein*     Case No. 3:20-cv-00253-SLG
REPLY IN SUPPORT OF MOT. FOR VOLUNTARY REMAND     13

Case 3:20-cv-00253-SLG   Document 132   Filed 04/05/22   Page 13 of 13