TREG R. TAYLOR
ATTORNEY GENERAL
Ronald W. Opsahl (Alaska Bar No. 2108081)
Assistant Attorney General
Brian E. Gregg (Alaska Bar No. 2107080)
Assistant Attorney General
Alaska Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
Facsimile: (907) 276-3697
Email: *ron.opsahl@alaska.gov*
       *brian.gregg@alaska.gov*

Attorneys for State of Alaska

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALATNA VILLAGE COUNCIL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS HEINLEIN, in his official capacity, et al.,<br><br>Defendants,<br><br>and<br><br>AMBLER METALS, LLC, et al.,<br><br>Intervenor-Defendants. | Case No. 3:20-cv-00253-SLG<br><br><br><br>**STATE OF ALASKA'S NOTICE OF SUPPLEMENTAL AUTHORITY PURSUANT TO L.Civ.R. 7.1(d)(1)** |

The State of Alaska files this supplemental notice of authority in support of its opposition (ECF No. 124)[1] to Defendant Department of Interior's motion for remand (ECF No. 111), drawing this Court's attention to *Louisiana v. American Rivers*, No. 21A539, slip op. (U.S. Apr. 6, 2022).

In that case, the U.S. Supreme Court stayed the district court's granting of the government's voluntary remand motion insofar as the district court vacated "the current certification rule, 40 C.F.R. Part 121." *American Rivers*, slip op. at 1. Although the government's remand motion was based on various concerns the government identified regarding the rule, the government did not request vacatur. *See In re Clean Water Act Rulemaking*, 2021 WL 4924844, at *8 (N.D. Cal. Oct. 21, 2021). Nonetheless, the district court vacated the rule. *Id.* at *10; *In re Clean Water Act Rulemaking*, 2021 WL 5792968 (N.D. Cal. Dec. 7, 2021) (denying stay of vacatur pending appeal). The Supreme Court, however, ordered that the vacatur be stayed pending appeal. Thus, the Supreme Court's ruling indicates that even if voluntary remand is appropriate, the prior agency action should remain in effect until a court issues a final decision on the merits of the appeal. *American Rivers*, slip op. at 1.

Here, as in *American Rivers*, the bases for the remand motion are vague concerns about the sufficiency of the agency's prior process. As the Supreme Court implied in *American Rivers*, the government cannot use the courts to undo prior final agency actions through voluntary remands that cite purported issues with an agency's prior action. Thus,

---

[1] *See* Alaska's Opposition Brief at 8-10 (explaining that voluntary remand is improper in this case).

State of Alaska's Notice of Supplemental Authority  3:20-cv-00253-SLG
*Alatna Village Council v. Heinlein*  Page 2 of 4
Case 3:20-cv-00253-SLG   Document 135   Filed 04/12/22   Page 2 of 4

under *American Rivers*, the government's final agency action in issuing the permits to the Alaska Industrial Development and Export Authority, and those issued permits, must stand until a new agency action undoes that action or there is a court ruling on the merits finding the permits to be invalid. Neither circumstance has occurred.[2]

DATED: April 12, 2022.

        TREG R. TAYLOR
        ATTORNEY GENERAL

By:   /s/ Ronald W. Opsahl
      Ronald W. Opsahl
      (Alaska Bar No. 2108081)
      Assistant Attorney General
      Brian E. Gregg
      (Alaska Bar No. 2107080)
      Assistant Attorney General
      Alaska Department of Law
      1031 West Fourth Avenue, Suite 200
      Anchorage, Alaska 99501
      Phone: (907) 269-5100
      Facsimile: (907) 276-3697
      Email: *ron.opsahl@alaska.gov*
            *brian.gregg@alaska.gov*

Attorneys for State of Alaska

---

[2] The permit "suspension orders" filed in the docket were not valid for the reasons specified at page 9 of Alaska's opposition.

# CERTIFICATE OF COMPLIANCE

      Pursuant to Local Civil Rule 7.4(a)(3), I hereby certify that this memorandum complies with the type-volume limitation of Local Civil Rule 7.4(a)(2), because this memorandum contains 349 words, excluding parts exempted by Local Civil Rule 7.4(a)(4). This memorandum has been prepared in proportionately spaced typeface, Times New Roman 13-point font, and I obtained the word count using Microsoft Word as installed on our computer system.

                                                            Suzanne N. Jump
                                                            Law Office Assistant I

# CERTIFICATE OF SERVICE

      I hereby certify that on April 12, 2022, I caused copies of the foregoing STATE OF ALASKA'S NOTICE OF SUPPLEMENTAL AUTHORITY to be served by electronic means on all counsel of record by using the Court's CM/ECF system.

                                                            Suzanne N. Jump
                                                           Law Office Assistant I