**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>DEBRA HAALAND, in her official capacity, *et al.*,<br><br>   Defendants.<br><br> and<br><br>AMBLER METALS, LLC, *et al.*,<br><br>   Intervenor-<br>   Defendants. | Case No. 3:20-cv-00187-SLG |
| ALATNA VILLAGE COUNCIL, *et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>STEVEN COHN, in his official capacity as BLM Alaska State Director, *et al.*,<br><br>   Defendants,<br><br> and<br><br>AMBLER METALS, LLC, *et al.*,<br><br>   Intervenor-<br>   Defendants. | Case No. 3:20-cv-00253-SLG |

## ORDER RE MOTIONS FOR RECONSIDERATION

Before the Court are Alatna Plaintiffs' and Northern Alaska Environmental Center ("NAEC") Plaintiffs' motions to reconsider the Court's May 17, 2022 remand order.[1] Federal Defendants and Intervenor-Defendants Ambler Metals LLC, NANA Regional Corporation, the State of Alaska, and Alaska Industrial Development and Export Authority ("AIDEA") oppose the motions to reconsider.[2] Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

NAEC Plaintiffs and Alatna Plaintiffs (collectively, "Plaintiffs") challenge Federal Defendants' decision to grant permits to AIDEA to construct the Ambler Road, a proposed roadway that would connect the Dalton Highway to the Ambler Mining District in the Brooks Range in Alaska.[3] They assert a broad range of claims under the Administrative Procedure Act concerning Federal Defendants' alleged failures to comply with the Alaska National Interest Lands Conservation Act ("ANILCA"), the National Historic Preservation Act ("NHPA"), the National

---

[1] *NAEC* Docket 145; *Alatna* Docket 144; *see also NAEC* Docket 143 (May 17, 2022 Order); *Alatna* Docket 142 (same).

[2] *NAEC* Docket 149; *NAEC* Docket 150; *Alatna* Docket 148; *Alatna* Docket 149.

[3] *See Alatna* Docket 111 at 6 (Mot. for Voluntary Remand).

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order re Motions for Reconsideration
Page 2 of 13

Case 3:20-cv-00253-SLG   Document 150   Filed 06/14/22   Page 2 of 13

Environmental Policy Act ("NEPA"), the Clean Water Act ("CWA"), and the Federal Land Policy and Management Act.[4]

The Ambler Road project was approved by several federal agencies: the Bureau of Land Management ("BLM"), the National Park Service ("NPS"), the Army Corps of Engineers ("the Corps"), and the U.S. Coast Guard.[5] In the course of considering AIDEA's application for the project, BLM prepared an Environmental Impact Statement ("EIS") pursuant to NEPA, BLM and NPS jointly evaluated the project's impact on subsistence uses pursuant to Section 810 of ANILCA, and BLM and NPS developed a Programmatic Agreement and Cultural Resources Management Plan ("PA") pursuant to the NHPA.[6] BLM and the Corps ultimately issued a Joint Record of Decision authorizing the Ambler Road project in July 2020, which constituted BLM's approval under NEPA and the Corps' approval under Section 404 of the CWA and Section 10 of the Rivers and Harbors Act.[7]

After Plaintiffs had submitted their merits briefing in this litigation, Federal Defendants moved for voluntary remand without vacatur in order to reconsider the

---

[4] *NAEC* Docket 45 (Second Am. Compl.); *Alatna* Docket 46 (Second Am. & Supp. Compl.).

[5] *See Alatna* Docket 111 at 6.

[6] *Alatna* Docket 111 at 9–10.

[7] *Alatna* Docket 111 at 8–9.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order re Motions for Reconsideration
Page 3 of 13

Case 3:20-cv-00253-SLG   Document 150   Filed 06/14/22   Page 3 of 13

challenged agency decisions.[8] They explained that "[a]dditional scrutiny in defending the fully briefed merits of Plaintiffs' claims" revealed deficiencies in their analysis of impacts to subsistence uses under ANILCA Section 810, their consultation with Tribes pursuant to NHPA Section 106, and the EIS analysis.[9] This Court granted voluntary remand without vacatur, in part because it found that doing so was unlikely to result in prejudice to Plaintiffs because Federal Defendants had suspended the challenged right-of-way permits and committed to preserving the environmental status quo during remand.[10] The Court retained jurisdiction over the case and ordered Federal Defendants to file 60-day status reports.[11]

## LEGAL STANDARDS

Local Civil Rule 7.3(h) provides that "[a] court will ordinarily deny a motion for reconsideration absent a showing of one of the following: (A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law."[12] The legal standard for voluntary remand without

---

[8] *NAEC* Docket 113 (Mot. for Voluntary Remand); *Alatna* Docket 111.

[9] *Alatna* Docket 111 at 2, 12–20.

[10] *NAEC* Docket 143 at 14–15.

[11] *NAEC* Docket 143 at 21.

[12] *See also County of Santa Clara v. Trump*, 267 F. Supp. 3d 1201, 1207–08 (N.D. Cal. 2017) ("[R]econsideration is appropriate 'if the district court (1) is presented with newly discovered

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order re Motions for Reconsideration
Page 4 of 13

Case 3:20-cv-00253-SLG Document 150 Filed 06/14/22 Page 4 of 13

vacatur is detailed in this Court's May 17, 2022 remand order and is not repeated here.[13]

## DISCUSSION

Plaintiffs appear to contend that reconsideration is warranted based on a "manifest error of fact,"[14] asserting that "the Court erred in finding that Plaintiffs would not be prejudiced based on Defendants' assurances that environmental harm would be prevented during the remand."[15] They maintain that "AIDEA plans to conduct a fieldwork program that includes extensive vegetation clearing along the road corridor, surveys and other studies, and geotechnical drilling at 62 locations, including at potential material sites and bridge locations."[16] Plaintiffs explain that this work is possible for several reasons. First, they assert that "approximately 150 miles of State and Native Corporation lands [are] not subject to the right-of-way suspensions."[17] Second, they note that "the suspension letters expressly allow ground-disturbing and other activities on federal lands along the

---

evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" (quoting *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993))).

[13] *See NAEC* Docket 143 at 5–7.

[14] *See* Local Civil Rule 7.3(h)(A).

[15] *NAEC* Docket 145 at 3–4.

[16] *NAEC* Docket 145 at 2–3 (citing Docket 145-2 (Ex. B)); *see also Alatna* Docket 144 at 2.

[17] *NAEC* Docket 145 at 3.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order re Motions for Reconsideration
Page 5 of 13

Case 3:20-cv-00253-SLG   Document 150   Filed 06/14/22   Page 5 of 13

road corridor to be authorized via other types of permits."[18] And third, they contend that AIDEA can still "move forward with dredge and fill activities such as earth-moving work and blasting on non-federal lands" because the Corps did not seek remand of or suspend the challenged CWA 404 permit.[19]

With regard to the Corps, Plaintiffs maintain that because only the BLM and NPS requested voluntary remand and suspended their right-of-way permits, "there is no indication the Corps intends to revisit its 404 permit or the EIS analysis it relied on to issue that permit during the remand process."[20] Thus, they contend that "the Corps has not triggered the threshold requirement for remand" and the Court should thus "proceed with briefing on Plaintiffs' CWA and related NEPA claims."[21]

Additionally, Alatna Plaintiffs "highlight the threat of irreparable harm to their cultural resources posed by the ongoing fieldwork."[22] They maintain that Defendants' assurance that the PA permitting process can be relied on to protect cultural resources was "misleading" due to the "many fundamental flaws in the PA,

---

[18] *NAEC* Docket 145 at 3.

[19] *NAEC* Docket 145 at 3.

[20] *NAEC* Docket 145 at 4.

[21] *NAEC* Docket 145 at 5.

[22] *Alatna* Docket 144 at 2.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order re Motions for Reconsideration
Page 6 of 13

Case 3:20-cv-00253-SLG   Document 150   Filed 06/14/22   Page 6 of 13

and Defendants' admission that such flaws need to be fixed before BLM makes any future decisions approving ground-disturbing work."[23] Alatna Plaintiffs point to a May 12, 2022 letter from BLM granting Plaintiffs an extension to comment on the proposed 2022–23 Fieldwork Plan, which they contend "confirm[s] [BLM] is still moving toward granting an annual PA permit for ground-disturbing activities this year."[24]

Plaintiffs seek an amended order denying remand and ordering the completion of merits briefing, or, "[a]t a minimum, . . . request that the Court reconsider and clarify that the remand order does not apply to the Corps," allowing Plaintiffs' claims against the Corps to proceed.[25] If the Court declines to proceed with merits briefing, Alatna Plaintiffs ask that the Court "suspend BLM's annual permitting process for ground-disturbing fieldwork while the government's supplemental review is carried out on remand."[26] Further, Plaintiffs request that the Court "require BLM and NPS to provide prompt notice of any applications and authorizations for activities on federal lands related to the Ambler Road" and

---

[23] *Alatna* Docket 144 at 3–4.

[24] *Alatna* Docket 144 at 4 (citing Docket 144-2 at 1 (Ex. 2)).

[25] *NAEC* Docket 145 at 4.

[26] *Alatna* Docket 144 at 2.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order re Motions for Reconsideration
Page 7 of 13

Case 3:20-cv-00253-SLG   Document 150   Filed 06/14/22   Page 7 of 13

provide "45-days' notice in advance of any ground-disturbing activities occurring pursuant to the 404 permit or other authorizations."[27]

Federal Defendants respond that reconsideration is not warranted because "Plaintiffs have not shown any manifest error, and because they have not proffered any new material fact(s) not previously available."[28] They maintain that there are sufficient protections in place to prevent environmental harm during the remand period, noting that "BLM has further advised AIDEA of the ongoing requirements of the PA, including on nonfederal lands, and that undertaking any portion of the 2022 proposed work plan without approval would constitute a violation of the PA."[29]

Federal Defendants also dispute Plaintiffs' assertion that the Corps has not committed to revisiting its 404 permit or the underlying EIS analysis. They note that "[t]he Corps' permit decision relied on and incorporated the EIS and PA for which the Department of the Interior was the lead agency" and thus maintain that "the Corps is considering what action, including suspension, may be needed with respect to the Section 404 permit," depending on the changes that BLM and NPS may make to the EIS or PA.[30] Federal Defendants also offer assurances that the

---

[27] *NAEC* Docket 145 at 6.

[28] *NAEC* Docket 149 at 3.

[29] *NAEC* Docket 149 at 4 (citing *Alatna* Docket 148-1 at 28–30 (La Marr Decl.)).

[30] *NAEC* Docket 149 at 5–6 (citing *NAEC* Docket 149-1 at 2, ¶ 5 (Lyons Decl.)).

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order re Motions for Reconsideration
Page 8 of 13

Case 3:20-cv-00253-SLG   Document 150   Filed 06/14/22   Page 8 of 13

Corps "intends to update the Court in the United States' next status report."[31] Moreover, they note that "the activities described in the '2022 Fieldwork Activities Project Description' attached to Plaintiffs' Motion are not activities covered by the [404] permit" but rather are "essentially investigatory, non-construction actions that either do not require a 404 permit because they do not involve the discharge of dredged or fill material into waters of the United States or involve minor impacts covered by a separate nationwide permit."[32]

Regarding Alatna Plaintiffs' concerns surrounding the PA, Federal Defendants assert that "BLM's ongoing process to consider whether to approve 2022 fieldwork has not materially changed since presentation of the motion for remand" and "[c]ontrary to Plaintiffs' suggestion, any change in that process has been toward greater caution and greater sensitivity to Plaintiffs' concerns."[33] They maintain that the PA, "while reflecting certain deficiencies, also offers continuing protections, including on nonfederal lands."[34]

Intervenor-Defendants agree with Federal Defendants, asserting that the Court should reject Plaintiffs' claims that they will be harmed by pre-construction

---

[31] *NAEC* Docket 149 at 5 (citing *NAEC* Docket 149-1 at 2, ¶ 5 (Lyons Decl.)).

[32] *NAEC* Docket 149 at 5 (citing *NAEC* Docket 149-1 at 2–3, ¶ 6 (Lyons Decl.)).

[33] *Alatna* Docket 148 at 4.

[34] *Alatna* Docket 148 at 4–5 (citing *Alatna* Docket 148-1 at 28–30 (La Marr Decl.)).

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order re Motions for Reconsideration
Page 9 of 13

Case 3:20-cv-00253-SLG   Document 150   Filed 06/14/22   Page 9 of 13

work that "will occur almost entirely on state or Alaska Native Corporations (ANC)-owned land[] and is very limited in scope."[35] They provide a declaration detailing AIDEA's planned work for the season, which they maintain is "limited to preconstruction activities and information collection."[36] Specifically, they indicate that the 2022 work would include the following: surveying and documenting cultural resources, collecting fish-habitat data, detecting wetlands and waters, recording invasive and sensitive species, documenting incidental wildlife information, collecting hydrologic data, performing land surveys, clearing limited brush to allow helicopter landing, and performing geophysical surveys using hand-held data collection instruments.[37] Additionally, Intervenor-Defendants indicate that AIDEA may conduct overview flights, install weather data collection devices, and "consider non-weather dependent geotechnical drilling at certain project components, should it receive the appropriate approvals."[38] They maintain that AIDEA's planned work "will not include blasting, earthwork, ice roads, gravel pads, or extensive brush clearing, and will not leave a permanent footprint."[39]

---

[35] *NAEC* Docket 150 at 2–3.

[36] *NAEC* Docket 150 at 6 (citing Docket 150-1 at 2, 4–9, ¶¶ 4, 11–13 (San Juan Decl.)).

[37] *NAEC* Docket 150 at 7 (citing Docket 150-1 at 5–9, ¶ 13 (San Juan Decl.)).

[38] *NAEC* Docket 150 at 7 (citing Docket 150-1 at 4, ¶ 11 (San Juan Decl.)).

[39] *NAEC* Docket 150 at 7 (citing Docket 150-1 at 2–3, ¶¶ 4–5 (San Juan Decl.)).

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order re Motions for Reconsideration
Page 10 of 13

Case 3:20-cv-00253-SLG   Document 150   Filed 06/14/22   Page 10 of 13

The Court finds that reconsideration of the May 17, 2022 remand order is not warranted because no manifest error of fact has been demonstrated. It appears that AIDEA's planned work for this season comprises investigatory, non-construction activities that entail only limited ground disturbance and will occur for the most part on non-federal land. While Intervenor-Defendants have indicated that AIDEA has not ruled out seeking approval for geotechnical drilling this season,[40] that work would need to be approved by BLM under the PA, and BLM has "commit[ed] to preserv[ing] the environmental status quo pending completion of the additional analysis."[41] Thus, Plaintiffs have not demonstrated that they will be unduly prejudiced by AIDEA's planned activities.

Further, the Court finds that remanding the CWA 404 permit to the Corps was warranted. The Department of the Interior's commitment to reconsidering its EIS and the PA necessarily entails a reconsideration of the 404 permit as well, given that the permit was based in part on those analyses. And while the Corps did not initially join in the motion to remand, it has since explicitly clarified that it is "assessing whether action to modify or suspend the 404 permit . . . is necessary or appropriate" and "waiting to assess any changes to the project following review

---

[40] *See NAEC* Docket 150 at 5 n.9.

[41] *Alatna* Docket 148 at 4 (quoting Docket 148-1 at 6 (La Marr Decl.)).

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order re Motions for Reconsideration
Page 11 of 13

Case 3:20-cv-00253-SLG   Document 150   Filed 06/14/22   Page 11 of 13

by the Department of Interior."[42] Moreover, Plaintiffs are unlikely to be prejudiced by the unsuspended 404 permit because AIDEA has not indicated that it is planning any dredge-and-fill activities that would be covered under that permit this season.[43] Thus, concerns over activities authorized under the 404 permit would appear to be purely speculative at this point such that Plaintiffs have not demonstrated sufficient prejudice to warrant reconsideration of this aspect of the remand order.

While the Court declines to reconsider its remand order, it will grant Plaintiffs' requests regarding notice during the remand, particularly as the Court has retained jurisdiction. BLM and NPS must: (1) provide prompt notice to Plaintiffs of any applications and authorizations for activities on federal lands related to the Ambler Road and (2) provide no less than 28 days' notice to Plaintiffs in advance of any ground-disturbing activities occurring pursuant to the 404 permit or other authorizations, except no notice is required to proceed with limited brush clearing solely to allow for helicopter landings.

---

[42] *See NAEC* Docket 149-1 at 2, ¶ 5 (Lyons Decl.).

[43] *See NAEC* Docket 149-1 at 2–3, ¶ 6 (Lyons Decl.) (stating that the proposed activities are not subject to the 404 permit because they either fall within a separate permit for activities with minimal impacts, Nationwide Permit 6, or "do not appear to be activities that would result in the discharge of dredged and/or fill material into waters of the United States"); *NAEC* Docket 145-2 at 1 (describing AIDEA's proposed fieldwork for 2022).

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order re Motions for Reconsideration
Page 12 of 13

## CONCLUSION

In light of the foregoing, Plaintiffs' motions for reconsideration at *NAEC* Docket 145 and *Alatna* Docket 144 are DENIED. However, during the remand period, Federal Defendants are ordered to provide notice of activities related to the Ambler Road project as set forth herein.

DATED this 14th day of June, 2022 at Anchorage, Alaska.

*s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order re Motions for Reconsideration
Page 13 of 13

Case 3:20-cv-00253-SLG   Document 150   Filed 06/14/22   Page 13 of 13