Kyle W. Parker, ABA No. 9212124
Sarah C. Bordelon, NV Bar 14683 (*pro hac vice*)
HOLLAND & HART LLP
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska 99501
Telephone:	(907) 865-2600
Facsimile:	(907) 865-2680
kwparker@hollandhart.com
scbordelon@hollandhart.com

*Attorneys for Alaska Industrial Development
and Export Authority*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL COUNCIL, et al.,<br><br>            Plaintiffs,<br>    v.<br>DEBRA HAALAND, in her official capacity, et al.,<br>            Defendants,<br>  and<br>AMBLER METALS, LLC, et al.<br>            Intervenor-Defendants. | No. 3:20-cv-00187-SLG |
| ALATNA VILLAGE COUNCIL, et al.,<br><br>            Plaintiffs,<br>    v.<br>STEVEN COHN, in his official capacity, et al.,<br>            Defendants,<br>  and<br>AMBLER METALS, LLC, et al.,<br>            Intervenor-Defendants. | No. 3:20-cv-00253-SLG |

**REPLY IN SUPPORT OF JOINT REQUEST FOR STATUS CONFERENCE BY
ALASKA INDUSTRIAL EXPORT AND DEVELOPMENT AUTHORITY;
STATE OF ALASKA; AND AMBLER METALS, LLC**

Intervenor-Defendants Alaska Industrial Development and Export Authority ("AIDEA"); State of Alaska; and Ambler Metals, LLC (collectively, "Intervenor-Defendants") requested that the Court schedule a status conference with the parties to address the Federal Defendants' failure to present this Court with a schedule for completing the remand activities. Intervenor-Defendants' Joint Request for Status Conference [Dkt. 187, No. 154; Dkt. 235, No. 153]. In opposing the request for status conference, the Federal Defendants are conspicuously silent on whether the upcoming status report will identify when they will *begin* the National Environmental Policy Act ("NEPA") review they sought remand to undertake. *See* Defendants' Response to Request for Status Conference ("Defendants' Response") [Dkt. 187, No. 156; Dkt. 235, No. 155]. This delay is good cause for status conference to ensure that the Federal Defendants are diligently pursuing the activities for which they sought remand.

While the Federal Defendants and *Alatna Village* Plaintiffs fault Intervenor-Defendants for filing this request prior to the upcoming status report, the imminence of the status report and the lack of any progress on the NEPA review were precisely what prompted Intervenor-Defendants' request. Notwithstanding the *Alatna Village* Plaintiffs' position that "it would be reasonable for Defendants to issue a Notice of Intent commencing the supplemental review process on or before the deadline for their second 60-day status report in mid-September" (Plaintiffs' Response to Request for Status Conference [Dkt. 253, No. 156] at 2), the Federal Defendants' lack of public actions make

INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR STATUS CONFERENCE
*Northern Alaska Environmental Center v. Haaland,* Case No. 3:20-cv-00187-SLG and *Alatna Village Council v. Cohn*, Case No. 3:20-cv-00253-SLG
Page 2 of 7

Case 3:20-cv-00253-SLG   Document 157   Filed 09/02/22   Page 2 of 7

it unlikely, in Intervenor-Defendants' opinion, that such a Notice of Intent is forthcoming. Indeed, the Federal Defendants make no indication in their opposition that it is. *See* Defendants' Response at 3-4. Moreover, the Federal Defendants have made none of the standard outreach to AIDEA, the applicant, regarding retaining and contracting for funding a contractor to prepare any supplemental NEPA analysis. *See* Declaration of Alan Weitzner (September 2, 2022), ¶ 10. Given the lack of both a contractor to prepare the supplemental Environmental Impact Statement and funding from the applicant to pay for the work, Intervenor-Defendants cannot share the *Alatna Village* Plaintiffs' belief that it is "reasonable" to expect a meaningful scheduling announcement in the September 16 status report.

Thus, Federal Defendants' suggestion that Intervenor-Defendants review the September 16 status report and *then* "determine whether to renew or revise a request for status conference" (Defendants' Response at 4) would push off these time-sensitive questions, perhaps as late as October, given the scheduling concerns raised by the *Alatna Village* Plaintiffs. Intervenor-Defendants respectfully suggest that in light of these scheduling concerns, the better course of action would be to schedule the status conference for the week of September 26, 2022 (or as soon thereafter as is convenient for the Court), and permit Intervenor-Defendants leave to withdraw the request if they determine that the Federal Defendants' status report provides evidence of progress on the remand.

INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR STATUS CONFERENCE
*Northern Alaska Environmental Center v. Haaland,* Case No. 3:20-cv-00187-SLG and *Alatna Village Council v. Cohn*, Case No. 3:20-cv-00253-SLG
Page 3 of 7

Case 3:20-cv-00253-SLG   Document 157   Filed 09/02/22   Page 3 of 7

To that point, Federal Defendants' implication that Intervenor-Defendants are not prejudiced by the slow pace of the remand because BLM belatedly approved AIDEA's *field work program* (Defendants' Response at 4) does not withstand scrutiny. As a preliminary matter, the field work is distinct from the remand. *Compare* Declaration of Deputy Secretary of the Department of the Interior [Dkt. 187, No. 113-1; Dkt. 253, No. 111-1] at ¶¶ 3, 9-11 (describing scope of remand activities), *with* Declaration of Ellen H. Lyons ("Lyons Declaration") at ¶ 6 [Dkt. 187, No. 149-1] (describing scope of proposed fieldwork activities and addressing necessary approval requirements) *and* Defendants' Response to Motion for Reconsideration at 4-5 [Dkt. 253, No. 148] (same). Thus, advancing the field work does nothing to advance the remand, and the prejudice this Court acknowledged resulting from the remand continues, notwithstanding the late-August approval of limited field work activities.

BLM's August decision does, however, provide an additional reason in support of a status conference because it further narrows the limited scope of work AIDEA can conduct during remand by indefinitely delaying the collection of information critical to road engineering. This new source of delay greatly increases the prejudice AIDEA suffers from the voluntary remand.

In the August letter BLM asserted the authority to block any geotechnical exploration – including geotechnical work on state or private land – during the course of the remand. *See* Ex. A at 4 (Letter from Timothy La Marr, BLM Field Manager, Central

INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR STATUS CONFERENCE
*Northern Alaska Environmental Center v. Haaland,* Case No. 3:20-cv-00187-SLG and *Alatna Village Council v. Cohn*, Case No. 3:20-cv-00253-SLG
Page 4 of 7

Case 3:20-cv-00253-SLG   Document 157   Filed 09/02/22   Page 4 of 7

Yukon Field Office, to Jeffrey San Juan, AIDEA Senior Infrastructure Development Finance Officer). "Geotechnical investigation is a critical item for developing the final engineering of the road." Second Declaration of Jeffrey Phillip San Juan [Dkt. 187, No. 150-1; Dkt. 253, No. 149-1] at ¶ 11.

When addressing the question of geotechnical investigations in response to the motion for reconsideration, the Federal Defendants submitted a declaration from the U.S. Corps of Engineers that described the scope of proposed fieldwork and necessary approval requirements. It discusses geotechnical work proceeding, subject to completion of 106 consultation, which implies that such work can go forward during the remand, so long as 106 consultation has been completed. *See* Lyons Declaration at ¶¶ 6-7. Now, however, BLM has announced its unprecedented determination that any geotechnical exploration (including the drilling of a small borehole from ice) "would cause substantial ground disturbance." *See* Ex. A at 4. In other words, the Federal Defendants now claim the right to prohibit this critical work – even on non-federal land – for the indefinite duration of the remand, severely prejudicing Intervenor-Defendants.

For the foregoing reasons and those outlined in the Motion for Status Conference, Intervenor-Defendants request that this Court schedule a status conference for September 26, 2022, or at its earliest convenience thereafter, to provide clarity on a realistic schedule for completing the remand activities in a "timely manner."

INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR STATUS CONFERENCE
*Northern Alaska Environmental Center v. Haaland,* Case No. 3:20-cv-00187-SLG and *Alatna Village Council v. Cohn*, Case No. 3:20-cv-00253-SLG
Page 5 of 7

Case 3:20-cv-00253-SLG   Document 157   Filed 09/02/22   Page 5 of 7

DATED at Anchorage, Alaska this 2nd day of September 2022.

**HOLLAND & HART LLP**

*/s/ Kyle W. Parker*
Kyle W. Parker, ABA No. 9212124
Sarah C. Bordelon, NV Bar 14683 (*Pro Hac Vice*)
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska 99501
Telephone: (907) 865-2600
Facsimile: (907) 865-2680
kwparker@hollandhart.com
scbordelon@hollandhart.com

*Attorneys for Alaska Industrial Development and Export Authority*

**TREG R. TAYLOR**
**ATTORNEY GENERAL**

By: */s/ Ronald W. Opsahl*
Ronald W. Opsahl
(Alaska Bar No. 2108081)
Assistant Attorney General
Alaska Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 269-5100
Facsimile: (907) 276-3697
Email: ron.opsahl@alaska.gov

*Attorney for State of Alaska*

INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR STATUS CONFERENCE
*Northern Alaska Environmental Center v. Haaland,* Case No. 3:20-cv-00187-SLG and *Alatna Village Council v. Cohn*, Case No. 3:20-cv-00253-SLG
Page 6 of 7

Case 3:20-cv-00253-SLG   Document 157   Filed 09/02/22   Page 6 of 7

PERKINS COIE LLP

By: *s/ Stacey Bosshardt*
Stacey Bosshardt (*Pro Hac Vice*)
DC Bar No. 458645
Kerensa Gimre (*Pro Hac Vice*)
DC Bar No. 1780406
SBosshardt@perkinscoie.com
KGimre@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654.6211

Eric B. Fjelstad
EFjelstad@perkinscoie.com
James N. Leik
JLeik@perkinscoie.com
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561

*Attorneys for Intervenor-Defendant Ambler Metals, LLC*

## CERTIFICATE OF SERVICE

I hereby certify on September 2, 2022, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification and electronic service of the same to all counsel of record.

/s/ Kyle W. Parker

19719910_v7

INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR STATUS CONFERENCE
*Northern Alaska Environmental Center v. Haaland,* Case No. 3:20-cv-00187-SLG and *Alatna Village Council v. Cohn*, Case No. 3:20-cv-00253-SLG
Page 7 of 7

Case 3:20-cv-00253-SLG   Document 157   Filed 09/02/22   Page 7 of 7