IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEBRA HAALAND, in her official capacity as Secretary of the Interior, *et al.*, <br><br> Defendants, <br><br> and <br><br> AMBLER METALS LLC, *et al.*, <br><br> Intervenor-Defendants. | Case No. 3:20-cv-00187-SLG |
| ALATNA VILLAGE COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN COHN, in his official capacity as Alaska State Director for the U.S. Bureau of Land Management,[1] *et al.*, <br><br> Defendants, <br> and <br><br> AMBLER METALS, LLC, *et al.*, <br><br> Intervenor-Defendants. | Case No. 3:20-cv-00253-SLG |

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the current Alaska State Director for the Bureau of Land Management ("BLM"), Steven Cohn, is automatically substituted in this matter for his predecessor, Defendant Thomas Heinlein.

## ORDER RE JOINT MOTION FOR CLARIFICATION

Before the Court are Intervenor-Defendants Alaska Industrial Development and Export Authority ("AIDEA"); NANA Regional Corporation, Inc. ("NANA"), an Alaska Native Corporation ("ANC"); Ambler Metals, LLC ("Ambler Metals"); and the State of Alaska's (the "State") (collectively, "Intervenor-Defendants") Joint Motion for Clarification[2] of the Court's Order Re Motions for Voluntary Remand and Order Re Motions for Reconsideration (the "Orders").[3] The motion seeks an order from this Court that (1) the Orders do not preclude AIDEA from conducting all ground-disturbing activities; and (2) neither the Orders, the governing statutes, nor the Programmatic Agreement ("PA") for the Ambler Access Project (the "Project") grant BLM the authority to bar AIDEA's activities on State and ANC lands.[4] An amicus brief in support of the motion was filed by Doyon, Limited ("Doyon"), an ANC.[5] Federal Defendants, Northern Alaska Environmental Center ("NAEC") Plaintiffs, and Alatna Village Council ("Alatna") Plaintiffs all oppose the motion.[6] Oral argument was not requested and was not necessary to the Court's

---

[2] *NAEC* Docket 173; *Alatna* Docket 172.

[3] *NAEC* Dockets 143, 151; *Alatna* Dockets 142, 150.

[4] *NAEC* Docket 174 at 1–2; *Alatna* Docket 172-5 at 1–2.

[5] *NAEC* Docket 177-1; *Alatna* Docket 175-1.

[6] *NAEC* Dockets 181, 183; *Alatna* Dockets 179, 183.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Ctr., et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order Re Joint Motion for Clarification
Page 2 of 11

Case 3:20-cv-00253-SLG   Document 197   Filed 05/25/23   Page 2 of 11

determination. For the reasons set forth below, Intervenor-Defendants' motion is granted in part and denied in part.

## BACKGROUND

NAEC Plaintiffs and Alatna Plaintiffs (collectively, "Plaintiffs") initiated this action, which challenges Federal Defendants' decision to grant AIDEA a right-of-way ("ROW") and other authorizations necessary for AIDEA to develop the Ambler Road, a proposed roadway in north-central Alaska that would connect the Dalton Highway to the Ambler Mining District in the Brooks Range in Alaska.[7] The proposed 211-mile road would cross approximately 51 miles of federal lands, 129 miles of State lands, and 32 miles of ANC lands.[8] Plaintiffs assert a broad range of claims under the Administrative Procedure Act concerning Federal Defendants' alleged failures to comply with the Alaska National Interest Lands Conservation Act ("ANILCA"), the National Historic Preservation Act ("NHPA"), the National Environmental Policy Act ("NEPA"), the Clean Water Act ("CWA"), and the Federal Land Policy and Management Act ("FLPMA").[9]

---

[7] *See Alatna* Docket 111 at 6–7.

[8] *See* BLM_0006660. "BLM" refers to BLM's administrative record, which is filed at *NAEC* Dockets 36, 51, 66, 75, and 82, and *Alatna* Dockets 22, 41, 65, and 76.

[9] *NAEC* Docket 45; *Alatna* Docket 46.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Ctr., et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order Re Joint Motion for Clarification
Page 3 of 11

Case 3:20-cv-00253-SLG   Document 197   Filed 05/25/23   Page 3 of 11

BLM and the U.S. Army Corps of Engineers (the "Corps") issued a Joint Record of Decision ("JROD") in July 2020, which constituted BLM's approval under NEPA and the Corps' approval under the CWA and the Rivers and Harbors Act to authorize the Project.[10] BLM and the National Park Service ("NPS") also jointly engaged in the NHPA Section 106 process, with BLM serving as the designated lead agency.[11] This resulted in "a PA and Cultural Resource Management Plan (CRMP) as an alternative process for implementing Section 106 in a phased approach."[12] BLM finalized the PA in April 2020; it was signed then by BLM, NPS, the State Historic Preservation Officer ("SHPO"), the Advisory Council on Historic Preservation ("ACHP"), AIDEA, and the Commissioner of the Alaska Department of Natural Resources; but it was not signed by Doyon or NANA.[13] The JROD also designated the Area of Potential Effects ("APE") of the Project, which it "delineated in an extensive series of maps and narrative description in the PA," establishing the geographic scope of the PA as the entire Project, including over both State and ANC lands, along with federal lands, and "including areas within 1 mile of all Project

---

[10] *Alatna* Docket 111 at 8–9; *see also* BLM_0016710 (Joint Record of Decision).

[11] *See* BLM_0006673–74 (describing BLM's NHPA Section 106 consultation efforts).

[12] *Alatna* Docket 111 at 9.

[13] *Alatna* Docket 111 at 10; Docket 179-2 at 32–45; BLM_0101270–83.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Ctr., et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order Re Joint Motion for Clarification
Page 4 of 11

Case 3:20-cv-00253-SLG   Document 197   Filed 05/25/23   Page 4 of 11

components."[14] The PA expressly provides it is "binding on AIDEA as the Permittee" and further provides that before any work on the Project can proceed anywhere in the APE, both BLM and the SHPO must approve it; NPS must also approve the work if it is to occur within its jurisdiction.[15]

Soon after Plaintiffs filed their merits briefing in this litigation, Federal Defendants moved for a voluntary remand to the agency without vacatur in February 2022.[16] They explained that "[a]dditional scrutiny in defending the fully briefed merits of Plaintiffs' claims" revealed deficiencies in their analysis of impacts to subsistence uses under ANILCA Section 810, their consultation with Tribes pursuant to NHPA Section 106, and the Environmental Impact Statement analysis.[17] On May 17, 2022, this Court granted the motion and ordered voluntary remand without vacatur in part because it found that doing so was unlikely to result in prejudice to Plaintiffs since Federal Defendants had suspended the challenged ROW permits and committed to preserving the environmental status quo over the entire length of the proposed 211-mile road during remand.[18]

---

[14] *Alatna* Docket 183 at 8; BLM_0016726, 0016984–17004.

[15] BLM_0101244-45, BLM_010250.

[16] *NAEC* Docket 113; *Alatna* Docket 111.

[17] *Alatna* Docket 111 at 2, 12–20.

[18] *NAEC* Docket 143 at 14, 18.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Ctr., et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order Re Joint Motion for Clarification
Page 5 of 11

Case 3:20-cv-00253-SLG   Document 197   Filed 05/25/23   Page 5 of 11

Previously in this litigation, Intervenor-Defendants recognized the validity of the PA and its applicability to the entire 211-mile APE. For example, in its opposition to the voluntary remand, the State asserted, "Notably, the PA would apply to cultural resource impacts resulting from all project activities, regardless of landownership, *i.e.*, the entire 200-mile corridor would be included."[19] NANA adopted a resolution in support of the JROD on February 17, 2022, in which it expressed its support for both the JROD and the PA, acknowledging the importance of the documents "to ensure protections for subsistence activities and resources are in place throughout the Project."[20] AIDEA recognized and supported the PA's application to the entire length of the proposed road, asserting that Plaintiffs would not be harmed if the matter were remanded without vacatur because Federal Defendants had already suspended the ROW grants and, in doing so, had expressly stated in each suspension that "AIDEA may not conduct any activities that rely on the authority of the ROW grant."[21] And the federal ROW grants required AIDEA to comply with the PA.[22] In Ambler Metals' response to the motion for voluntary remand, it asserted that vacatur was unnecessary on remand

---

[19] *Alatna* Docket 124 at 20–21.

[20] *Alatna* Docket 127-1 at 4.

[21] *Alatna* Docket 126 at 15 (citations omitted).

[22] *See, e.g.*, BLM_0102522.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Ctr., et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order Re Joint Motion for Clarification
Page 6 of 11

Case 3:20-cv-00253-SLG   Document 197   Filed 05/25/23   Page 6 of 11

because "the environmental, cultural, and subsistence interests upon which Plaintiffs' standing is based will not be harmed" since the ROW grants had been suspended, thus implicitly acknowledging that there would be no ground-disturbing activities over the full 211-mile route absent federal authorization of such activities while the case was on remand.[23]

Plaintiffs filed motions for reconsideration of the order granting remand without vacatur, contending that they would be prejudiced by a remand without vacatur because "on-the-ground activities in furtherance of the Ambler Road [would] move forward."[24]

In response, Federal Defendants maintained that "Plaintiffs improperly [sought] to relitigate the purported risk that [AIDEA] will proceed with ground-disturbing activity on nonfederal lands."[25] Federal Defendants added, "BLM has further advised AIDEA of the ongoing requirements of the PA, including on nonfederal lands, and that undertaking any portion of the 2022 proposed work plan without approval would constitute a violation of the PA."[26]

---

[23] *Alatna* Docket 125 at 12 (citations omitted).

[24] *NAEC* Docket 145 at 2.

[25] *NAEC* Docket 149 at 3.

[26] *NAEC* Docket 149 at 4 (citation omitted).

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Ctr., et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order Re Joint Motion for Clarification
Page 7 of 11

Case 3:20-cv-00253-SLG   Document 197   Filed 05/25/23   Page 7 of 11

For their part, Intervenor-Defendants also opposed reconsideration of the remand without vacatur.[27] In a declaration appended to the Intervenor-Defendants' joint opposition, AIDEA's Infrastructure Development Senior Finance Officer for the Project acknowledged that BLM was asserting it had the authority to withhold approval of activities over the entire length of the Project, including on nonfederal lands, while the remand was pending.[28]

On June 14, 2022, the Court denied Plaintiffs' motions for reconsideration with regard to the remand without vacatur.[29] But the Court added two notification provisions: One provision required BLM and NPS to give prompt notice to Plaintiffs regarding any applications and authorizations for activities on federal lands related to the Ambler Road; the second required 28 days' notice to Plaintiffs in advance of any ground-disturbing activities "occurring pursuant to the [CWA] 404 permit or other authorizations, except no notice is required to proceed with limited brush clearing solely to allow for helicopter landings."[30]

---

[27] *NAEC* Docket 150 at 2.

[28] *See NAEC* Docket 150-1 at 3, ¶ 9 ("To the extent that there is a dispute between BLM and the relevant surface owner regarding authorization for AIDEA to conduct a given activity, AIDEA is working with the parties to resolve the dispute and obtain appropriate authorization to conduct the activity in question."); *see also NAEC* Docket 150 at 6 ("The 2022 field work for the most part will not be ground-disturbing, and will proceed only if AIDEA receives written permit approval from each of the appropriate authorities and landowners." (citation omitted)).

[29] *NAEC* Docket 151; *Alatna* Docket 150.

[30] *NAEC* Docket 151 at 12; *Alatna* Docket 150 at 12.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Ctr., et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order Re Joint Motion for Clarification
Page 8 of 11

Case 3:20-cv-00253-SLG   Document 197   Filed 05/25/23   Page 8 of 11

On January 19, 2023, Intervenor-Defendants filed the instant motions for clarification, requesting the Court issue an order stating that (1) the Court's prior Orders do not preclude AIDEA from conducting all ground-disturbing activities; and (2) neither the Court's prior Orders, the governing statutes, nor the PA grant BLM the authority to bar activities on State and ANC lands.[31]

## LEGAL STANDARD

While there is no specific Federal Rule of Civil Procedure governing motions for clarification, such motions have been made and, when appropriate, granted. "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend."[32] Motions for clarification are appropriate when parties "are uncertain about the scope of a ruling" or when the ruling is "reasonably susceptible to differing interpretations."[33]

## DISCUSSION

The Court clarifies its Order Re Motions for Reconsideration to specify that the second notice provision regarding ground-disturbing activities extends to the

---

[31] *NAEC* Docket 174 at 1–2.

[32] *United States v. All Assets Held at Bank Julius, Baer & Co.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018) (citation omitted).

[33] *Id.* at 99–100 (citations omitted).

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Ctr., et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order Re Joint Motion for Clarification
Page 9 of 11

Case 3:20-cv-00253-SLG   Document 197   Filed 05/25/23   Page 9 of 11

entire APE.[34] This is because the PA applies to the entire 211-mile Project area, including AIDEA's activities on State and ANC lands. The Court also makes clear the Orders themselves do not preclude AIDEA from conducting ground-breaking activities in the APE. To the extent Intervenor-Defendants' motion seeks relief far broader than a motion to clarify—to restrict the scope of the PA to federal lands only—the Court will not consider such a request in a motion to clarify.

Because the Court granted Federal Defendants' motion for voluntary remand without vacatur, all of the challenged agency decisions remain in place. This includes the PA. The PA unambiguously extends to the entire proposed Ambler Road and "areas within 1 mile of all Project components."[35] While the PA does not bind Doyon or NANA because they are not signatories to that agreement, it does bind AIDEA as a signatory, including with respect to AIDEA's activities on both the State's lands and the ANCs' lands.[36]

A challenge to the scope of the PA is not properly brought through a motion for clarification. The PA itself provides the means to resolve disputes, make

---

[34] See NAEC Docket 151; Alatna Docket 150.

[35] See BLM_0016726.

[36] The Court notes Doyon's concerns that requirements in the PA limit AIDEA's field work activities on ANC lands. NAEC Docket 177-1 at 4–7. The PA does restrict AIDEA's activities along the planned road corridor, including through ANC lands. It does not otherwise restrict the ANCs' use of their lands.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Ctr., et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order Re Joint Motion for Clarification
Page 10 of 11

amendments or addenda, or terminate the agreement.[37]  Intervenor-Defendants might also bring a legal challenge to the scope of the PA, but not in the guise of a motion for clarification of the Court's prior Orders.

## CONCLUSION

In light of the foregoing, Intervenor-Defendants' Joint Motion for Clarification at *NAEC* Docket 173 and *Alatna* Docket 172 is GRANTED insofar as the Court clarifies the Orders as follows:  (1) The Orders themselves do not preclude AIDEA from conducting ground-breaking activities; and (2) the 28-day advance notice requirement for ground-breaking activities set forth in the Order Re Motions for Reconsideration extends to the entire 211-mile APE.  The motion is otherwise DENIED.

DATED this 25th day of May, 2023 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[37] BLM_0016961–62.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Ctr., et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Cohn, et al.*
Order Re Joint Motion for Clarification
Page 11 of 11

Case 3:20-cv-00253-SLG   Document 197   Filed 05/25/23   Page 11 of 11