James H. Lister, ABA #1611111
Brian V. Gerd, ABA #1810097
David K. Gross, ABA # 9611065
Birch Horton Bittner & Cherot
1150 Connecticut Avenue, NW, Suite 350
Washington, DC 20036-4142
jlister@bhb.com
bgerd@bhb.com
dgross@bhb.com
Telephone: 202.862-8368
Facsimile: 202.659-1027

Attorneys for Defendant-Intervenor AIDEA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.,* <br><br> Plaintiffs, <br><br> v. <br><br> DOUG BURGUM, in his official capacity as Secretary of the Interior, *et al.,* <br><br> Defendants, | Case No. 3:20-cv-00187-SLG |
| ALATNA VILLAGE COUNCIL, *et al.,* <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN PENDERGAST, in his official capacity as Alaska State Director for the U.S. Bureau of Land Management, *et al.,* <br><br> Defendants, | Case No. 3:20-cv-00253-SLG |

**DEFENDANT-INTERVENOR AIDEA'S MOTION TO TERMINATE RETENTION OF JURISDICTION**

NAEC V. BURGUM; ALATNA VILLAGE COUNCIL V. BURGUM  3:20-CV-00187-SLG, 3:30-CV-00253-SLG
MOTION TO TERMINATE RETENTION OF JURISDICTION  PAGE 1

IMANAGE\503357\282\2007162.v4-11/21/25

Case 3:20-cv-00253-SLG   Document 235   Filed 11/21/25   Page 1 of 11

When this Court entered its decision remanding this case to the Federal Agency Defendants on May 17, 2022, so that the agencies could reconsider their 2020 decisions to grant approval for the Ambler Road Project, it also granted the parties joint request that it "should retain jurisdiction <u>during</u> the pendency of the reconsideration."[1] With the issuance of President Trump's October, 2025 Decision approving the Ambler Road, those reconsideration proceedings are now indisputably over, and so the retention of jurisdiction ordered in 2022 has come to its natural end. Defendant-Intervenor and project proponent Alaska Industrial Development and Export Authority ("AIDEA") therefore respectfully moves for an order terminating the retention of jurisdiction, and directing the Clerk to close these cases.

AIDEA has ascertained the position of the parties on this motion. Federal Agency Defendants state "Defendants do not oppose dismissal of these cases because the challenged agency actions have been superseded by the Decision of the President and Statement of Reasons, 90 Fed. Reg. 48,167 (Oct. 6, 2025)." Defendant-Intervenor State of Alaska joins this motion. Defendant-Intervenor Ambler Metals supports this motion. Defendant-Intervenor NANA did not immediately take a position on this motion, and may provide a submission. All Plaintiffs oppose this motion.

---

[1] NAEC Case DE 143 at 21 (No. 3:20-cv-00187-SLG) (emphasis added). All Orders cited in this Motion were also entered in the companion Alatna Case (No. 3:20-cv-00253-SLG). This Motion is addressed to both cases, which have been administered together.

NAEC V. BURGUM; ALATNA VILLAGE COUNCIL V. BURGUM  3:20-CV-00187-SLG, 3:30-CV-00253-SLG
MOTION TO TERMINATE RETENTION OF JURISDICTION                                    PAGE 2

Case 3:20-cv-00253-SLG   Document 235   Filed 11/21/25   Page 2 of 11

## I. The Court Retained Jurisdiction Only "During" the Remand Proceedings.

In 2020, the Federal Agency Defendants issued a Record of Decision ("2020 ROD") and granted AIDEA various permits needed for the Ambler Road project ("2020 Permits"). Plaintiffs who oppose the Ambler Road Project then filed these two lawsuits seeking judicial review of the 2020 ROD and 2020 Permits. After the Biden Administration took office in January, 2021, the Federal Agency Defendants suspended the permits and moved for a voluntary remand of the 2020 ROD and 2020 Permits, without vacatur, to allow them to reconsider those actions.[2]

In May, 2022, the Court granted the motion for voluntary remand without vacatur, and in the same decision addressed whether it should retain jurisdiction during the remand.[3] The Plaintiffs requested retention of jurisdiction and the filing of status reports by the Federal Agency Defendants, as an assurance that the Federal Agency Defendants would diligently complete their reconsideration of permits that the Court declined to vacate.[4] AIDEA and other Defendant-Intervenors supporting the Project also supported retention of jurisdiction and the filing of status reports, as an assurance that Federal Agency Defendants

---

[2] *Id.* at 4-5. The suspension and subsequent termination of the Bureau of Land Management (BLM) right-of-way permit and the suspension of the National Park Service (NPS) permit paused the Project. The U.S. Army Corps of Engineers Section 404 permit was later suspended.

[3] NAEC Case, DE 143 at 19-22.

[4] *See id.* at 19.

NAEC V. BURGUM; ALATNA VILLAGE COUNCIL V. BURGUM  3:20-CV-00187-SLG, 3:30-CV-00253-SLG
MOTION TO TERMINATE RETENTION OF JURISDICTION  PAGE 3

Case 3:20-cv-00253-SLG    Document 235    Filed 11/21/25    Page 3 of 11

would not prolong their reconsideration proceedings, during which time AIDEA's permits were suspended.[5] The Federal Agency Defendants agreed to retention of jurisdiction and filing status reports.[6]

In response, the Court noted that retention of jurisdiction over court-ordered agency remand proceedings was "typically reserved" for situations not before the Court, specifically cases where the federal agencies had engaged in unreasonable delays or had failed to comply with court orders.[7] Nevertheless, the Court determined to retain jurisdiction and require the filing of status reports, based on the "agree[ment]" of the parties, but only "<u>during</u> the pendency of the reconsideration" proceedings on remand: "Given that all parties agree that the Court should retain jurisdiction <u>during the pendency of the reconsideration</u>, the Court will exercise its discretion and do so here."[8] The Court directed status reports be filed every 60 days, providing a means to check on the progress of Federal Agency Defendants in completing work under the remand without vacatur.[9]

Plaintiffs then moved the Court for reconsideration, expressing concerns about the possibility of pre-construction activities occurring during the remand proceedings. In response the Court generally denied them relief but ordered the Federal Agency Defendants

---

[5] *See id*. at 20.

[6] *Id*. at 21.

[7] *Id.* at 21, n. 90 (citing *Baystate Med. Center v. Leavitt*, 587 F.Supp.2d 37, 41 (D.D.C. 2008)).

[8] *Id*. at 21 (emphasis added).

[9] *Id.*

NAEC V. BURGUM; ALATNA VILLAGE COUNCIL V. BURGUM     3:20-CV-00187-SLG, 3:30-CV-00253-SLG
MOTION TO TERMINATE RETENTION OF JURISDICTION     PAGE 4

Case 3:20-cv-00253-SLG     Document 235     Filed 11/21/25     Page 4 of 11

to give Plaintiffs notice if certain events happened, but only "<u>during the remand</u>."[10]  This time limitation reinforced that the Court was retaining jurisdiction only during the remand.

II.  The Completion of Remand Proceedings Ended the Retention of Jurisdiction.

In June, 2024, the Federal Agency Defendants reached their decision on remand. After issuing a Supplemental Environmental Impact Statement, they issued a new Record of Decision revoking the suspended 2020 Ambler Road permits ("2024 ROD").[11]  AIDEA then appealed those 2024 agency-level actions to the President under ANILCA § 1106.[12]  The President issued a decision on October 6, 2025 ("President's Decision") granting AIDEA's appeal and directing Federal agencies to re-issue permits for the Ambler Road by November 5, 2025.[13]  The President directed that the terms of the permits run from the date of re-issuance.[14]  The agencies then completed the work of issuing new permits before the

---

[10]  DE 151 at 12-13 (NAEC case, emphasis added).

[11]  Defendants' Thirteenth Status Report, p. 2 (DE 208, NAEC case) (attaching 2024 ROD, which at page 2 revokes the BLM permit).  Also, in September 2024, they suspended the Clean Water Act permit.  *Defendants' Fourteenth Status Report,* p. 2 (DE 210).

[12]  16 U.S.C. § 3166(a)(2)-(a)(4).

[13]  Plaintiffs' Notice of Decision of the President at 2, NAEC Case DE 228.

[14]  Decision of the President and Statement of Reasons at 23-25, DE 228-1, also available at 90 Fed.Reg. 48168, 48190-92 (Oct. 8, 2025). Between October 19, 2025 and November 5, 2025, AIDEA received (1) BLM Permit F-7112/AKAK106233530, for a right-of-way over BLM lands; (2) NPS permit GAAR 25-0001 for a right-of-way over NPS lands; and (3) modification and re-issuance as of October 22, 2025 of Army Corps of Engineers Clean Water Act and Rivers & Harbors Act Permit No. POA-2013-00396-M1.  The permit commencement dates run from 2025, not 2020, so each permit will have a full term.   This completed the re-issuance of Ambler Road permits. The President also determined that no further Coast Guard approvals were required.  90 Fed.Reg at 48192.

NAEC V. BURGUM; ALATNA VILLAGE COUNCIL V. BURGUM   3:20-CV-00187-SLG, 3:30-CV-00253-SLG
MOTION TO TERMINATE RETENTION OF JURISDICTION   PAGE 5

Case 3:20-cv-00253-SLG   Document 235   Filed 11/21/25   Page 5 of 11

November 5, 2025 deadline. The President's Decision is the last Executive Branch decision-making step.[15]

Thus, the remand ordered by the Court in May, 2022 is now indisputably over, so the retention of jurisdiction has come to its natural end. As the remand proceedings are over, there is also no further need for status reports to verify progress in conducting them.

    III.    <u>Plaintiffs Lack Cause to Extend the Retention of Jurisdiction Past the End of the Proceedings on Remand.</u>

Notably, there is no suggestion in any of the Court's Orders in these cases that the retention of jurisdiction would extend past the completion of the remand.[16] To the contrary, the Court retained limited jurisdiction only "during" the remand, and only because of the "agree[ment]" of the parties to do so.[17] Because the remand is now complete, the retention of jurisdiction has thus ended by operation of the terms of the May, 2022 Remand Order. Moreover, there is no agreement to extend the retention of jurisdiction past that end point.[18]

    The terms of the retention of jurisdiction in this case fall squarely within a series of decisions in which this District has retained jurisdiction to require the agency to file

---

[15]    16 U.S.C. § 3166(a)(3).

[16]    *See* NAEC Case DE 143 at 21; NAEC Case DE 151 at 12.

[17]    NAEC Case DE 143 at 21 and n. 90.

[18]    A Court which makes a discretionary decision to retain jurisdiction when issuing a dispositive order, as occurred here when the Court granted the Federal Agency Defendant's motion for voluntary remand, DE 143 at 21 and n. 90 (NAEC Case), has corresponding authority to later terminate that retention of jurisdiction. *See Arata v. Nu Skin Intern., Inc.*, 96 F.3d 1265, 1269 (9th Cir. 1996); *Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001) (noting motion to terminate retention of jurisdiction may be filed).

NAEC V. BURGUM; ALATNA VILLAGE COUNCIL V. BURGUM      3:20-CV-00187-SLG, 3:30-CV-00253-SLG
MOTION TO TERMINATE RETENTION OF JURISDICTION      PAGE 6

Case 3:20-cv-00253-SLG     Document 235     Filed 11/21/25     Page 6 of 11

status reports on its progress in carrying out a remand without vacatur.[19] Without judicial retention of jurisdiction and the filing of status reports to show agency progress in conducting the remand, remand without vacatur can leave the agency with little incentive to timely complete the remand. The retention of jurisdiction is thus to facilitate enforcement of the order requiring the agency to timely make a decision on remand, not to hold the case open for judicial review of the future agency decision on remand. When this District has instead retained jurisdiction for the different purpose of facilitating judicial review of the future agency decision on remand, it has clearly articulated that purpose.[20]

Additionally, the 2020 ROD challenged in this lawsuit has now been twice superseded, first by the 2024 ROD, and then by the President's Decision. President Trump in his October 6, 2025 Decision determined: "On balance, I find that the public would

---

[19] *Compare* DE 143 at 21-22 (NAEC case) *with Cook Inletkeeper v. U.S. Dept. of Interior*, 740 F.Supp.3d 767, 796 (D. Alaska 2024) ("The court … retains jurisdiction during the pendency of the supplemental EIS process and directs [the filing of periodic] status report[s] … until the supplemental NEPA review is complete …."); *Orutsararmuit Native Council v. U.S. Army Corps of Engineers*, 2025 WL 1654878, *5 (D. Alaska, 2025) (similar); *United Cook Inlet Drift Assoc. v. National Marine Fisheries Service*, 2021 WL 5410890, *1 (D. Alaska, 2021) (jurisdiction retained "only to oversee compliance with the terms of" a judgment requiring a timely remand decision).

[20] *See, e.g., State of Alaska v. U.S. Dept. of Interior,* 2023 WL 2424270, *10 (D. Alaska, 2023) ("This matter is REMANDED to the IBLA for analysis of the 1951 Maps and reconsideration …. This Court will retain jurisdiction during the pendency of the remand. …. If the State seeks to proceed with its administrative appeal in this Court after reviewing the IBLA's decision on remand, the parties shall … file a proposed scheduling order …."); *Southeast Alaska Conservation Council v. Watson,* 526 F.Supp. 202, 209 (D. Alaska 1981) ("[T]his cause is remanded to the United States Forest Service for further consideration …. the court retains jurisdiction in this cause to review the Forest Service's reconsideration of its approval of the 1980-83 U. S. Borax amendments.")

NAEC V. BURGUM; ALATNA VILLAGE COUNCIL V. BURGUM　　　3:20-CV-00187-SLG, 3:30-CV-00253-SLG
MOTION TO TERMINATE RETENTION OF JURISDICTION　　　PAGE 7

Case 3:20-cv-00253-SLG   Document 235   Filed 11/21/25   Page 7 of 11

benefit from the Road."[21] No such Presidential determination or decision existed when Plaintiffs filed these lawsuits in 2020. The President's Decision also analyzed the 2024 ROD and the new Supplemental EIS published in April, 2024 on which the 2024 ROD was based, none of which existed when Plaintiffs filed these lawsuits.[22]

Plaintiffs may desire to extend the retention of jurisdiction to allow for judicial review of new Executive Branch action in these old lawsuits. However, the District's caselaw does not support Plaintiffs. Following completion of a similar remand without vacatur in which the Court retained jurisdiction during the remand "only to oversee compliance" with a judgment requiring the agency make a timely decision on remand, Chief Judge Burgess in *United Cook Inlet Drift Assoc.* ordered the case file closed and that the plaintiffs bring any challenge they have to the new agency action by a new lawsuit.[23]

Based on an analysis of the terms of the original retention of jurisdiction order and a judicial efficiency analysis, Judge Burgess concluded that the plaintiffs had not carried their burden to justify filing a supplemental complaint under Fed.R.Civ.P. 15(d) alleging new facts (the new agency decision on remand) that did not yet exist when the judicial review lawsuit was filed.[24] He observed that keeping the same judicial review case open

---

[21] President's Decision at 19, 90 Fed.Reg. at 48186.

[22] See President's Decision at 1-2, 7-17, 90 Fed.Reg. at 48168-69, and 48174-84.

[23] *United Cook Inlet Drift Assoc. v. National Marine Fisheries Service*, 2021 WL 5410890, *1, 3-4 (D. Alaska Nov. 18, 2021)

[24] *Id*., 2021 WL 5410890, *4 ("Judicial efficiency would be better served by confining this case to its current scope, leaving Plaintiffs' challenge to [the agency action on remand] for a new, separate case.").

NAEC V. BURGUM; ALATNA VILLAGE COUNCIL V. BURGUM  3:20-CV-00187-SLG, 3:30-CV-00253-SLG
MOTION TO TERMINATE RETENTION OF JURISDICTION  PAGE 8

Case 3:20-cv-00253-SLG   Document 235   Filed 11/21/25   Page 8 of 11

through a series of agency decisions could result in the court overstepping its proper role of reviewing particular agency actions, and becoming an "exclusive arbiter of the general subject matter."[25] The subsequent factual and legal developments called for a new case.

The present circumstance are equivalent to the situation Judge Burgess addressed.

Additionally, the new Executive Branch decision here is a Presidential decision issued under a statutory authority, ANILCA § 1106(a)(2), that was not utilized in the 2020 ROD. While the superseded 2020 actions challenged in these 2020 lawsuits were "agency" actions, and thus Plaintiffs asserted subject to judicial review under the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA"), the October, 2025 President's Decision is not subject to APA judicial review, because it is well-settled that the President is not an "agency," and so his actions are not subject to APA review.[26] In addition to the President not being an agency subject to APA judicial review, ANILCA imposes a specific decision-making regime in which a special right of judicial review is statutorily conferred when the President <u>denies</u> approval of a road or other Transportation and Utility System ("TUS"), such as the Ambler Road, but is conspicuously <u>not</u> conferred when the President <u>grants</u>

---

[25] *Id.* (to allow "Plaintiffs to file a supplemental complaint … risks turning this case into one where we allow litigants to perpetually file supplemental or amended complaints, making this Court the exclusive arbiter of the general subject matter.") (quote omitted).

[26] *Dalton v. Specter*, 511 U.S. 462, 470 (1994) ("The actions of the President … are not reviewable under the APA because ... the President is not an 'agency,'"); *Franklin v. Massachusetts,* 505 U.S. 788, 800–01 (1992) (President's actions in determining congressional apportionment based on census data are not reviewable under the Administrative Procedure Act (APA) because the President is not considered an "agency" under the APA).

NAEC V. BURGUM; ALATNA VILLAGE COUNCIL V. BURGUM     3:20-CV-00187-SLG, 3:30-CV-00253-SLG
MOTION TO TERMINATE RETENTION OF JURISDICTION     PAGE 9

Case 3:20-cv-00253-SLG    Document 235    Filed 11/21/25    Page 9 of 11

such approval, as he has just done.[27] These fundamental changes in statutory structure and issues between the structure and issues that applied when Plaintiffs five years ago filed their challenges to 2020 agency-level actions, and the structure and issues that would apply to and be involved in any strained attempt by the Plaintiffs to challenge the October, 2025 President's Decision, make this case an even clearer case than *United Cook Inlet Drift Assoc., supra,* for requiring a new lawsuit for any challenge to the new Executive action.

IV. Conclusion

For the forgoing reasons, the Court should enter an order terminating its retention of jurisdiction over these inactive cases and direct the Clerk to mark the cases as closed.

DATED this 21st day of November, 2025.

                              BIRCH HORTON BITTNER & CHEROT

                              Attorneys for Defendant-Intervenor
                              Alaska Industrial Development and Export Authority

                              By: /s/ *James H. Lister*
                                    James H. Lister, ABA #1611111
                                    Brian V. Gerd, ABA #1810097

---

[27] *Compare* 16 U.S.C. § 3166(a)(3) (directing all federal agencies to immediately issue permits if the President resolves an appeal by deciding to approve a Transportation and Utility System or "TUS") and (a)(4) (authorizing Applicant to appeal if President rejects a TUS). Congress's decision to authorize only some types of appeals of Executive Branch decisions concerning TUSs reflects its decision to enact in ANILCA Title XI "a single comprehensive statutory authority for the approval or disapproval of applications for [TUSs] …." 16 U.S.C. § 3161(c). Title XI's unique procedures apply "if any portion of the route of the system will be within any conservation system unit," and apply here because a part of the road crosses Gates of the Arctic National Preserve. § 3162(4)(A).

NAEC V. BURGUM; ALATNA VILLAGE COUNCIL V. BURGUM        3:20-CV-00187-SLG, 3:30-CV-00253-SLG
MOTION TO TERMINATE RETENTION OF JURISDICTION                                      PAGE 10

Case 3:20-cv-00253-SLG    Document 235    Filed 11/21/25    Page 10 of 11

## CERTIFICATE OF SERVICE

    I hereby certify that on November 21, 2025 a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

                                         /s/ *James H. Lister*
                                         James H. Lister

NAEC V. BURGUM; ALATNA VILLAGE COUNCIL V. BURGUM     3:20-CV-00187-SLG, 3:30-CV-00253-SLG
MOTION TO TERMINATE RETENTION OF JURISDICTION     PAGE 11

Case 3:20-cv-00253-SLG     Document 235     Filed 11/21/25     Page 11 of 11