Nathaniel Amdur-Clark
tanner@sonosky.net
Whitney A. Leonard
whitney@sonosky.net
Sonosky, Chambers, Sachse,
Miller & Monkman
510 L Street, Suite 310
Anchorage, Alaska 99501
Telephone: (907) 258-6377
Facsimile: (907) 272-8332

*Counsel for Plaintiffs Alatna Tribal Council,*
  *Evansville Tribal Council, Tanana Tribal Council,*
  *and Tanana Chiefs Conference*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ALATNA VILLAGE COUNCIL, et al., <br><br> Plaintiff, <br><br> v. <br><br> KEVIN PENDERGAST, in his official capacity, et al., <br><br> Defendants, <br><br> and <br><br> AMBLER METALS, LLC, et al., <br><br> Intervenor-Defendants. | Case No. 3:20-cv-00253-SLG |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME
AND TO SET CASE MANAGEMENT SCHEDULE**

Plaintiffs Alatna Tribal Council, Evansville Tribal Council, Tanana Tribal Council,

and Tanana Chiefs Conference (collectively, "Tribal Plaintiffs") join in and adopt the

arguments set out in the Plaintiffs' Reply in Support of Motion for Extension of Time and

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME  Page 1 of 5
*Alatna Village Council et al. v. Heinlein et al.*, Case No. 3:20-cv-00253-SLG

Case 3:20-cv-00253-SLG   Document 244   Filed 12/12/25   Page 1 of 5

to Set Case Management Schedule filed by the plaintiffs in *Northern Alaska Environmental Center v. Burgum*, Dkt. 239, 3:20-cv-00187-SLG ("NAEC Reply"). As described in the NAEC Reply and below, the requested extension is reasonable under the circumstances, and the defendants have identified no specific prejudice that would be caused by the plaintiffs' requested timeline.

The "litigation delay" that AIDEA complains of, *see* AIDEA's Response to Motion for Extension of Time at 8-9, Dkt. 241 ("AIDEA Opp."), was primarily the result of this Court's determination that the federal agencies' original decisions were unlawful, and the agencies' subsequent reconsideration of those decisions.[1] It has no bearing on whether a few extra weeks will inflict any harm on AIDEA now—and AIDEA has not shown any such harm. The notice requirement discussed by AIDEA cannot possibly be construed as a significant burden. Nor does the extension of time requested by the plaintiffs impact the overall litigation timeline, as AIDEA acknowledges the plaintiffs could file a new lawsuit, which would almost certainly take *more* time than proceeding within the existing lawsuit. *See* NAEC Reply at 3-4.

Moreover, the plaintiffs have shown that it is reasonable for the Court to allow until January 22 for the plaintiffs to file any potential motion to supplement. As all parties acknowledge, the plaintiffs would have substantially longer to file claims against the defendants if they brought a separate lawsuit challenging the recent approvals; the plaintiffs

---

[1] The time period of the initial litigation and remand cannot be considered prejudicial to the defendants, as AIDEA had no right to proceed under unlawful approvals.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME  Page 2 of 5
*Alatna Village Council et al. v. Heinlein et al.*, Case No. 3:20-cv-00253-SLG

Case 3:20-cv-00253-SLG   Document 244   Filed 12/12/25   Page 2 of 5

have proposed the January 22 date in an effort to continue moving the litigation forward expeditiously. *See, e.g.*, AIDEA Opp. at 7 (stating that plaintiffs "can file new lawsuits on a date they choose"). AIDEA's suggestion that the plaintiffs should have begun preparing a challenge to the agencies' implementing actions *before they occurred*, AIDEA Opp. at 6, makes no sense. By any standard, a motion to supplement the complaint filed by January 22, 2026 would be a timely challenge to the disputed actions.

To the extent that AIDEA believes separate briefing on its Motion to Terminate Jurisdiction would duplicate the arguments made in plaintiffs' potential motions to supplement their complaints, *see* AIDEA Opp. at 8 n.11, there is nothing to be gained by forcing the Court to prematurely address whether the dispute at issue in this litigation remains active (as AIDEA requests) before the Court has had a chance to review the plaintiffs' motions to supplement. AIDEA does not appear to contest the plaintiffs' request that the Court set a deadline to file motions to supplement their complaints by January 22.[2] In this context, if the Court is concerned about duplication of arguments or is seeking a more streamlined briefing process, an appropriate remedy might be to direct each set of plaintiffs to consolidate its motion to supplement the complaint with its opposition to

---

[2] Similarly, AIDEA does not appear to dispute that the Court should abstain from ruling on AIDEA's motion until after it has received the plaintiffs' motions to supplement. *See* AIDEA Opp. at 8 (discussing plaintiffs' alternative requests for relief). AIDEA's proposed timeline—forcing the plaintiffs to respond to AIDEA's motion before filing a motion to supplement—would simply reverse the order of the briefing on these two motions but would have no impact on AIDEA's alleged concerns regarding duplication.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME     Page 3 of 5
*Alatna Village Council et al. v. Heinlein et al.*, Case No. 3:20-cv-00253-SLG

Case 3:20-cv-00253-SLG     Document 244     Filed 12/12/25     Page 3 of 5

AIDEA's Motion to Terminate Jurisdiction, and set January 22 as the deadline for both events.

For these reasons and the reasons set out in the NAEC Reply, the Court should grant in full the requested extension and adopt the schedule set out in the Tribal Plaintiffs Joinder in Motion for Extension and To Set Case Management Schedule, Dkt. 239. In the alternative, Tribal Plaintiffs respectfully request that the Court extend the Tribal Plaintiffs' deadline to respond to AIDEA's Motion to Terminate Jurisdiction to January 22, concurrent with any motion to supplement the complaint. At a minimum, Tribal Plaintiffs request that the Court extend the Tribal Plaintiffs' deadline to respond to AIDEA's motion to December 22, consistent with the consents set out in AIDEA's and Ambler Metals' responses to the plaintiffs' extension motions.[3] *See* AIDEA Opp. at 2; Opposition of Ambler Metals LLC [to] Plaintiffs Motion for Extension of Time at 2, Dkt. 242.

Respectfully submitted this 12th day of December 2025.

SONOSKY, CHAMBERS, SACHSE
MILLER & MONKMAN, LLP

By: */s/ Whitney A. Leonard*
Whitney A. Leonard
Alaska Bar No. 1711064
Nathaniel Amdur-Clark
Alaska Bar No. 1411111

---

[3] AIDEA, the State of Alaska, and Ambler Metals have indicated that they do not oppose a 30-day extension to December 21, 2025. Because December 21 falls on a Sunday, if the Court adopts this approach the Tribal Plaintiffs request that the Court set the deadline for December 22.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME                               Page 4 of 5
*Alatna Village Council et al. v. Heinlein et al.*, Case No. 3:20-cv-00253-SLG

Case 3:20-cv-00253-SLG    Document 244    Filed 12/12/25    Page 4 of 5

**Certificate of Service**

I certify that on December 12, 2025, a copy of the foregoing document was served via ECF on all counsel of record.

By: /s/ Whitney A. Leonard
    Whitney A. Leonard

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME    Page 5 of 5
*Alatna Village Council et al. v. Heinlein et al.*, Case No. 3:20-cv-00253-SLG

Case 3:20-cv-00253-SLG    Document 244    Filed 12/12/25    Page 5 of 5